GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California;
Robert Douglas; Richard Lopez;
and William Shaffer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMIR SHERVIN,

    Plaintiff,

v.

CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
WILLIAM SHAFFER; and DOES 1 to
100, inclusive,

    Defendants.

CASE NO. 1631 VRW

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)
(FEDERAL QUESTION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants City of Newark, California; Robert Douglas; Richard Lopez; and William Shaffer (hereafter referred to collectively as "NEWARK" or "defendants") hereby removes to this Court the state court action described below.

1. On January 31, 2008 an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled Amir Shervin, plaintiff v. City of Newark, California; Robert Douglas; Richard Lopez; and William Shaffer,

1. defendants as case number HG08368945. A true and correct copy of that complaint is attached hereto as Exhibit "A".

2. The first date upon which defendant City of Newark, California received a copy of the said complaint was on March 19, 2008, when defendant was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit "B".

3. This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §1983.

4. Defendant City of Newark, California is informed and believes that, as of March 26, 2008, plaintiff has not served co-defendants Robert Douglas, Richard Lopez and William Shaffer. As of March 26, 2008, plaintiff has not filed a Proof of Service as to co-defendants with state court.

DATED: March 26, 2008        SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
AND WILLIAM SHAFFER

# EXHIBIT A

Case 3:08-cv-01631-VRW    Document 1    Filed 03/26/2008    Page 3 of 13

JAMES P. SWANSEEN, ESQ.
Attorney at Law
(State Bar No. 159918)
43 Dowitcher Way
San Rafael, CA 94901
(415) 571-6403

Attorney for Plaintiff
AMIR SHERVIN

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By  SUSAN ERICKSON
                        Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| AMIR SHERVIN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, CALIFORNIA;<br>ROBERT DOUGLAS; RICHARD LOPEZ;<br>WILLIAM SHAFFER;<br>and DOES 1 to 100, inclusive,<br><br>    Defendants. | CASE NO **HG08368945**<br><br>COMPLAINT FOR DAMAGES |

COMES NOW plaintiff AMIR SHERVIN and alleges as follows:

FIRST CAUSE OF ACTION
(Use of Excessive Force)

1.   Plaintiff is a natural adult person within the United States who resides in Marin County, California.

2.   Defendant CITY OF NEWARK, CALIFORNIA (hereinafter referred to as "CITY OF NEWARK") is, and at all times mentioned herein was, a municipal corporation duly organized under the laws of the State of California, situated in the County of Alameda.

3.   Defendants ROBERT DOUGLAS (Badge No. S9), RICHARD LOPEZ

-1-

SHERa_P_01.wpd                Complaint for Damages

1  (Badge No. 77), and WILLIAM ███ SHAFFER (Badge No. 46) are
2  individuals who at all times mentioned herein were employees of
3  defendant CITY OF NEWARK, employed as police officers, and in doing the
4  acts described herein were acting within the scope of their employment.
5     4.    Defendants DOE 1 through DOE 100, inclusive, are sued herein
6  under fictitious names. Their true names and capacities are unknown to
7  plaintiff. When their true names and capacities are ascertained,
8  plaintiff will amend this Complaint by inserting their true names and
9  capacities herein. Plaintiff is informed and believes and thereon
10 alleges that each of the fictitiously named defendants is responsible in
11 some manner for the occurrences herein alleged and that plaintiff's
12 damages as herein alleged were proximately caused by those defendants.
13 Each reference in this Complaint to "defendant," "defendants," or a
14 specifically named defendant refers also to all defendants sued under
15 fictitious names.
16    5.    Plaintiff is informed and believes and thereon alleges that
17 at all times herein mentioned each of the defendants, including all
18 defendants sued under fictitious names, was the agent and employee of
19 each of the remaining defendants and, in doing the things hereinafter
20 alleged, was acting within the course and scope of this agency and
21 employment.
22    6.    Plaintiff is required to comply, and has complied, with
23 applicable claims statutes.
24    7.    This Court is the court of proper jurisdiction because the
25 injury to plaintiff which is the subject of this Complaint occurred
26 within the County of Alameda, California.
27    8.    On or about December 7, 2006, at approximately 11:00 a.m.,
28 plaintiff was on the back deck of a house belonging to a friend,

1  Hooshang Bastan, at 5158 Hebrides Court, Newark, California.

2      9.   Plaintiff's daughter, Shirin Natalie Shervin, age 16, was
3  with plaintiff at that time.

4      10.  On December 7, 2006, plaintiff, at 5'11" tall and weighing
5  less than 150 lbs., was 66 years old.

6      11.  At that time and place, three members of the Newark Police
7  Department, believed to be the named defendants ROBERT DOUGLAS, RICHARD
8  LOPEZ, and WILLIAM (BILL) SHAFFER herein, approached plaintiff and his
9  daughter while they were on the above-referenced back deck of the
10 5158 Hebrides Court residence.

11     12.  As the named defendant officers approached plaintiff,
12 plaintiff said to them, "Good morning, officers. Merry Christmas."

13     13.  Plaintiff was later informed and believes that the officers
14 were executing an arrest warrant, naming plaintiff, that was issued out
15 of San Francisco.

16     14.  Just moments before the arrival of the three named defendant
17 police officers, plaintiff had spoken with Investigator Peter Walsh of
18 the San Francisco Police Department, who had told plaintiff he would
19 give him three days to come see him regarding the San Francisco matter.

20     15.  However, at the time the three named defendant police
21 officers approached plaintiff and his daughter, as related above, said
22 officers never stated to plaintiff that he was under arrest or gave any
23 reason to plaintiff or his daughter for the officers' ensuing conduct.

24     16.  Instead, Officer DOUGLAS grabbed plaintiff's right hand and
25 twisted it behind plaintiff's back.

26     17.  At the same time, one of the other two named defendant
27 officers grabbed plaintiff's left hand and twisted it behind plaintiff's
28 back as well.

18. As plaintiff asked what was going on, one or more of the named defendant police officers kicked his feet out from under him, causing him to land on the back of his head and his back, with his arms behind him.

19. One of the named defendant officers sat on plaintiff's chest, and another held him down, pressing on plaintiff's throat.

20. Plaintiff was unable to breathe, felt the onset of asphyxiation, and believed he was going to die.

21. One or more of the named defendant officers flipped plaintiff over onto his stomach and handcuffed his hands behind his back.

22. Because of the excessive force used by the named defendant officers, and each of them, plaintiff's daughter tried to get the officers off him.

23. Plaintiff's daughter was thrown to the ground by one or more of the named defendant officers, and one of said officers then sat on her.

24. One or more of the named defendant officers handcuffed plaintiff's hands behind his back, picked him up by his arms, and dragged him from the back deck of the 5158 Hebrides Court residence to a police car in the street.

25. One or more of the named defendant officers then shoved plaintiff into the back seat of the police car. The handcuffs were so tight that plaintiff's hands and fingers were numb and turned blue from lack of circulation.

26. In doing the acts alleged above, the named defendant police officers, and each of them, acted with intent to make contact with plaintiff's person.

27. At no time did plaintiff consent to any of the acts of the

-4-

named defendant police officers alleged above.

28. As a proximate cause of the excessive force used on plaintiff by the named defendant police officers, and each of them, plaintiff suffered injuries to his head, neck, back, arms, wrists, hands, chest, pelvis, and legs. Plaintiff was hurt and injured in health, strength, and activity, sustaining injury to his nervous system and person which continues to cause plaintiff great mental, physical, emotional, and nervous pain and suffering to this day.

29. The named defendant police officers, and each of them, used excessive force upon plaintiff's daughter, causing physical and emotional distress to her. As a result, plaintiff also has suffered emotional distress due to seeing his daughter's ongoing residual emotional distress, which continues to this date. The acts of the named defendant officers, and each of them, in the use of this excessive force, that were done in plaintiff's presence are a foreseeable result of the intentional conduct of the officers, and therefore such injury is a foreseeable result of that force.

30. As a further, proximate result of the acts of the named defendant police officers, and each of them, plaintiff has incurred, is incurring, and will continue to incur medical and related expenses, the full amount of which expenses is not known to plaintiff at this time.

31. As a further proximate cause of the acts of the named defendant police officers, plaintiff has suffered a loss of earnings, and plaintiff's present and future earning capacity has been greatly impaired.

32. The aforementioned conduct of the named defendant police officers, and each of them, was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore

entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Violation of Fourth Amendment Rights)

33. Plaintiff hereby repleads the foregoing paragraphs 1 through 32, inclusive, and incorporates them as though they were fully set forth herein.

34. Plaintiff's Second Cause of Action arises under 42 U.S.C. § 1983 against defendants, and each of them, for violation of plaintiff's Fourth Amendment right to be free from excessive force during a personal seizure.

35. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

36. At all times herein mentioned, named defendants DOUGLAS, LOPEZ, and SHAFFER were law-enforcement officers employed by the Newark Police Department and, in doing all the things mentioned herein, acted under color of state law.

37. At all times herein mentioned, named defendants DOUGLAS, LOPEZ, and SHAFFER were acting within the scope of their employment with defendant CITY OF NEWARK.

38. Paragraphs 8 through 27, above, establish the use of excessive force by defendants, and each of them, in violation of the Fourth Amendment to the U.S. Constitution.

39. As a direct and proximate result of the actions described herein of defendants, and each of them, plaintiff has suffered the injury, loss, and damages set forth in paragraphs 28 through 32, inclusive.

40. In acting as alleged in this Second Cause of Action, defendants, and each of them, acted knowingly, willfully, and maliciously and with reckless and callous disregard for plaintiff's

1  federally protected rights.

## PRAYER

WHEREFORE, plaintiff prays for judgment in the above causes of action against defendants, and each of them, as follows:

### First Cause of Action

As to the First Cause of Action, plaintiff prays:

1. For general damages according to proof.
2. For medical and related expenses, including for professional psychiatric and/or psychological counseling, according to proof.
3. For lost earnings, past and future, according to proof.
4. For punitive damages.
5. For interest as allowed by law.
6. For costs of suit incurred in this action.
7. For such other and further relief as the Court deems proper.

### Second Cause of Action

As to the Second Cause of Action, plaintiff prays:

1. For compensatory damages, in an amount to be determined according to proof at trial.
2. For punitive damages, in an amount to be determined according to proof at trial.
3. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.
4. For costs of suit incurred in this action.
5. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: 1/29/08

_____
James P. Swanseen
Attorney for Plaintiff AMIR SHERVIN

-7-

SHERa_P_01.wpd            Complaint for Damages

## VERIFICATION

I, AMIR SHIRVIN, am the plaintiff in the above-entitled action. I have read the foregoing Complaint for Damages and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

Executed at San Rafael, California, on January 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*[signature]*
Amir Shervin

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM (BILL) SHAFFER; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMIR SHERVIN

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

RECEIVED
CITY CLERK
MAR 1 9 2008
AM                    PM
7-8-9-10-11-12-1-2-3-4-5-6

ENDORSED
FILED
ALAMEDA COUNTY
JAN 3 1 2008
CLERK OF THE SUPERIOR COURT
By SUSAN ERICKSON
                    Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
~~Fremont Hall of Justice~~ HAYWARD HALL OF JUSTICE
~~39439 Paseo Padre Parkway~~ 24405 AMADOR
~~Fremont, CA 94538~~ HAYWARD, CA

CASE NUMBER *(Número del Caso):* **HG08368945**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James P. Swanseen, Esq. (SBN 159918), 43 Dowitcher Way, San Rafael, CA 94901
(415) 571-6403

DATE: JAN 3 1 2008       PAT SWEETEN                    Clerk, by SUSAN ERICKSON, Deputy
*(Fecha)*                EXECUTIVE OFFICER/CLERK        *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):* CITY OF NEWARK, CA
   under: [ ] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* MUNICIPAL CORPORATION
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com