GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California;
Robert Douglas; Richard Lopez;
and William Shaffer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHERVIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM SHAFFER; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. CV 08 1631 VRW<br><br>**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |

Danielle K. Lewis certifies and declares as follows:

I am over the age of 18 years and not a party to this action.

My business address is Selman Breitman, LLP, 33 New Montgomery Street, 6th Floor, San Francisco, California 94105, which is located in the city, county and state where the mailing described below took place.

On March 27, 2008, I deposited in the United States Mail at San Francisco, California, a copy of the Notice to Adverse Party

///



Selman Breitman LLP
ATTORNEYS AT LAW

of Removal to Federal Court dated March 27, 2008, a copy of which is attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of March 2008, at San Francisco, California.

By: Danielle K. Lewis
DANIELLE K. LEWIS

Selman Breitman LLP
ATTORNEYS AT LAW



GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California; Robert Douglas;
Richard Lopez; and William Shaffer

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

AMIR SHERVIN,

Plaintiff,

v.

CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM SHAFFER; and DOES 1 to 100, inclusive,

Defendants.

CASE NO. HG08368945

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

TO PLAINTIFF AMIR SHERVIN AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on March 26, 2008, under Federal Case Number CV 08 1631 VRW.

A copy of the Notice of Removal of Action with exhibits, and all related documents pursuant to Civil Local Rule 4-2 and Federal Rule of Civil Procedure 4 and 5, are attached to this Notice, and are served and filed herewith.

DATED: March 27, 2008

SELMAN BREITMAN LLP

By: [signature]
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
City of Newark, California; Robert Douglas; Richard Lopez; and William Shaffer

Selman Breitman LLP
ATTORNEYS AT LAW

GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California;
Robert Douglas; Richard Lopez;
and William Shaffer

08 MAR 25 PM 1:16
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHERVIN,<br>Plaintiff,<br>v.<br>CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM SHAFFER; and DOES 1 to 100, inclusive,<br>Defendants. | CASE NO. C 08 1631 VRW<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants City of Newark, California; Robert Douglas; Richard Lopez; and William Shaffer (hereafter referred to collectively as "NEWARK" or "defendants") hereby removes to this Court the state court action described below.

1. On January 31, 2008 an action was commenced in the Superior Court of the State of California in and for the County of Alameda, entitled Amir Shervin, plaintiff v. City of Newark, California; Robert Douglas; Richard Lopez; and William Shaffer,



Selman Breitman LLP
ATTORNEYS AT LAW

defendants as case number HG08368945. A true and correct copy of that complaint is attached hereto as Exhibit "A".

2. The first date upon which defendant City of Newark, California received a copy of the said complaint was on March 19, 2008, when defendant was served with a copy of the said complaint and a summons from the said state court. A copy of the summons is attached hereto as Exhibit "B".

3. This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §1983.

4. Defendant City of Newark, California is informed and believes that, as of March 26, 2008, plaintiff has not served co-defendants Robert Douglas, Richard Lopez and William Shaffer. As of March 26, 2008, plaintiff has not filed a Proof of Service as to co-defendants with state court.

DATED: March 26, 2008 SELMAN BREITMAN LLP

By: [signature]
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
AND WILLIAM SHAFFER



Selman Breitman LLP
ATTORNEYS AT LAW

# EXHIBIT A

JAMES P. SWANSEEN, ESQ.
Attorney at Law
(State Bar No. 159918)
43 Dowitcher Way
San Rafael, CA 94901
(415) 571-6403

Attorney for Plaintiff
AMIR SHERVIN

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By SUSAN ERICKSON
Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

AMIR SHERVIN,

Plaintiff,

v.

CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM [illegible] SHAFFER; and DOES 1 to 100, inclusive,

Defendants.

CASE NO HG08368945

COMPLAINT FOR DAMAGES

COMES NOW plaintiff AMIR SHERVIN and alleges as follows:

FIRST CAUSE OF ACTION
(Use of Excessive Force)

1. Plaintiff is a natural adult person within the United States who resides in Marin County, California.

2. Defendant CITY OF NEWARK, CALIFORNIA (hereinafter referred to as "CITY OF NEWARK") is, and at all times mentioned herein was, a municipal corporation duly organized under the laws of the State of California, situated in the County of Alameda.

3. Defendants ROBERT DOUGLAS (Badge No. S9), RICHARD LOPEZ

(Badge No. 77), and WILLIAM [redacted] SHAFFER (Badge No. 46) are individuals who at all times mentioned herein were employees of defendant CITY OF NEWARK, employed as police officers, and in doing the acts described herein were acting within the scope of their employment.

4. Defendants DOE 1 through DOE 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this Complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

6. Plaintiff is required to comply, and has complied, with applicable claims statutes.

7. This Court is the court of proper jurisdiction because the injury to plaintiff which is the subject of this Complaint occurred within the County of Alameda, California.

8. On or about December 7, 2006, at approximately 11:00 a.m., plaintiff was on the back deck of a house belonging to a friend,

Hooshang Bastan, at 5158 Hebrides Court, Newark, California.

9. Plaintiff's daughter, Shirin Natalie Shervin, age 16, was with plaintiff at that time.

10. On December 7, 2006, plaintiff, at 5'11" tall and weighing less than 150 lbs., was 66 years old.

11. At that time and place, three members of the Newark Police Department, believed to be the named defendants ROBERT DOUGLAS, RICHARD LOPEZ, and WILLIAM (BILL) SHAFFER herein, approached plaintiff and his daughter while they were on the above-referenced back deck of the 5158 Hebrides Court residence.

12. As the named defendant officers approached plaintiff, plaintiff said to them, "Good morning, officers. Merry Christmas."

13. Plaintiff was later informed and believes that the officers were executing an arrest warrant, naming plaintiff, that was issued out of San Francisco.

14. Just moments before the arrival of the three named defendant police officers, plaintiff had spoken with Investigator Peter Walsh of the San Francisco Police Department, who had told plaintiff he would give him three days to come see him regarding the San Francisco matter.

15. However, at the time the three named defendant police officers approached plaintiff and his daughter, as related above, said officers never stated to plaintiff that he was under arrest or gave any reason to plaintiff or his daughter for the officers' ensuing conduct.

16. Instead, Officer DOUGLAS grabbed plaintiff's right hand and twisted it behind plaintiff's back.

17. At the same time, one of the other two named defendant officers grabbed plaintiff's left hand and twisted it behind plaintiff's back as well.

18. As plaintiff asked what was going on, one or more of the named defendant police officers kicked his feet out from under him, causing him to land on the back of his head and his back, with his arms behind him.

19. One of the named defendant officers sat on plaintiff's chest, and another held him down, pressing on plaintiff's throat.

20. Plaintiff was unable to breathe, felt the onset of asphyxiation, and believed he was going to die.

21. One or more of the named defendant officers flipped plaintiff over onto his stomach and handcuffed his hands behind his back.

22. Because of the excessive force used by the named defendant officers, and each of them, plaintiff's daughter tried to get the officers off him.

23. Plaintiff's daughter was thrown to the ground by one or more of the named defendant officers, and one of said officers then sat on her.

24. One or more of the named defendant officers handcuffed plaintiff's hands behind his back, picked him up by his arms, and dragged him from the back deck of the 5158 Hebrides Court residence to a police car in the street.

25. One or more of the named defendant officers then shoved plaintiff into the back seat of the police car. The handcuffs were so tight that plaintiff's hands and fingers were numb and turned blue from lack of circulation.

26. In doing the acts alleged above, the named defendant police officers, and each of them, acted with intent to make contact with plaintiff's person.

27. At no time did plaintiff consent to any of the acts of the

named defendant police officers alleged above.

28. As a proximate cause of the excessive force used on plaintiff by the named defendant police officers, and each of them, plaintiff suffered injuries to his head, neck, back, arms, wrists, hands, chest, pelvis, and legs. Plaintiff was hurt and injured in health, strength, and activity, sustaining injury to his nervous system and person which continues to cause plaintiff great mental, physical, emotional, and nervous pain and suffering to this day.

29. The named defendant police officers, and each of them, used excessive force upon plaintiff's daughter, causing physical and emotional distress to her. As a result, plaintiff also has suffered emotional distress due to seeing his daughter's ongoing residual emotional distress, which continues to this date. The acts of the named defendant officers, and each of them, in the use of this excessive force, that were done in plaintiff's presence are a foreseeable result of the intentional conduct of the officers, and therefore such injury is a foreseeable result of that force.

30. As a further, proximate result of the acts of the named defendant police officers, and each of them, plaintiff has incurred, is incurring, and will continue to incur medical and related expenses, the full amount of which expenses is not known to plaintiff at this time.

31. As a further proximate cause of the acts of the named defendant police officers, plaintiff has suffered a loss of earnings, and plaintiff's present and future earning capacity has been greatly impaired.

32. The aforementioned conduct of the named defendant police officers, and each of them, was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore

entitled to an award of punitive damages.

SECOND CAUSE OF ACTION
(Violation of Fourth Amendment Rights)

33. Plaintiff hereby repleads the foregoing paragraphs 1 through 32, inclusive, and incorporates them as though they were fully set forth herein.

34. Plaintiff's Second Cause of Action arises under 42 U.S.C. § 1983 against defendants, and each of them, for violation of plaintiff's Fourth Amendment right to be free from excessive force during a personal seizure.

35. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

36. At all times herein mentioned, named defendants DOUGLAS, LOPEZ, and SHAFFER were law-enforcement officers employed by the Newark Police Department and, in doing all the things mentioned herein, acted under color of state law.

37. At all times herein mentioned, named defendants DOUGLAS, LOPEZ, and SHAFFER were acting within the scope of their employment with defendant CITY OF NEWARK.

38. Paragraphs 8 through 27, above, establish the use of excessive force by defendants, and each of them, in violation of the Fourth Amendment to the U.S. Constitution.

39. As a direct and proximate result of the actions described herein of defendants, and each of them, plaintiff has suffered the injury, loss, and damages set forth in paragraphs 28 through 32, inclusive.

40. In acting as alleged in this Second Cause of Action, defendants, and each of them, acted knowingly, willfully, and maliciously and with reckless and callous disregard for plaintiff's

federally protected rights.

PRAYER

WHEREFORE, plaintiff prays for judgment in the above causes of action against defendants, and each of them, as follows:

First Cause of Action

As to the First Cause of Action, plaintiff prays:

1. For general damages according to proof.

2. For medical and related expenses, including for professional psychiatric and/or psychological counseling, according to proof.

3. For lost earnings, past and future, according to proof.

4. For punitive damages.

5. For interest as allowed by law.

6. For costs of suit incurred in this action.

7. For such other and further relief as the Court deems proper.

Second Cause of Action

As to the Second Cause of Action, plaintiff prays:

1. For compensatory damages, in an amount to be determined according to proof at trial.

2. For punitive damages, in an amount to be determined according to proof at trial.

3. For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

4. For costs of suit incurred in this action.

5. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: 1/29/08

James B. Swanseen
Attorney for Plaintiff AMIR SHERVIN

VERIFICATION

I, AMIR SHIRVIN, am the plaintiff in the above-entitled action. I have read the foregoing Complaint for Damages and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

Executed at San Rafael, California, on January 28, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Amir Shervin

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY
JAN 3 1 2008
CLERK OF THE SUPERIOR COURT
By SUSAN ERICKSON Deputy

RECEIVED
CITY CLERK
MAR 1 9 2008
AM PM
7-8-9-10-11-12-1-2-3-4-5-6

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM ~~BILL~~ SHAFFER; and DOES 1 to 100, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMIR SHERVIN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
~~Fremont Hall of Justice~~ HAYWARD HALL OF JUSTICE
~~39439 Paseo Padre Parkway~~ 24405 AMADOR
~~Fremont, CA 94538~~ HAYWARD, CA

CASE NUMBER: *(Número del Caso):* HG08368945

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James P. Swanseen, Esq. (SBN 159918), 43 Dowitcher Way, San Rafael, CA 94901
(415) 571-6403

DATE: *(Fecha)* JAN 3 1 2008 PAT SWEETEN EXECUTIVE OFFICER/CLERK Clerk, by *(Secretario)* SUSAN ERICKSON, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citation use el formulario* Proof of Service of Summons, *(POS-010))*.

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*: CITY OF NEWARK, CA

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify)*: MUNICIPAL CORPORATION
4. ☐ by personal delivery on *(date)*:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

08 MAR 28 PM 1:27 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

AMIR SHERVIN,

Plaintiff (s),

v.

NEWARK CITY OF,

Defendant(s).

No. C 08-01631 VRW

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Vaughn R. Walker. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|---|---|---|
| 3/26/2008 | Notice of removal filed | |
| 6/12/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 6/26/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 7/3/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm 6, 17th Flr, SF at 3:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No C VRW

Plaintiff,

**ORDER SETTING CASE MANAGEMENT CONFERENCE**

v

Defendant.

______________________________/

Pursuant to FRCP 16 and Civil LR 16-2, **IT IS ORDERED** that a Case Management Conference will be called in this case before the undersigned **Thursday,** ______________________________ **at 3:30 p.m.** in Courtroom 6, 17th floor, at 450 Golden Gate Avenue, San Francisco, California.

**IT IS FURTHER ORDERED** :

1. Plaintiff is directed to serve, in accordance with the provisions of FRCP 4 and 5, copies of this order at once on all parties to this action, and on any parties subsequently joined. Following service, plaintiff shall file an appropriate certificate of service with the court.

2. Failure to serve the summons, complaint and this order on all parties pursuant to FRCP 4 and 5 shall be presumptive evidence of lack of prosecution and subject the complaint to dismissal under FRCP 41(b). Except in the unusual case, the court expects that by the time of conference, the answer or other responsive pleading shall have already

For the Northern District of California

been served and filed. In the event a party files a motion to dismiss pursuant to FRCP 12, the court will vacate the date of the Case Management Conference and will re-set it after ruling on the motion to dismiss. The court discourages the parties from extending time for pleading or seeking extensions of time beyond those provided in the Federal Rules.

3. Before appearing at the conference, the parties or their counsel, or both, shall meet and confer about the substance of the action and the most expeditious means of resolving this litigation. To prepare for the conference, the parties shall review and comply in all respects with the requirements of Civil L R 16-9.

4. At the initial case management conference, the parties or at least one attorney of record for each party must appear in person. See FRCP 26(f); Civ LR 16-10(a). The case management conference shall be conducted informally and not reported unless one or more parties is not represented by counsel. Failure of any party or counsel therefor to attend, prepare for and participate in good faith in the conference shall be grounds for appropriate sanctions. FRCP 16(f).

5. No continuance of the conference will be granted except by order of the court upon application of a party. The application shall be made seven days before the date of the conference and supported by a declaration showing good cause. In no event shall any party request that the conference be scheduled more than 60 days after filing of the answer by any party.

6. The parties are directed to comply with Civil L R 37-1(b) for presentation of a disclosure or discovery dispute not resolved by the conference required by Civil L R 37-1(a).

**IT IS SO ORDERED.**

VAUGHN R WALKER
UNITED STATES DISTRICT CHIEF JUDGE

For the Northern District of California

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

Mary Ann Buckley

By: Deputy Clerk

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) ________________________________________

as (B) ____________________ of (C) ____________________

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ____________________ District of ____________________ and has been assigned docket number (E) ____________.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ________ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ________ day of ____________________, ____________.

______________________________
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: ______________________________________________
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of ______________________ (CAPTION OF ACTION), which is case number ______________ (DOCKET NUMBER) in the United States District Court for the ______________________ District of ______________________. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______________ (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

______________ DATE

______________________________ SIGNATURE

Printed/Typed Name: ______________________________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS: 9:00 A.M. TO 4:00 P.M.
# 415.522.2000

**www.cand.uscourts.gov**

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DROP BOX FILING PROCEDURES**

---

1. The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2. The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3. Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4. After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5. If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)**." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6. A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7. Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

VRW

E-filing CV 08 1631

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at **http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

# PROOF OF SERVICE

Amir Shervin v. City of Newark, et al.

Superior Court of California, County of Alameda Case No. HG08368945

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **March 27, 2008**, I served the following document(s) described as **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

James P. Swanseen, Esq.
Attorney at Law
43 Dowitcher Way
San Rafael, CA 94901
Tel: (415) 571-6403

Attorney For Plaintiff AMIR SHERVIN

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 27, 2008**, at San Francisco, California.

Danielle K. Lewis
DANIELLE K. LEWIS

**PROOF OF SERVICE**

Amir Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. CV 08 1631 VRW

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **March 28, 2008**, I served the following document(s) described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

James P. Swanseen, Esq.
Attorney at Law
43 Dowitcher Way
San Rafael, CA 94901
Tel: (415) 571-6403

Attorney For Plaintiff AMIR SHERVIN

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 28, 2008**, at San Francisco, California.

Laura Talesnik
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW