1  GREGG A. THORNTON  (SBN 146282)
   DANIELLE K. LEWIS  (SBN 218274)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA  94105
   Telephone:  (415) 979-0400
4  Facsimile:  (415) 979-2099

5  Attorneys for Defendants
   City of Newark, California;
6  Robert Douglas; Richard Lopez;
   and William Shaffer
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11

12  AMIR SHERVIN,                    CASE NO.  CV 08 1631 VRW

13         Plaintiff,               **MEMORANDUM OF POINTS AND
                                    AUTHORITIES IN SUPPORT OF
14      v.                          DEFENDANT NEWARK'S MOTION TO
                                    DISMISS PURSUANT TO FRCP 12(b)(6)**
15  CITY OF NEWARK, CALIFORNIA;
   ROBERT DOUGLAS; RICHARD LOPEZ;  **FRCP 12(b)(6)**
16  WILLIAM SHAFFER; and DOES 1 to
   100, inclusive,                  Date : June 5, 2008
17                                  Time : 2:30 p.m.
           Defendants.             Ctrm : 6
18                                  Judge : Hon. Vaughn R. Walker

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CV 08 1631 VRW

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................. 1

II.   PLAINTIFF'S FACTUAL ALLEGATIONS ............................ 1

III.  POINTS AND AUTHORITIES ..................................... 3

    A.    LEGAL STANDARDS ...................................... 3

    B.    PLAINTIFF AMIR SHERVIN HAS FAILED TO ALLEGE
       SUFFICIENT FACTS TO SUPPORT HIS CLAIMS AGAINST
       CITY OF NEWARK ....................................... 3

        1.    Plaintiff's Claim for Use of Excessive Force
           Against CITY OF NEWARK is Barred Under
           Government Code section 815 .................... 3

        2.    Plaintiff Has Failed to Allege Sufficient
           Facts to Establish Liability Against CITY OF
           NEWARK Under 42 U.S.C. §1983 .................. 5

IV.   CONCLUSION ................................................. 7

149041.1  555.24827

Selman Breitman LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

Allen v. City of Portland
    73 F.3d 232 (9th Cir. 1996) ................................. 5

Balistreri v. Pacifica Police Department
    901 F.2d 696 (9th Cir. 1990) ............................... 3

Bell Atlantic Corp. v. Twombly
    127 S.Ct. 1955 (2007) ...................................... 3

City of Okl. City v. Tuttle
    471 U.S. 808 (1985) ........................................ 7

Collins v. City of Harker Heights
    503 U.S. 115 (1992) ........................................ 6

Galen v. County of Los Angeles
    477 F.3d 652 (9th Cir. 2007) ............................... 6

Johnson v. Duffy
    588 F.2d 740 (9th Cir. 1978) ............................... 5

Monell v. Department of Social Services
    436 U.S. 658 (1979) ...................................... 5,6

Navarro v. Block
    72 F.3d 712 (9th Cir. 1995) ................................ 6

Robertson v. Dean Witter Reynolds, Inc.
    749 F.2d 530 (9th Cir. 1984) ............................... 3

Whitaker v. Garcetti
    486 F.3d 572 (9th Cir. 2007) ............................... 6

Wood v. City of El Cajon
    2007 WL 2462117, 2007 U.S.Dist. LEXIS 63373
    (S.D.Cal. 2007) ............................................ 3

**STATE CASES**

Lopez v. So. Cal. Rapid Transit District
    40 Cal.3d 708 (1985) ....................................... 5

Rodriguez v. Inglewood Unified School District
    186 Cal.App.3d 707 (1986) ............................... 4, 5

Tolan v. State of California ex rel. Department of
Transportation
    100 Cal.App.3d 980 (1979) .................................. 5

ii

**TABLE OF AUTHORITIES**
(Continued)

Page

**STATE CASES (con't)**

*Williams v. Horvath*
    16 Cal.3d 834 (1976) ....................................... 4

**FEDERAL STATUTES**

42 U.S.C. §1983................................................ 5

**STATE STATUTES**

Gov. Code § 815................................................ 4, 5

Gov. Code § 815(a) ............................................ 4

Selman Breitman LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CV 08 1631 VRW

1

2  **I.    INTRODUCTION**

3          Defendants CITY OF NEWARK, CALIFORNIA (hereafter "CITY OF

4  NEWARK"); ROBERT DOUGLAS (hereafter "DOUGLAS"); RICHARD LOPEZ

5  (hereafter "LOPEZ"); and WILLIAM SHAFFER (hereafter "SHAFFER")

6  (hereafter referred to collectively as "NEWARK" or "defendants")

7  bring this motion to dismiss plaintiff's complaint with prejudice

8  for failure to state a claim upon which relief can be granted.

9          This motion is brought on the grounds that the first and

10  second causes of action brought by plaintiff Amir Shervin against

11  CITY OF NEWARK are barred as the complaint does not allege that

12  the unlawful action was part of a policy or custom implemented by

13  CITY OF NEWARK.

14          As plaintiff Amir Shervin cannot state a claim under 42

15  U.S.C. §1983, the court should dismiss the first and second

16  causes of action as alleged by plaintiff Amir Shervin.

17  **II.    PLAINTIFF'S FACTUAL ALLEGATIONS**

18          On January 31, 2008, plaintiff Amir Shervin filed a

19  complaint against defendants; and Does 1 to 100, inclusive.  The

20  matter was removed to this Court by defendants on March 26, 2008.

21  Plaintiff alleges that on or about December 7, 2006, plaintiff

22  Amir Shervin and his daughter, Shirin Natalie Shervin, were on

23  the back deck of a house belonging to a friend, Hooshang Bastan,

24  at 5158 Hebrides Court in Newark California. (Complaint ¶8-9).

25          Plaintiff alleges that three members of the Newark Police

26  Department, DOUGLAS, LOPEZ and SHAFFER approached plaintiff and

27  his daughter while they were on the back deck. (Complaint ¶11).

28  Plaintiff alleges that he was later informed the officers were

Selman Breitman LLP
ATTORNEYS AT LAW

149041.1 555.24827

1

1   executing an arrest warrant, naming plaintiff that was issued out

2   of San Francisco. (Complaint ¶13).  Plaintiff alleges that at the

3   time the three police officers approached plaintiff and his

4   daughter, the officers never stated to plaintiff that he was

5   under arrest or gave any reason to plaintiff or his daughter for

6   the officers' ensuing conduct. (Complaint ¶15).

7       Next, plaintiff alleges that Officer DOUGLAS grabbed

8   plaintiff's right hand and twisted it behind plaintiff's back.

9   (Complaint ¶16).  At the same time, one of the other defendant

10  officers grabbed plaintiff's left hand and twisted it behind

11  plaintiff's back. (Complaint ¶17).  Plaintiff alleges that one or

12  more of the defendant officers then kicked plaintiff's feet out

13  from under him, causing him to land on the back of his head and

14  his back with his arms behind him. (Complaint ¶18).  Plaintiff

15  alleges that one of the defendant officers then sat on

16  plaintiff's chest and another held him down, pressing on

17  plaintiff's throat.  (Complaint ¶19).  Plaintiff alleges he was

18  unable to breathe, felt the onset of asphyxiation, and believed

19  he was going to die. (Complaint ¶20).

20      Plaintiff alleges that excessive force used by the defendant

21  officers, plaintiff's daughter tried to get the officers off of

22  plaintiff. (Complaint ¶23).  Plaintiff's daughter was then

23  allegedly thrown to the ground by one or more of the defendant

24  officers, and one of the officers then sat on plaintiff's

25  daughter. (Complaint ¶24).

26      Plaintiff alleges that one or more of the defendant officers

27  flipped plaintiff over onto his stomach and handcuffed his hands

28  behind his back. (Complaint ¶21).  One or more of the defendant

Selman Breitman LLP
ATTORNEYS AT LAW

2

1   officers picked plaintiff up by his arms and dragged him from the

2   back deck to a police car in the street.  (Complaint ¶24). One or

3   more of the defendant officers then shoved plaintiff into the

4   back seat of the police car. (Complaint ¶25).

5       Plaintiff asserts two causes of action: (1) Use of Excessive

6   Force; and (2) Violation of Fourth Amendment Rights.  Both causes

7   of action are alleged against all defendants.

8   **III. POINTS AND AUTHORITIES**

9       **A.   LEGAL STANDARDS**

10      Under F.R.Civ.P. 12(b)(6), a district court must dismiss a

11  cause of action if it fails to state a claim upon which relief

12  can be granted.  Dismissal can be based on either the lack of a

13  cognizable legal theory or the absence of sufficient facts

14  alleged under a cognizable theory.  Balistreri v. Pacifica Police

15  Dept., 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean

16  Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).  "A

17  motion to dismiss should be granted if the plaintiff is unable to

18  delineate 'enough facts to state a claim of relief that is

19  plausible on its face.'" Wood v. City of El Cajon, 2007 WL

20  2462117 (S.D.Cal. 2007) (quoting Bell Atl. Corp. v. Twombly, 127

21  S.Ct. 1955, 1974 (2007)).

22      **B.   PLAINTIFF AMIR SHERVIN HAS FAILED TO ALLEGE SUFFICIENT
23           FACTS TO SUPPORT HIS CLAIMS AGAINST CITY OF NEWARK**

24           **1.   Plaintiff's Claim for Use of Excessive Force
25                Against CITY OF NEWARK is Barred Under Government
                 Code section 815**

26

27      Plaintiff asserts causes of action for Use of Excessive

28  Force and Violation of Fourth Amendment Rights.  Plaintiff has

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CV 08 1631 VRW

Selman Breitman LLP
ATTORNEYS AT LAW

149041.1 555.24827

1  brought his claims against the officers involved and against CITY

2  OF NEWARK, a municipality.  (Complaint ¶2).  However, plaintiff

3  has failed to allege sufficient facts to support his claims

4  against CITY OF NEWARK.

5      CITY OF NEWARK, as a public entity, is immune from liability

6  under all common law theories, for any injury that that results,

7  regardless of whether such injury arises out of an act or

8  omission of the public entity, a public employee or any other

9  person.  Government Code section 815(a) sets forth in pertinent

10  part:

> . . . a public entity is not liable for any
> injury, whether such injury arises out of an
> act or omission of the public entity or a
> public employee or any other person.

13  The California Supreme Court has explained the effect of

14  section 815 as follows:

> Government Code section 815 restores sovereign
> immunity in California except as provided in
> the Tort Claims Act or other statute.  Thus
> the intent of the act is not to expand the
> rights of plaintiffs in suits against
> governmental entities, but to confine
> potential governmental liability to rigidly
> delineated circumstances . . .

20  Williams v. Horvath, 16 Cal.3d 834, 838 (1976).  Government Code

21  section 815, et seq., which is part of the California Tort Claims

22  Act, abolished all common law tort liability for public entities

23  and limited such liability to that specifically imposed by

24  statute.  Gov. Code § 815; see also, corresponding Legislative

25  Comm. Comment; Tolan v. State of California ex rel. Dept. of

26  Transportation, 100 Cal.App.3d 980, 986 (1979).  As such, ". . .

27  in California, all government tort liability must be based on

28  statute."  Rodriguez v. Inglewood Unified School Dist., 186

4

Selman Breitman LLP
ATTORNEYS AT LAW

1  Cal.App.3d 707, 716 (1986) (citations omitted); <u>Lopez v. So. Cal.</u>
2  <u>Rapid Transit Dist.</u>, 40 Cal.3d 708, 795 (1985).

3      Plaintiff's first cause of action for Use of Excessive Force
4  is not based upon any statute, and does not state a proper cause
5  of action against CITY OF NEWARK.  As such, plaintiff's first
6  cause of action for Use of Excessive Force alleged against CITY
7  OF NEWARK is barred.

8      **2.   Plaintiff Has Failed to Allege Sufficient Facts to**
       **Establish Liability Against CITY OF NEWARK Under**
9      **42 U.S.C. §1983**

10     42 U.S.C. section 1983 allows a party to bring a civil
11  action for constitutional deprivations against persons acting
12  under color of state law.  42 U.S.C. §1983; <u>Allen v. City of</u>
13  <u>Portland</u>, 73 F.3d 232, 235 (9th Cir. 1996).  "A person deprives
14  another of a constitutional right, within the meaning of §1983,
15  if he commits an affirmative act or omits to perform an act that
16  causes a plaintiff to be deprived of [his] rights."  <u>Johnson v.</u>
17  <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

18     A local government entity "may not be sued under § 1983 for
19  an injury inflicted solely by its employees or agents."  <u>Monell</u>
20  <u>v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).  Rather,
21  when an individual sues a municipality for violation of a
22  constitutional right, the municipality is liable only if the
23  individual can establish that the municipality "had a deliberate
24  policy, custom, or practice that was the 'moving force' behind
25  the constitutional violation he suffered."  <u>Monell</u>, 436 U.S. at
26  694-695; <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 581 (9th Cir. 2007);
27  <u>Galen v. County of Los Angeles</u>, 477 F.3d 652, 667 (9th Cir.
28  2007).  As such, in order to hold a municipal entity liable,

Selman Breitman LLP
ATTORNEYS AT LAW

5

149041.1 555.24827

1    plaintiff must demonstrate that the unlawful governmental action
2    was part of the municipality's policy or custom.  Monell, 436
3    U.S. at 694-695.

4         In the instant case, plaintiff has failed to set forth a
5    single allegation regarding any policy, custom or practice of
6    CITY OF NEWARK, including one supporting the alleged
7    constitutional violation.  In fact, the only allegation specific
8    to CITY OF NEWARK is that defendants DOUGLAS, LOPEZ and SHAFFER
9    were acting within the scope of their employment with defendant
10   CITY OF NEWARK at the time of the incident.  (Complaint ¶37).
11   However, the law is clear that "a municipality cannot be held
12   liable under [42 U.S.C.] §1983 on a *respondeat superior* theory."
13   Monell, 436 U.S. at 691; Whitaker, 486 F.3d at 581.  Plaintiff's
14   failure to establish that the alleged unlawful government action
15   was part of CITY OF NEWARK's policy, custom or practice is fatal
16   to plaintiff's second cause of action.

17        Further, plaintiff's complaint alleges a single incident of
18   misconduct on the part of the defendant officers.  Municipal
19   liability may not be based on random acts or single instances of
20   misconduct.  Collins v. City of Harker Heights, 503 U.S. 115, 121
21   (1992); Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995).
22   "Proof of a single incident of unconstitutional activity is not
23   sufficient to impose liability under Monell, unless proof of the
24   incident includes proof that it was caused by an existing,
25   unconstitutional municipal policy, which policy can be attributed
26   to a municipal policymaker." City of Okl. City v. Tuttle, 471
27   U.S. 808, 824 (1985).  Plaintiff's complaint fails to establish
28   that the alleged unconstitutional action was anything other than

Selman Breitman LLP
ATTORNEYS AT LAW

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**CV 08 1631 VRW**

1   a single, isolated incident, which occurred in the absence of any

2   unconstitutional municipal policy, and plaintiff's claim against

3   CITY OF NEWARK cannot survive.

4        The factual allegations set forth in plaintiff's complaint

5   as against CITY OF NEWARK do not demonstrate that any unlawful

6   governmental action was part of the municipality's policy, custom

7   or practice.  Absent these allegations, plaintiff Amir Shervin is

8   unable to state a claim for relief against CITY OF NEWARK.  Thus,

9   plaintiff's claims against CITY OF NEWARK fail.  These defects in

10  the complaint cannot be cured, and this Motion to Dismiss the

11  first and second causes of action brought by plaintiff against

12  CITY OF NEWARK should be granted with prejudice.

13  **IV.   CONCLUSION**

14       For the reasons set forth above, defendants respectfully

15  request that this motion to dismiss be granted and that the first

16  and second causes of action brought by plaintiff Amir Shervin

17  against CITY OF NEWARK be dismissed, with prejudice.

18

19  DATED: April 22, 2008        SELMAN BREITMAN LLP

20

21                              By:    _Danielle K. Lewis_____
                                       GREGG A. THORNTON
22                                     DANIELLE K. LEWIS
                                       Attorneys for Defendants
23                                     CITY OF NEWARK, CALIFORNIA;
                                       ROBERT DOUGLAS; RICHARD LOPEZ;
24                                     WILLIAM SHAFFER

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

149041.1 555.24827

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
**CV 08 1631 VRW**

**PROOF OF SERVICE**

Amir Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. CV 08 1631 VRW

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **April 22, 2008**, I served the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEWARK'S MOTION TO DISMISS PURSUANT TO FRCP 12(b) (6)** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

James P. Swanseen, Esq.                    Attorney For Plaintiff AMIR SHERVIN
Attorney at Law
43 Dowitcher Way
San Rafael, CA 94901
Tel: (415) 571-6403

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I caused a copy of the foregoing document(s) to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 22, 2008**, at San Francisco, California.

_____
LAURA TALESNIK

149309.1 555.24827

1