GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California;
Robert Douglas; Richard Lopez;
and William Shaffer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHERVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM SHAFFER; and DOES 1 to 100, inclusive,<br><br>    Defendants. | CASE NO.  CV 08 1631 VRW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEWARK'S MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES**<br><br>**FRCP 12(f)**<br><br>Date : June 5, 2008<br>Time : 2:30 p.m.<br>Ctrm : 6<br>Judge: Hon. Vaughn R. Walker |

# TABLE OF CONTENTS

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
CV 08 1631 VRW

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*City of Newport v. Fact Concerts, Inc.*
    453 U.S. 247 (1981) ........................................ 5

*Fantasy, Inc. v. Fogerty*
    984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds,
    510 U.S. 517 (1994) ........................................ 4

*Mitchell v. Dupnik*
    75 F.3d 517 (9th Cir. 1996) ................................ 5

*Sidney-Vinstein v. A.H. Robins Co.*
    697 F.2d 880 (9th Cir. 1983) ............................... 4

## STATE CASES

*Podesta v. City of San Leandro*
    2005 WL 2333802, 2005 U.S.Dist. LEXIS 45772
    (N.D.Cal. 2005) ............................................ 4

## FEDERAL STATUTES

42 U.S.C. §1983 ................................................ 4, 5

Fed.R.Civ.Proc. 12(f) ............................................. 3

## STATE STATUTES

Gov. Code §818 ................................................ 4, 5

## I.  INTRODUCTION

Defendants CITY OF NEWARK, CALIFORNIA (hereafter "CITY OF NEWARK"); ROBERT DOUGLAS (hereafter "DOUGLAS"); RICHARD LOPEZ (hereafter "LOPEZ"); and WILLIAM SHAFFER (hereafter "SHAFFER") (hereafter referred to collectively as "NEWARK" or "defendants") bring this motion to strike portions of the complaint which are not drawn in conformity with the laws of this court or the statutes upon which they rely.

Notwithstanding defendants' belief that each of the causes of action alleged by plaintiff are without merit and barred by law as set forth in the Motion to Dismiss filed herewith, plaintiff's claim for punitive damages is inadequately pled. By way of this Motion, therefore, defendants seek an order striking the following portions of plaintiff's complaint pertaining to the entitlement of punitive damages.

> "Plaintiff is therefore entitled to an award of punitive damages." (See Plaintiff's Complaint p.5, ln.28 to p.6, ln.1)

> "For punitive damages. " (See Prayer for Relief, First Cause of Action ¶4)

> "For punitive damages, in an amount to be determined according to proof at trial." (See Prayer for Relief, Second Cause of Action ¶2)

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

On January 31, 2008, plaintiff Amir Shervin filed a complaint against defendants; and Does 1 to 100, inclusive. The matter was removed to this Court by defendants on March 26, 2008. Plaintiff alleges that on or about December 7, 2006, plaintiff Amir Shervin and his daughter, Shirin Natalie Shervin, were on the back deck of a house belonging to a friend, Hooshang Bastan, at 5158 Hebrides Court in Newark California. (Complaint ¶8-9).

Plaintiff alleges that three members of the Newark Police Department, DOUGLAS, LOPEZ and SHAFFER approached plaintiff and his daughter while they were on the back deck. (Complaint ¶11). Plaintiff alleges that he was later informed the officers were executing an arrest warrant, naming plaintiff that was issued out of San Francisco. (Complaint ¶13). Plaintiff alleges that at the time the three police officers approached plaintiff and his daughter, the officers never stated to plaintiff that he was under arrest or gave any reason to plaintiff or his daughter for the officers' ensuing conduct. (Complaint ¶15).

Next, plaintiff alleges that Officer DOUGLAS grabbed plaintiff's right hand and twisted it behind plaintiff's back. (Complaint ¶16). At the same time, one of the other defendant officers grabbed plaintiff's left hand and twisted it behind plaintiff's back. (Complaint ¶17). Plaintiff alleges that one or more of the defendant officers then kicked plaintiff's feet out from under him, causing him to land on the back of his head and his back with his arms behind him. (Complaint ¶18). Plaintiff alleges that one of the defendant officers then sat on plaintiff's chest and another held him down, pressing on

plaintiff's throat. (Complaint ¶19). Plaintiff alleges he was unable to breathe, felt the onset of asphyxiation, and believed he was going to die. (Complaint ¶20).

Plaintiff alleges that excessive force used by the defendant officers, plaintiff's daughter tried to get the officers off of plaintiff. (Complaint ¶23). Plaintiff's daughter was then allegedly thrown to the ground by one or more of the defendant officers, and one of the officers then sat on plaintiff's daughter. (Complaint ¶24).

Plaintiff alleges that one or more of the defendant officers flipped plaintiff over onto his stomach and handcuffed his hands behind his back. (Complaint ¶21). One or more of the defendant officers picked plaintiff up by his arms and dragged him from the back deck to a police car in the street. (Complaint ¶24). One or more of the defendant officers then shoved plaintiff into the back seat of the police car. (Complaint ¶25).

Plaintiff asserts two causes of action: (1) Use of Excessive Force; and (2) Violation of Fourth Amendment Rights. Both causes of action are alleged against all defendants.

Plaintiff Amir Shervin seeks punitive damages in connection with both the first and second causes of action.

### III. POINTS AND AUTHORITIES

#### A. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(f) provides:

> "Upon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant,

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**
CV 08 1631 VRW

immaterial, impertinent, or scandalous matter."

"'Immaterial matter' is that which has no essential or important relationship to the claim for relief or the defenses being pleaded...'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (citations omitted).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

### B. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST CITY OF NEWARK SHOULD BE STRICKEN BECAUSE IT IS BARRED BY STATE AND FEDERAL LAW

The recovery of punitive damages against a public entity is prohibited under California Gov't Code §818 and 42 U.S.C. §1983. California Gov't Code §818 sets forth as follows:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

As such, California Gov't Code §818 bars the recovery of punitive damages from a public entity. Podesta v. City of San Leandro

4

2005 WL 2333802, 2005 U.S.Dist. LEXIS 45772 (N.D. Cal. 2005) (holding that plaintiff was prohibited from seeking punitive damages from the City of San Leandro). Further, "[a]lthough a municipality may be liable for compensatory damages in §1983 actions, it is immune from punitive damages under the statute." <u>Mitchell v. Dupnik</u> 75 F.3d 517 (9th Cir. 1996) (citing <u>City of Newport v. Fact Concerts, Inc.</u> 453 U.S. 247, 271 (1981).

    Plaintiff's causes of action for Use of Excessive Force and Violation of Fourth Amendment, arising under 42 U.S.C. §1983, are alleged against all defendants. (Complaint ¶2-3, 34). In connection with these causes of action, plaintiff asserts he is entitled to an award of punitive damages. (Complaint ¶32, 39). However, as clearly set forth above, plaintiff is not entitled to recovery of punitive damages from CITY OF NEWARK, a public entity.

    Therefore, defendants request that the punitive damage allegation asserted by plaintiff against CITY OF NEWARK in paragraphs 32 and 39, and request for punitive damages in the prayers for relief, be stricken without leave to amend.

///
///
///
///
///
///
///
///
///

**IV. CONCLUSION**

For the reasons set forth above, defendants respectfully request that this motion to strike be granted with prejudice.

DATED: April   , 2008        SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
WILLIAM SHAFFER

# PROOF OF SERVICE

Amir Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. CV 08 1631 VRW

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **April 22, 2008**, I served the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEWARK'S MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James P. Swanseen, Esq.<br>Attorney at Law<br>43 Dowitcher Way<br>San Rafael, CA 94901<br>Tel: (415) 571-6403 | Attorney For Plaintiff AMIR SHERVIN |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I caused a copy of the foregoing document(s) to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 22, 2008**, at San Francisco, California.

*/s/ Laura Talesnik*
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW

149309.1 555.24827

1