IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR SHERVIN,<br><br>    Plaintiff,<br><br>    v<br><br>CITY OF NEWARK, et al,<br><br>    Defendants.<br>_____ | No   C 08-1631 VRW |
| SHIRIN SHERVIN,<br><br>    Plaintiff,<br><br>    v<br><br>CITY OF NEWARK, et al,<br><br>    Defendants.<br>_____/ | No   C 08-1632 VRW<br><br>ORDER |

        Plaintiffs' counsel moves to withdraw.  Doc #17 in 08-1631, Doc #22 in 08-1632.  For the reasons discussed below, the motions to withdraw are GRANTED.

I

        Plaintiffs are Amir Shervin and Shirin Shervin, his daughter.  Originally filed in the superior court on January 31,

2008, the complaints allege state and federal claims based on the December 2006 arrest of Amir Shervin by City of Newark police officers.  See Doc #1, Exh A in 08-1631 and 08-1632.  Defendants removed the case to this court on March 26, 2008.  Doc #1 in 08-1631 and 08-1632.  The two cases were related on April 14, 2008.  Doc #7 in 08-1631, Doc #11 in 08-1632.

On May 1, 2008, plaintiffs' counsel, James P Swanseen, filed motions to withdraw as counsel pursuant to Civil L R 11-5(a).  Doc #17 in 08-1631, Doc #22 in 08-1632.  On May 28, 2008, defendants filed statements of non-opposition to the motions to withdraw.  Doc #20 in 08-1631, Doc #26 in 08-1632.  The motions and accompanying exhibits and affidavits filed by Swanseen and the statements of non-opposition filed by defendants are substantially identical in each case; for simplicity, the court will hereafter cite documents only in 08-1631.

Plaintiffs appeared at the June 19, 2008 hearing on the motions to withdraw, and Mr Shervin spoke on their behalf.  Doc #23.  Mr Shervin informed the court that plaintiffs do not oppose Swanseen's withdrawal and stated that plaintiffs are currently seeking counsel, but are prepared to proceed pro se if they do not secure counsel.

II

As reason for withdrawal, Swanseen offers his belief that withdrawal is in plaintiffs' best interest due to his recent medical problems.  Doc #17 at ¶¶8-9.  Swanseen has a long history of chronic ear problems, which grew more severe approximately eight months before the date of his motion to withdraw.  Doc #17 at ¶¶1-

**2**

3. Approximately two months before the date of his motion (after the filing of the complaints), Swanseen "contracted a particularly virulent form of influenza," which has "exacerbated [his] ear infections, producing painful earaches as well as further hearing loss." Doc #17 at ¶4. According to Swanseen, his hearing has diminished to the point that he is "unable to distinguish normal conversation clearly, and more significantly, discussion such as transpires in a courtroom setting." Doc #17 at ¶6. Swanseen has sought treatment for his ear problems, and anticipates continued treatment, although he is unsure what the type and duration of the treatment will be. Doc #17 at ¶¶7-8.

At the request of the court, Doc #21, Swanseen filed a declaration providing more detail about his communication with plaintiffs and his efforts to secure replacement counsel for them. Doc #22. According to Swanseen, he represented both plaintiffs in criminal actions related to this lawsuit. Doc #22 at ¶¶3-4. He was recently permitted to withdraw as counsel in those actions. Doc #22 at ¶4. Although plaintiffs were aware that Swanseen did not engage in civil litigation, they were unable to find counsel to represent them in their cases against the City of Newark, so Swanseen filed complaints for them because of statute of limitation concerns. Doc #22 at ¶¶5-6. Swanseen's medical problems worsened around the time the cases were removed to federal court. Doc #22 at ¶10. Swanseen told plaintiffs that he feels that he is not adequately experienced to represent them in federal court and that he does not want to jeopardize their claims as a result of his lack of experience. Doc #22 at ¶11. According to Swanseen, his medical problems only serve to compound the potential for inadequate

3

representation. Doc #22 at ¶11.

Swanseen states that he knows only one civil attorney to whom he could refer plaintiffs, Patrick Heron, of San Rafael. Doc #22 at ¶7. According to Swanseen, he and plaintiff Amir Shervin met with Heron several months ago, and Mr Shervin has since met with Heron on other occasions, although no agreement has been reached for Heron to represent plaintiffs. Doc #22 at ¶8. Swanseen also informs the court that he spoke with Mr Shervin on June 17, 2008, and Mr Shervin informed him at that time that he has contacted several attorneys about representing him, but that he has not yet secured new representation. Doc #22 at ¶12.

The trial court is given broad discretion in determining whether a motion to withdraw should be granted. See Whiting v Lacara, 187 F3d 317 (2d Cir 1999). Courts regularly consult the American Bar Association's Model Rules of Professional Conduct ("MRPC") as well as state-imposed ethical obligations. See Whiting, 187 F3d at 321 ("[T]he Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.") (internal quotation omitted). According to Swanseen, "[t]he ill health of counsel has long been recognized as sufficient grounds and good cause for a court to issue an order granting withdrawal." Doc #17 at 3. Swanseen does not cite any authority for this proposition, but the MRPC and the California Rules of Professional Conduct require withdrawal when an attorney's physical condition would make effective representation unreasonably difficult. See MRPC 1.16(a)(2)(mandatory withdrawal where "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client"); Cal Rules Prof Conduct

4

1  3-700(B)(3)(mandatory withdrawal where condition "renders it
2  unreasonably difficult to carry out the employment effectively").
3  The California Rules of Professional Conduct also provide that an
4  attorney may request permission to withdraw from litigation if the
5  attorney's "mental or physical condition renders it difficult for
6  the [attorney] to carry out the employment effectively."  Cal Rules
7  Prof Conduct 3-700(C)(4).
8        While it is does not appear that Swanseen's condition is
9  so serious that he would be required by the MRPC or California
10 Rules of Professional Conduct to seek withdrawal, the court has no
11 reason to doubt Swanseen's representation that his health troubles
12 combined with his lack of experience in federal civil litigation
13 would make effective representation difficult.  Especially given
14 that the motion to withdraw was filed early in the litigation and
15 plaintiffs do not oppose Swanseen's withdrawal, the court finds
16 that Swanseen has shown good cause for withdrawal.

                                III

19       The court notes that defendants' statements of non-
20 opposition to withdrawal are not without qualification.  On April
21 22, 2008, defendants filed motions to dismiss and strike portions
22 of plaintiffs' complaints.  Doc ##8, 11 in 08-1631, Doc ##13, 16 in
23 08-1632.  A hearing on these motions is currently scheduled for
24 August 21, 2008 at 2:30 pm.  In its statements of non-opposition to
25 withdrawal, defendants state that they "oppose any attempt by
26 plaintiffs to utilize the Motion to Withdraw as a vehicle to delay
27 the resolution of this case."  Doc #20 at 2.  Defendants note that
28 the motions to strike and dismiss, originally noticed for June 5,

2008, have already been continued for over two months, and argue that "any further postponement would unduly delay the resolution of this case." Doc #20 at 2.

Although defendants' concern about a possible continuance may be premature, the court agrees that plaintiffs have ample time to obtain new counsel or proceed pro se. Memoranda in opposition to the motions to dismiss and strike are due July 31, 2008. Accordingly, plaintiffs must by substitute counsel or pro se serve and file their opposition to the motions to strike or dismiss by July 31, 2008. Failure to do so risks the possibility that the court may dismiss the complaints for failure to prosecute.

IV

For the reasons discussed above, Swanseen's motions to withdraw are GRANTED. Swanseen is ORDERED, pursuant to Civil L R 11-5(b), to continue receiving papers in this case for forwarding purposes until plaintiffs appear by substitute counsel or pro se.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge