1 | Dr. Amir H. Shervin
2 | 1 Muroc Lake Dr., #125
    Novato, CA. 94949
3 | Tel: (415) 234-6367

**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| Amir H. Shervin. And<br>Shirin N. Shervin, et al.,<br><br>    Plaintiffs, in pro per,<br>v.<br><br>The City of Newark and the Newark<br>Police Department Robert Douglas,<br>Richard Lopez, William Shaffer, et al,<br>The City of San Francisco and the<br>San Francisco Police Department<br>Peter Walsh, et al., the Santa Rita<br>Jail, et al., and its supervisors,The<br>office of the State Senator Barbara<br>Boxer Erik J. Vizcaino and its super-<br>vizors, et al., Conspirators and<br>coconspirator Does A to Z (1 to 100).<br><br>    Defendants | Case No: 308-CV01631-VRW<br>Full Bench and JuryTrial Demand<br><br>PLAINTIFFS' DENIAL, OBJEC-<br>TION AND OPPOSITION TO<br>DEFENDANTS' N. AND M. TO<br>DISMISS AND, MEMORANDUM<br>OF PONTS AND AUTHORITIES<br>IN SUPPORT THEREOF, AND<br>THEIR PROPOSED ORDER.<br><br>FRCP 12 (b) (6).<br><br><br>Date: July 30, 2008<br>Time:   9: a.m.<br>Ct.room: 6<br>Judge: Hon. Vaughn R. Walker |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

Notice is hereby given, that on July 30, 2008 in Courtroom 6, at 9:a.m., or as soon thereafter as the matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102. plaintiffs in pro per, pro se, will and do hereby move the court to grant the Plaintiffs' Opposition to Defendants' Notice and Motion to Dismiss the Plaintiffs' Complaints and the defendants Proposed Order Form(s).

Plaintiffs' Motion of opposition to defendants' Motion to dismiss, is based

on this Notice and Motion, and the original N of M and Motion filed by the plaintiffs' former counsel James P. Swanseen, and the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action thus far, and on any futher evidences that may be presented at or before the insuing hearing.

**I.            Introduction:**

Plaintiffs' claims and causes of action(s) against the defendants the City of Newark, the Newark Police Department, et al., Robert Douglas, Richard Lopez, William Shaffer, et al.; the City of San Francisco, the San .Francisco Police Department Peter Walsh, et al., the Santa Rita City Jail, et al., Erik J. Vizcaino, the office of US Senator Barbara Boxer, et al., conspirators and co-conspirators Does A to Z (1 to 100), arising, among other things, under the laws of the United States and the laws of the State of Caliofrnia., specifically, under the Statutes: 42 USC Sections 1981, 1982, 1983 and 1985; 28 USC S.1346 (Federal Tort Claims Act) and (Continuing Violations Rule), 18 USC S.1651 (A Family Tree of Conspiracy) demanding An Extra Ordinary Writ and A Grand Jury Investigation; 18 USC S. 1201 (Kidnapping),18 USC S. 1962 Racketeering and Influential Corrupt Organization Act (RICO); 18 USC S. 1503 (doctrine of "ejustes generis"), Politically and Racially Motivated Conspiracy, actuated by personal and political animous and underlying ulterior corrupt motive, also under 42 USC S. 1981 (Unroe Act), Raising vendatta against plaintiffs, retributary and retaliatory acts, resulting in a pattern of consistent and ongoing persecution, by filing sundry accusation, allegation and charges by hostile witnesses, in violations

of 18 USC S. 3500 (Jencks Act), 28 USC S. 2070 and 2027 to injure plaintiffs, in a clear, convincing and preposterous scheme (scam), to violate plaintiffs' constitutionally protected rights and legal actions, depriving plaintiffs from this District Court's own calendared jury trial, in order to Flee From Justice (felony rescuing guilty state felons) and C.C. S. 1706 (lobbying a felony). Also, in evident violations of 28 USC S. 1946 (b), FRCP Rule 8(a)(1), Under C.C. Section 945 Malicious mischief and violent act, sufficiently harmful to society and public welfare. Also in clear and evident violations of the plaintiffs' rights under the constitution, Amendments 1 through 14, in general and Amendments IV and XIV (privacy right and the jury right) in particular.

II.  Plaintiffs' Denial, Objection and Opposition to Defendants' N. And M. To Dismiss, Points and Authorities and Proposed Order.

This Court must take legal notice that defendants and their counsels, once again, are insinuating certain assertions as defense, knowingly to be false. See Defendants' N. of M. and Motion and Memorandum of Points and Authorities (page 1, line 28 and page 2, lines1 and 2), stating <u>"plaintiff alleges that he was "later" informed that the officers were executing an arrest warrant, naming plaintiff that was issued out of San Francisco.</u> Affirmatively, plaintiff(s) allege under oath, that at no given time prior, during or after the raid complained of, did plaintiffs have any such information or knowledge of any such fact. To the contrary, hardly 30 minutes prior to such raid, plaintiff Dr. Amir Shervin received a telephone call, unexpectedly) from defendant Peter Walsh (inspector), who initially asked plaintiff to see him at SFPD the following morning at 9: a.m., however agreed to a 3 days time for plaintiff to appear. Specifically, this court

3

must take legal notice, that the December 7, 2006 raid on the plaintiffs' home occured **80 days after the alleged incident in senator Barbara Boxer's office, on September 20, 2008**. The defendant SFPD had time to obtain a "warrant" for their act however, apparently were not "successful" to "procure" such warrant. Yet, they decided to go ahead with the premeditated raid without probable cause, without a valid warrant and absulutely, without due process of the law. Therefore, they were not executing a legal arrest but commiting a criminal act of kidnapping and hostage taking under the law. It is amply clear, that in the face of any evident violation, defendants police officers would not wait for about 80 days, to obtain, a warrant. Rather, they plotted to go ahead and then worry about it later.

Once again, defendants and their representing counsels instigating and insinuating false, dishonest and sham statement, in a court of law and while under oath, that "plaintiffs did know that a raid was in progress and the police agents were coming and that they were serving a warrant on plaintiff.

Based on court files and records of this District Court, defendant SFPD committed same and similar invasions on the plaintiffs homes in the past, each time claiming in bad faith that they carried a warrant, which proven to be "false". The docket of this court shows that defendants police officers did not carry a valid warrant or any warrant for that matter, yet committed numerous tort acts, as reflected in suits filed by the plaintiffs against SFPD in the past.

Plaintiffs, particularly allege that when all insincere efforts by defendants, in pandering a warrant failed, defendants plotted to go ahead anyway with their nefarious plan, raiding the plaintiffs' home. Defendants and their representing

4

counsels, then approached, importuned and enticed plaintiffs' former counsel James Swanseen, to include the false and fabricated statement aforestated, that is **"plaintiffs' knowledge of a warrant and related "raid" in the plaintiffs' original complaints (page 2, line 13),** by malice, fraud and oppression, with an intent to injure plaintiffs, their rights and their legal actions.

Therefore, plaintiffs will and do hereby move this court: (1) For order to subject the defendants police agents, to a polygraph or Lie Detector Test, and (2) For order that the statement in question (above) be stricken from the records.

Additionally, a cursory review of the rest of the defendants' arguements in their N and M to dismiss, shows that defendants have asked this court, that the plaintiffs claims be dismissed, purportedly on only two grounds: (1) That plaintiffs complaints did not state a claim upon which relief can be granted and, (2) That the defendants are immune from suit, no matter what they have done.

Plaintiffs affirmatively allege and prove, that defendants are accused and guilty of a wide range of intentional torts, improprities, atrocities, violations and misconduct, as alleged in the plaintiffs' original complaint (except p. 2, line 13), and, as alleged in the plaintiffs' First Amended Complaint. Constitution does not provide immunity when the defendants violated the plaintiffs' rights (intentionally and/or negligently), by (a) Entering plaintiffs home without a warrant, (b) Violating and by passing the plaintiffs' Miranda rights, (c) Assaulting and battering and injuring plaintiffs with no slightest justification, (d) Committing false arrest without a valid warrant, (e) Kidnapping plaintiff Dr. Amir Shervin and his then 16 years old daughter from their home, (f) Illegally committing plaintiff Dr. Amir Shervin to

Santa Rita Jail, based on personal and political annimus or underlying corrupt other motive, and for the purpose of retaliation and defamation or chracter assassination, (g) Conspiring to bring false and dishonest charges against plaintiffs (father and daughter), in order to initiate process for further abuse and persecute (prosecute) plaintiffs, in four courts, in four cities including forty five appearances so far, during a 19 months period, yet the court should exonerate them, purortedly because defendants think that they are immune.

Defense arguments is based on two grounds only:

1) That plaintiffs did not state a claim upon which a relief could be granted. And,

2) That no matter if the defendants police officers did not have a warrant or, if they entered plaintiffs' home without the consents of the occupants or the owner of the property; if they did not properly identified the plaintiffs, if they did not read out their Miranda rights, if they assaulted, battered and injured plaintiffs; if they committed a planned act of kidnapping and, if they executed a false arrest and detention and specifically, if they concerted and conspired, to cause for the plaintiffs to be prosecuted (persecutted), during the past nearing twenty months, 45 times in four different courts, in four different cities, on such false and fabricated allegations or charges, yet the court must exonerate them because defendants think that they are immune.

Defendants and counsels better learn and know, that constitution do not give defendants a license to violate constitutionally protected rights. Defendants are not immune. Defendants and their own counsels have only learned, how to bypass the constitution and get around the law. Again,

6

I challange the constitutionality of defendants' immunity defense.

The Defense of Soverign Immunity by the Defendants is used as a "Red Herring". Defendants are Transforming and Trans-Planting the Constitution. Memorandum of Points and Authorities:
**"memo est supra"**

Privilages and Immunities – California State Constitution Section 21:

1 -    "...No special privileges or immunities shall be granted which may not be altered, revoked or repealed, nor shall any person or class of persons be granted any privileges or immunities, which upon the same terms, shall not be granted to all inhabitants of United States."

2-    "...The 11th amendment does not accord the state sovereign immunity to suit both by the sister state or by the United States and, relief is available in federal courts in which state officials are nominal defendants."

3-    "...Under the Federal Tort Claims Act 28 USC S. 1346(b)(S. 2.2740), the district courts are given "exclusionary jurisdiction" over the claims for money damges based upon negligent or intentional acts of government employees, as a private person would be liable under the same circumstances. The Act in substances is a broad waiver of soverign immunity defense."

4-    "...In 13, 14 and 15 amendments to constitution, the courts have relied upon the Enabling Clauses to sustain federal statutes authorizing civil damages judgements or, criminal convictions against state agencies or officials, who misuse their authority, so as to violate rights protected by such amendments (S. 456)".

5-    ...Under Amendment 13 S. 458, where private parties collaborating with governmen officials and wilfully engage in a joint activity, to infringe the civil rights of others, the private individuals and the public officals are subject to sanctions under federal law." The supreme court has opened up the 13th amendment for broadening use in fighting discrimination. US v. Price (1966), US v. Quest (1966), Burton v. Willmington (1961) and Jones v. Mayer (1968)".

6-    "...The 11th amendment and the principle of sovereign immunity which it embodies are "necessarily limited by section 5 of the 14th amendment in protection of state officials and, damage remedy can be effective redress for infringement of constitutional rights. Also, 11th amendment does not invalidate 1972 amendment to Title VII of Civil rights Acts of 1964 and 65, which authorizes money damages and attorneys' fees against state government and its officials, found to have subjected individuals to discrimination."

7-    "...Both federal and state laws provide substantial protection and remedy against various forms of official misconduct. Sections 2.2 of the Civil Rights Act, 42 USC S. 1983 and its jurisdictional counterpart 28 USC S. 1343(3), authorizes damage awards and injunctive relief, for Police misconduct and, for any infirngement upon any federally guaranteed and protected rights."

8-    "...Congress enacted statutes, effective December 29, 1979, to allow suits in federal court against any p[erson or class of persons, acting under color of law, to deny and deprive anyone from his constitutionally protected rights. As a result of these amendments, any state agencies or governmental body and their employee or officials are "persons" in both their official or individual capacities and as such "sueable under above statutes, for damages and prospective relief. As a matter of legislative intent, all such governmental body or state agencies shall fall within the ambit of **"Monnel Case"**, as "sueable persons".

9.    "...Legislation has no power to limit the right of any person whose rights have been

7

violated, to seek remedies, nor a state must abandon its responsibility by either ignoring them or merely failing to discharge them <u>Peels v. Fl. Dept. Of Transporation (1979)</u> and <u>Shelby v. Oakdale Irrig. Dist. (1934).</u>

10.     "...The potential of litigation under the Civil Rights Acts, to challange abuse of state power, was suggested by the supreme court in <u>Owen v. City of Independance (1990).</u> Resolving the question left in Monel, the supreme court held that the governmental bodies are not protected by immunity but "sueable" persons for 1983 purposes. In <u>Denis v. Sparks (1980)</u> the supreme court agreeing with the 5th circuit, that there was no good reason in law, logic or policy for conferring immunity on private parties, who pursuaded an immune judge to excercise his jurisdiction corruptly. <u>We provide no licese to lawless conduct, court emphasized</u>".

11.     "...In <u>Griffin v. Breckenridge (USSC 1971),</u> the court overruled <u>Collins v. Hardyman,</u> holding that Section 1985(3) was applicable to private conspiracies and a statutary cause of action, where defendants were depriving others of basic rights that the law secures to all men. Court maintained that defendants imposing the badges and incidents of slavery. And, any implementing the 14th amendment rights shall "**override**" state's 11th amendment immunity <u>Maher v. Cagne (1979)</u>". See annotations of state or federal officials, as affecting governmet immunity from suit to enjoin agency or officials from taking actions beyond their legal power".

12.     "...The central aim of the civil rights acts, was to provide protection to those persons who had been wronged by the misuse of power possessed by the virtue of state law and made possible only because the wrongdoers were clothed with the authority of the state, which state never supports <u>Monroe v. Pape</u>. A damage remedy against the offending party is a vital componant of any scheme, for vindicating cherished constitutional rights, and the importance of assuring is the institution which had been established to protect the very rights it has violated or transgressed." See, <u>Sommers v. Tice (1948)(en band).</u> Court stated county or city are not entitled to immunity and as long as controversy exists between the parties, federal courts are empowered to grant relief under the Federal Declaratory Judgement Act  <u>Mount Healthy City v. Frye (1980)</u> and,<u>Capital Indust. V. Bernnett (1982),</u> to challange acts of officials performed pursuant to "unconstitutional" statutes".

13.     "...The government immunity doctrine and notice of claim laws do not operate in 1983 and 1985 suits, nor the law limits the awards of plaintiffs' recovery. Federal constitutional laws have been amended in recent years, as to provide measures for curbing local government or local bureacrats. In this scheme the 4th amendment will serve to limit the extent to which the agencieys or officials could defend the State Tort Claims Suits, by asserting that their act was valid excercise of authority". No <u>absolute immunity</u> for defendants unconstitutional act and, no <u>qulaified immunity</u> for their malicious, fraudulant and oppressive conduct".

14.     "...Under Amendment IV to U.S. Constitution, the right of the people to be secure in their persons, homes, papers and effects against unreasonable searches and seizures shall not be violated and no "warrant" shall be issued but upon probable cause supported by oath or affirmation and, particularly describing the place to be searched and the persons or things to be seized. California constitution, Art. I, S.1 (1974) favoring the protection of the Privacy Right, and any state authorizing invasion of such area of privacy must be subjected to strict scrutiny <u>Division of Medical Quality v. Gergardine (1979)".</u>

15.     "...If the police may violate section 844 and thereby affect an arrest, in a temptation to ignore the privacy right that it is in part design to protect, all such acts are held "unlawful" <u>People v. Hersh (1977)</u> and <u>U.S. v. Echeglan (9th cir. 1986).</u> The 4th amendment has drawn a Firm Line at the entrance of the home and, absent "**exigency circumstances**" the threshold may not reasonably be crossed without a "warrant" (supreme court cases of 1980). The Supreme Court held that searches and seizures conducted outside judicial process, without a prior approval by a judge or magistrate are per se "unreasonable" under 14th amendment. An intrusion in way of search and seizure is an "**evil**" and no intrusion is justified without a careful prior

determination of necessity, and searches and seizures deemed necessary must be as limited as possible. As illegal search and seizure reduces the 4th and 14th amendments to a "nullity" and, leaves the peoples' home secured only in the descretion of police and not by a judicial officer. In this case, the zelous defendants and counsels do not grasp the point of the 14th amendment Payton v. U.S. unconstitutional search and seizures without a warrant".

16. "...Under the standard articulated in Gravened v. City of Rockford (1972), the USCA held that section 876, gives a person of ordinary intelligence fair notice of the conduct it forbids and does not encourage **"erratic" arrests and convictions**. Congress provides specially for the excercise of Equitable Remedial Power by federal courts in such cases. Wright Law of Federal Courts 257, 2nd edition 1970".

17. "...Absolute or qulaified immunity may apply only on "non constitutional" conduct. This to include President Nixon but not the president's aids or cabinet members or officials Nixon v. Fitzgerald (1982), McKonny v. Whitfield (1984) and Bond v. Stanton (1984). Court held, that no official is under duty to enforce law or do act that violate federal constitution and in attempting to do so, he is not fulfilling the official duty or acting for state Southern Pacific v. Conway (1984)".

18. "...Eleventh amendment does not preclude suit against wrongdoer merely because he asserts that his acts are within official capacity, which state does not confer. Any discriminatory intention to violate any statutary rights is adequate basis for such a claim U.S. v. Board of School Commission, Vercester County Trust Co. V. Rieley and, Bonnans v. Thomas".

19. "...Malice negativate the Qualified Immunity Deffense. Litigation of the good faith defense after **Harlow** has revolved around the term **Clearly Established Law**. In Wood v. Strickland the court held, that defendants could not avoid liability where the rights were clearly established. An act violating a person's constitutional rights, can no more justified by ignorance or disregard of **settled indisputable law** and the plaintiff should prevail where the law is settled".

20- "...According to Ninth Circuit, suit against state or county officials is permissible not only for violation of rights by negligent acts by officials but, by setting in motion a series of acts by others, with the actual knowledge for others to cause the constitutional injuries (**proximate cause and cause in effect**). According to majority of circuits including the Ninth Circuit, violations of certain constitutional rights are **redressable by substantial compensatory awards** independant of actual injury. The court stated, once a defendant is shown to have acted with intent to discriminate based on racial, ethnic and/or other hostility, such intent constitute the malicious intention to cause a deprivation of constitutional rights, that is inconsistant with the **Subjective State of Mind** required for the defense of good faith immunity Morrison v. Jones (9th cir 1979), Donnald v. Musick (9th cir 1970), Flores v. Pierce (9th cir 1980) and Gomez v. Tolido (1980) The Ninth Circuit affirmed a jury's award of damages and attorneys' fees against city officials. Court stated the **Qualified Immunity Test** is an affirmative defense, which the defendants have the Burden of Pleading and Proving. **Correspondingly, a 1983 plaintiff need not allege bad faith in order to state a cause of action**".

21 "...In pieerce v. Moody (1982), the prosecutor was not immune of preparing applications for warrants. In Guerro v. Mulhearn (1974), the court held that the defendants were not protected when they had cooperated with police officers to obtain a search warrant based on **perjured testimony** or baseless charges. In Rayland v. Shapiro (1983), defendants denied immunity, for participating in a **"coverup"** of illegal activities. Hence, **prove of some constitutional violations preclude any qulaified immunity defense**, when defendants intentionally discriminated under the 4th amendment or, has been indifferent to the needs of an accused under the 8th amendment Bates v. Jones (9th cir 1984) and Haygood v. Young (9th cir 1985)".

22- "...In police misconduct litigations, majority of courts concurred that, to mechanically apply the general "good faith" defense to all aspects of police work, has led to confusion and "doctrinally" incorrect decisions in the lower federal courts. However, Harlow v. Fitzgerald

(supra) makes it clear that a threshold determination in all cases in which defendants plead Qualified Immunity, is whether governmental officers were performing a **discretionary function**? Police officers do not as a rule excercise the kind of discretionary judgement excercised for example by presidential assisstants (**Harlow**) or governors Scheuer v. Rhodes, Briggs v. Malley (1984) and O'Conner v. Donalson, the supreme court indicated that an official defendant would be charged with the knowledge of **plainly foreseable constitutional developments** Lewis v. McMaster (9th cir 1981).

23- "...Proof of some constitutional violations should preclude any qualified immunity defens

The only issue is whether the conduct was violative of the plaintiffs' rights Haygood v.Younger (9th cir 1983). The probable cause is the question of law and facts. Not the facts that the police thought but whether court and jury think it did, and the court submit the evidence of it to jury. In Harlow (supra) court held that if the law was clearly established,the immunity defense shall fail".

Plaintiffs affirmatively allege and prove that defendants did not and could not pass the subjective part of the QIT. Defendants are accused and guilty of:

1) Negligent and intentional violation of the plaintiffs' right to privacy, to be free from unwarranted intrusion upon their persons, property and effects and, the enjoyment of the peace and tranquility of their home under the 3rd and 4th amendments to constitution.

2) Forcible and aggravated trespass and crimes against inhabitants Landgrigan v. City of Warwick (1980)(a constitutional tort).**Violation of privacy is construed as violations of first, fourth, fifth, ninth and fourteenth amendments.**

3) Intentional violations of the plaintiffs' rights to be free from unwarranted and false charges and dishonest allegations Hutchinson v. Grant (1986), Parrat v. Taylor (1981), Briggs v. Malley (1984), Deery v. Three unknown police intruders (9th cir 1984). **Exclusionary Rule applies to any official illegality (fruit of the poisnous tree).**

4) Intentional violations of plaintiffs' right to be free from concerted and **aggravated assault and battery** and **use of excessive force** and **infliction of bodily injury** with its continued symptoms and physical and psychological manifestations, and violation of the plaintiffs' **integrity and charactor**. See

10

Pressor, Tort section 9 (4th cir 1971) and <u>Greagory v. Thompson (9th cir 1974).</u>

5) Intentional violations of plaintiffs right to be free from vindictive, punitive and **political kidnapping and hostage taking**, for black mail and stryotyping and defamation (**character assassination**) under <u>18 USC S. 1201 (Lindberg Law).</u> Intentional violation of the plaintiffs right to be free from repressive and persecutorial prosecution, for the purpose of **derailing plaintiffs** to assert and to legally bring action in courts against massive breach, infringement, abridgement and deprivation of their constitutionally protected rights.

6) Intentional violation of the plaintiffs' rights to medical care, to food, water and a sanitary environment, after being abducted, detained andor incarcerated. Also, plaintiffs' right to security of their persons against multiple and repeated insult, assault and battery by their assailants and guards Wheeler v. Nisbith.

7) Intentional violation of the plaintiffs' right to speedy trial against their accusors, and for plotting to set up plaintiffs by a premeditated and procreated plan of action, to entrupt and to charge them with false and fabricated accusation and charges of assault and battery by defendant Erik J. Vizcaino, and the charge of resisting arrest by the San Francisco and the Newark police departments, for retaliatory and persecutorial purposes.

8) Intentional violation of the plaintiffs' right from false and unfounded charges by hostile and unendorsed witnesses, i.e., accomplices and accessories to defendants' crime (Tainted and irrevocably invalid statements, by hostile witnesses and informers unsupported by valid evidence. All such assertions against plaintiffs is confounding, to say the least.

9) Defendants' concocted charges of assalt and battery or even worse accusation of "**spitting**", arguendo even if taken to be true, it was

Supreme Court stated "persons who change the 4th Amendment must be the one against whom it in fact operates, which makes the award of damages both necessary and applicable, to the vindication of the rights and interests asserted Brown v. Bullard Ind. St. District (1981).

Plaintiffs in pro se affirmatively allege and prove that each of the claims and causes of action or substantial constitutional grievances against defendants SFPD, et al., NPD (Newark), et al., the Santa Rita Jail, et al., Erik J. Vizcaino, of the office of U.S. Senator Barbara \boxer, et al., is a prima facie viable and meritorious claim and, a judiciable cause of actionable type. Plaintiffs have sufficient stake in the outcome of each of their litigation. Defendants denying of these claims will not make them any less accountable but, make their guilt and liability under the law higher.
and sentece that much higher.

Specifically, plaintiffs allege that it is for the fact finder to determine whether defendants acted only negligently or manifested such callous disregard and reckless indifference to negate **good faith subjective criteria** under the **viable cause of action rule**, as only a jury or fact finder can determine the issues, and whether defendants statisfied the **Subjective Conscious Indiference Test** Vasquez v. Show (9 cir 1980), Benningni v. Hemett (9th cir 1988) and Ashelman v. Pope (9th cir 1986)(en banc).

Each of the several and separate complaints, legal actions or suits (past or present) by plaintiffs against various state of California defendants, including the defendants SFPD and NPD, raised **substantial constitutional issues** and **federal questions** against defendants, which shall remain in controversy until a

13

full, fair and meaningful settlement of these claims is made in a court trial by jury. Defendants are in clear and evident violations of numerous United States Code Statutes and the Statutary rights of plaintiffs. Defendants are also charged with a wide range of negligent and/or intentional torts, prejudicial misconduct and ethical improprieties against plaintiffs (an entire campaign of harassments, abuse and violations) based on personal, racial and political annimus and underlying other corrupt motive. Plaintiffs particularly allege and prove that **defendants had a state of mind bent on injuring plaintiffs**, their rights and their legal actions brought against various state defendants and said SFPD itself, during the past three decades, from 1979 to the present <u>Main v. Tibutal (1980)</u> <u>Barbsdale v. King (1983)</u> and <u>Benningi v. Hemmet (supra).</u>

Furthermore, each of several actions or suits by the plaintiffs, present enough evidence for the fact finder to conclude: 1) That, the alleged conspiracy charged against defendants actually existed, 2) That defendants and each of them had at least a slight connection with it, 3) That defendants conspiracy was organized and perpetual in intent and nature and shown a **pattern of continuity** under the **Federal Tort Claims Act and Continuing Violation Rule, 4)** That defendants conspiracy (**A Family Tree of Conspiracy**) targeted plaintiffs and aimed at denying and depriving plaintiffs of their substantial and at the time **well settled and established constitutionally protected rights**, 5) That at all times herein related in these action(s), defendants were motivated and actuated by malice, fraud and oppression. 6) That defendants conspiracy was of a continued, unceasing and perpetual type (extont), with the last covert act engendering a

new and most damaging calamity caused and orchestrated by defendants, pursuant to an incident in Senator Boxer's office on September 20, 2006, and 7) That as a direct and proximate results of the defendants negligent or intentional act or inactions plaintiffs incurred injuries of a severe and lasting type. For which damages, losses and injuries defendants are accountable and liable, for the full extent of the plaintiffs such damage, loss and injuries.

According to the public and media openion, and even according to the **state of California's own appointed attorney investigators,** during the long course of these litigation, in the past **over three decades**, said defendants and their representing state counsels did repeatedly **perpetrate fraud upon courts and thwarted court and justice (continued conspiracy, trespass and travesty of justice)** KKK v. FBRP (1984), Morrison v. Jones (9th cir 1978), Johnson v. Duffy (9th cir 1978) and, Florez v. Pierce (9th cir 1980). Defendants and counsels procured (pandered) numerous decisions, rulings and orders, with actual knowledge that all such decisions, rulings and orders were illegal (**scienter**) Rankin v. Howard (9th cir 1980), Smith v. Vasquez (9th cir 1981), Beard v. O'Dall (9th cir 1983), Toeler v. First Wyoming Bank (9th cir 1983), Harweston v. Gabico (9th cir 1983) and Nelson v. Neeley (9th cir 1988).

Plaintiffs reallege that defendants and their state defense counsels, once again are trying to subvert judicial process from their own timing, **foreclosing the need for a jury trial** of the aggrieved plaintiffs' claims and their **long neglected substantial constitutional grievances**, from reaching a jury trial (outrageous and reprehensible conduct) Phiffer v. Pairmount Motor Home (9th cir 1980),

15

Speckman v. Good (9th cir 1966), Peace v. Andrews (9th cir 1978). Also see Norton v. Little (9th cir 1980) and, Pacific Legal Foundation v. Energy Resources (9th cir 1981).

Plaintiffs further allege that defendants and their own viciously influential state counsels, pursuant to over three continued decades of mockery, columney and obstruction of justice, once again are trying, to approach, to importune and to defile this court, in order to tamper with the adminstration of justice in a manner indisputably sham. The type of conduct engaged by defendants was not and is not and never will be protected by the executive immunity or qualified immunity or any statute or immunity for that matter U.S. v. Wilson (1986). Specifically, defendants police officers reports are replete with misrepresentaion, falsification and concealment of material facts, issues, law and evidence, proven to be retaliatory and utterly hostile, and saturated with malice, fraud and oppression. However, defendants once again are trying to force this court into believing that no matter what they did in this case and no matter how serious those crimes are, they somehow are entitled to some invented immunity for their tortuous act. But, defendants can not anymore construct a fortress of soverign immunity to retreat in or hide behind its' walls, as there is no such immunity for defendants' own **massive unconstitutional acts. Also, under the law, malice negativate any qualified immunity defense**. Defendants did not and cannot pass the **post Harlow Qulaified Immunity Test**. Moreover, defendants saying that they did not commit the alleged crimes, is not enough. Both the defendants and the plaintiffs must be given the opportunity to present the plaintiffs' claims and the defendants' defenses for determination by the fact finder. The **VII Amendment to Constitution states that**

16

"**the jury right of individuals must be preserved and to remain inviolate.**"

See, the Common Nucleous of Operative Facts under Sommers v. Tice (1983).

## Conclusion

Plaintiffs in pro per, pro se allege that they have both **legal and statutary rights**, as well as an "**equitable**" **right** and **substantial interest and stake** in the outcome of these litigation, therefore plaintiffs pray for relief as stated below:

1. For order granting the plaintiffs' opposition, and denying the defendants' notice of motion and motion and their related points and authorities and their order form to dismis plaintiffs actions (two separate actions).

2. For order denying the defendants' motion to strike the plaintiffs' **demands for punitive damages** against the defendants. The Congressional provisions and the language of the constitution, is this regard is clear and the pro se plaintiffs are fully entitled to such remedies.

3. For order that defendant Erik J. Vizcaino and, the defendants SFPD Peter Walsh, and NPD Robert Douglas, Richard Lopez and William Shaffer be subjected to a lie detector (**polygraph**) tests, for their deliberate and evidently unlawful misrepresentation and falsification (columny).

4. For order **barring defendants** and the state defense counsels from ever Introducing any defense under soverign or qualified immunity or any immunity for tht matter, in this case in this court in future.

5. For order that counsels fully cooperate in the **discovery matters** and, to comply with any **discovery order** issued by this court (past or present). And, for order to **compel compliance** with any such discovery order, and for imposition of disciplinary and moneytary sanctions against defendants and their counsel(s) found to have become **contemptuous** of any such rules, laws and orders.

In anticipation, the plaintiffs' First Amended Complaint, and their instant Opposition to Defendants' Notice and Motion to Dismiss, both have been prepared by the unrepresented plaintiffs without the assistance of a competent counsel and, under the most dire and indescribable conditions and hardship.

17

Therefore, the plaintiffs do hereby seek the leave of Court, to further amend, to correct or to change the plaintiffs' First Amended Complaint and their instant Motion of Opposition, as the information become available or ascertainable.

### VERIFICATION

The undersigned plaintiffs hereby declare under penalty of perjury under the laws of the State of Caliofrnia, that the foregoing is true and correct and, that Plaintiffs' Notice and Motion of Oposition was executed on the 25th of July, 2008, in the City and County of Marin, State of California.

Respectfully Submitted:
Plaintiffs in pro per, pro se;

*(signature)*  *(signature)*

Amir H. Shervin  Shirin N. Shervin

18