Dr. Amir H. Shervin
And, Shirin N. Shervin,
1 Muroc Lake Dr., # 125
Novato, CA. 94949
1. Tel: (415) 234-6367

Plaintiffs:

**FILED**

JUL 29 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

Amir H. Shervin, and
Shirin N. Shervin, et al.,

        Plaintiffs, in pro per )

v.                            )

)
)
City of Newark and Newark City Police )
Department, Robert Douglas, Richard )
Lopez, William Shaffer, et al., and their )
Supervisors; City of San Francisco and )
San Francisco Police Department Peter)
Walsh, et al, and their supervisors, The )
Santa Rita City Jail, et al., and their )
Supervisors, The City of San Francisco )
Office of Senator Barbara Boxer, Erik J.)
Vizcaino, et al., and their supervisors )
Conspirators and coconspirators, )
Does A to Z (1 to 100) )
_____/

Case No: 308-CV 01631-VRW

Full Bench and Jury Trial

**FIRST AMENDED COMPLAINT**

Unlawful, concerted and retaliatory
invasion of privacy, search and
seizure, aggravated assault and
battery, use of excessive force and
infliction of severe bodily and
emotional injuries, kidnapping, false
charges, false arrest and detention,
massive violations and abuse of
constitutional rights, breach of
peace and acts of terrorism, for the
purpose of defamation, and actual
obstruction of justice.

## 1- Jurisdiction.

This court has jurisdiction over this complaint, because it arises under the laws of the United States, Statutes: 42 USC S. 1981 (allien discrimination), 42 USC S. 1982 (racial discrimination), 42 USC S. 1983 (civil rights violations), 42 USC S.1985 (civil and criminal conspiracy), 42 USC S.1932 (Monnel's Act), 28 USC

S.1343 (Molier's Act)(intentional violations of various aspects of civil rights and liberty interest), 28 USC S. 1346 Federal Tort Claims Act, s.s.(b) 2671 et seq (Continued Violation Rule), (The Rules Enabling Act), 28 USC S. 2412 (Equal Access to Justice ACT), 28 USC S. 242 (Equal Treatment Under Law), 28 USC S.1331 (Title28), 28 USC S. 2284 (personal prejudice), 28 USC S. 2070 (failure/refusal to enforce court's own rules and orders), 18 USC S 242 (dilatory tactics to prosecute),KKK Act of 1972 & 73, Sherman Anti Trust Act (Cabalism), 18 USC S. 1651 (A family tree of conspiracy)(A Grand Jury Investigations), 18 USC S. 1201 (kidnapping), 18 USC S. 3500 (Jencks Act), 18 USC S. 1503 (Imperabitus order),18 USC S.1562 (orders obtained by fraud), 18 USC S, 1962 (RICO Predicate Act), CCCP S. 3294, (Councious Cruelty).

Comes Now the Plaintiffs Amir H. Shervin and his daughter Shirin N. Shervin, <u>incorporating all claims in the original complaint, except (page 3, line 13) filed "erroneously" by their former counsel James P. Swanseen</u>, and state:

1. Plaintiffs are natural adult persons within the United States, who now reside in the City of Novato, County of Marin, California.

2. Defendant CITY OF NEWARK, (hereinafter refereed to as "Newark' is, and at all times mentioned herein was, a municipal corporation" duly organized under the laws of the State of California, situated in the County of Alameda.

3. Defendants ROBERT DOUGLAS (Badge No. 59), RICHARD LOPEZ (Badge No. 77), and WILLIAM SHAFFER (Badge No. 46) are individuals who at all times herein related were employee(s) of defendant City of Newark, being employed as police officers, and in doing the acts described

herein were acting under color of law within the scope of their employment.

4. Defendant City of San Francisco and the City of San Francisco Police Department (hereinafter refereed to as "SFPD") is, and at all times mentioned herein was, a Municipal Corporation duly organized under the laws of the State of California, situated in the County of San Francisco. And, the defendant PETER WALSH, et al., is an individual, who at all times mentioned herein was an employee of defendant City of SFPD, employed as police inspector, and in doing the acts described herein was acting within the scope of his employment under the color of law.

5. Defendants The SANTA RITA JAIL (hereinafter "SRJ", is and at all times mentioned herein was an entity duly organized under the laws of the State of California, situated in the County of Alameda, which in doing the acts described herein was acting under the color of law.

6. Defendant ERIK J. VIZCAINO, is a "person" who at all times mentioned herein was an employee of the San Francisco office of the U.S. Senator Barbara Boxer, and in doing the acts described herein was acting within the scope of his employment under the color of law.

7. Defendants Does A to Z (1 to 100) inclusive, are sued herein under their real and/or fictitious names. Defendants true names and capacities are unknown to plaintiffs. When their true names and capacities are ascertained, plaintiffs will amend by inserting their true names and capacities therein.

8. Plaintiffs are informed and believe and thereon allege that each of the named and identified defendants is responsible, in some manner for the

occurrences herein alleged and that plaintiffs damages, losses and injuries are directly and proximately caused by said defendants and all of them, both as the state employee and in their individual capacity. Therefore, each reference in this complaint to "defendant" or "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

9. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

10. Plaintiffs are required and have complied, with applicable claims statutes.

### Venue

11. Plaintiffs allege that all acts or done by the defendants, were and continue to be acts in violations of both **CIVIL** and **CRIMIAL** laws under the constitution of the United States, and the laws and constitution of the State of California. As it is also, in violations of the United Nations Declaration of Human Rights. However, plaintiffs in pro per, are not sure that this Court <u>has</u> or <u>has not</u> the proper jurisdiction of this claims. Thus, plaintiffs will and do hereby move this Court that this case(s) be duly assigned to a court of proper jurisdiction.

### INTRODUCTION

12. Plaintiffs allege and prove that during a long period of 15 years, plaintiffs and their interfaith community and media supporters, have on numerous

4

occasions petitioned the government (State and Federal) and politicians such as the state Senator Barbara Boxer, regarding over three decades of persecution of the plaintiff and his family, children and other loved ones. None of the petitions to Senator Barbara Boxer was responded to. Soon after plaintiff received a call from Senator Kennedy's office, informing that Senator was very concerned about the matter and had refered the case to Senator Boxer in California, for an immediate resolution of this matter. It was because of Senator Kennedy's directive that plaintiff received a call from Senator Boxer's office, informing that a meeting in this regard was being arranged and plaintiff would be soon invited regarding his situation. Also, an Interfaith Coalition Petition to Senator Edward Kennedy was itself refereed to Senator Boxer in California, with a personal directive by Senator Kennedy, to find an early resolution to this matter.

13. Meanwhile, certain members of the Iranian Christian Church of Sunnyvale, California were in contact with Senator Boxer and her staff, during the first half of the year 2006, assuring of an upcoming settlement. Plaintiff was enticed to sign a church drafted statement to be delivered to Senator Boxer.

14. During the months of June and July 06, Plaintiff contacted senator Boxer's office and was told by an aide **Benjamin Kurtz** that the file of the case was missing or perhaps removed by the prior aide **Shawn Bananzadeh**, asking plaintiff to forward another package. On or about July 20, 06. a new package was mailed to Mr. Ben. Kurtz. However, despite promises to arrange for a meeting, nothing happened for the next two months. Here, the

5

community members suggested that we go to Senator Boxer's office to inquire about the status of these petitions and Senator Kennedy's referral.

15. On the morning of **September 20, 2006**, accompanied by Mr. **Hooshang Bastan** and Mr. **Mehrdad Baharloo**, we visited three politicians offices. The **Congressman Pete Stark, Senators Diane Feinstine and Barbara Boxer.**

16. We arrived in the office of Senator Boxer at about 11: 30 a.m. We were asked to fill in a form, which an aide took in while we were seated and waiting. Minutes later the aide came out saying that someone in the office had said to tell us, that <u>the office could not do anything in this case</u>. Not expecting such response, I said <u>please tell the gentleman to write down what he just said, as we needed to send the letter to inform senator Kennedy and the interfaith coalition leaders that senator Boxer could not or did not help.</u> The aide went back in and we were once again sitting quietly.

17. At this time, the inner door suddenly opened and a person burst out very agitated. He rushed straight towards me. I felt he was about to physically attack me, and I stood up, perhaps to protect myself. He was irate and shouting <u>"didn't you hear what I said. We are not helping you. Do you understand that? We don't need to write a letter."</u> Then he went on screaming <u>"get out of here, get out of here. Call the cops, call the cops !"</u> We were shocked and felt insulted. I told him that "this was not his office or even Boxer's office. This was the community office and people would come to a politician with their problems and grievances and, that his act was unbefitting of such an office.

6

18. Plaintiff and many in the community believe that this looked like a "set up" procreated by certain members or agents of SFPD, that upon our arrival in the office, Vizcaino would stage an assault, as he did and then make a report to the hostile police, who in turn would take over to retaliate, for plaintiff's years of earlier legal actions against SFPD, for its' previous raids of myplaintiffs' home. The Dockets of the Federal District Court and the Ninth Circuit Court of Appeals include several decisions, rulings and orders by these courts against SFPD. Furthermore, the interfaith coalition members believe that the state defendants and SFPD and their influential counsels and lobbyists were viciously successful in subverting the court and the judicial process in these cases, in order to remain Fugitive from Justice.

19. After the incident on September 20, 2006, we wrote a letter to Senator Boxer's Washington, D. C. office, asking that Erik Vizcaino be reprimanded for his gross act of misconduct. But, we never received any response.

## The Aftermath

20. On October 5, 06, two weeks after the day of incident, I received a call from a Peter Walsh, claiming to be a police inspector. He said he was investigating a complaint from Erik Vizcaino. I asked Mr. Walsh to please write to me identifying the accuser and the nature of his accusation and I would respond. Mr. Walsh said "oh' no., there is no need of writing. Just tell me why you went there and what happened next?." I told him everything however, when I attempted to give him some background of the

7

case, he stopped me by saying "you don't need to tell me, I know well about you and your struggle. He then said "o.k. sir, no problem and hunged up.

21. Over two months later, on Thursday December 7, 06, at about 10: 20 a.m., I was home attending my daughter, who was sick and did not go to school that day. At the time, my children, my daughter (16) and my son (14) and I were guests at Mr. Hooshang Bastan's home in Newark. I advised my daughter to sit on the deck in the sun and, I was sitting next to her and encouraging her to have some food and medicine. I heard the phone ringing and went to the kitchen to take the call. To my utter surprise it was Walsh again. I said "Good morning officer Walsh, Merry Christmas". In return, he said "but I have a bad news for you." He said "you must come to my office tomorrow at 9:a.m. I was shocked. I said "Mr. Walsh you called me over two months ago about this matter however, you never charged me with anything. Now over two months later why you are asking to see me so urgently? He said "that is it, you must come tomorrow." I said Mr. Walsh my daughter is sick at home and I myself am under treatment for ill health and beside the holy Season of Christmas was upon us, and I ask you to give me some time until after New Year. He said "No. no, you must come tomorrow, because I do not wish to send men to take you in front of your children or neighbors". I told him, surely this was not an emergency situation, otherwise you would not have waited for over two months to get back to me and I don't know why you are rushing me. Again, I said I needed some time to get ready. He said how much time you Need? And I said "Give me 10 days". He

8

Case 3:08-cv-01631-VRW   Document 27   Filed 07/29/2008   Page 9 of 18

said "No, I can't do that, that is too long". I then asked "How about 3 days? He agreed and conversation ended..

22. I called my host Mr. Bastan, who was out of the house at the time and told him about the call. He said he would be there, in no time. Soon he came in and called Mr. Walsh to question him about the matter. While the two were talking, I heard my daughter calling me from on the deck. I rushed to her side and she said "papa, were you talking to a policeman ?" I said yes but don't you worry, everything is alright. I tried again to give her medication.

23. It was at this time that we heard some loud noises in the house and, all of a sudden several policemen (at least three), rushed on to the deck. It was unexpected. I stood up gently and said **"Good morning officers, Merry Christmas."** They appeared extremely hostile. One officer said "are you Amir"?, I said "yes", and then two officers rushed twoards me grabbed both of my wrists and twisted my arms behind my back, while another officer kicked my legs out from under me throwing me to the deck. All in front of my teribly frightened and crying daughter. While on the ground, they kicked and pounded my body and hitting and mauling my head and face to the hard ceck while pressing a baton on my neck, as if trying to sufocate me. I sensed the feeling of an impending death. Then I heard the Moaning of my daughter and knew that they were beating her too, as she was screaming and crying for help.

24. What happened next is so utterly graphic and so extremely disturbing that it makes it almost impossible for me to describe herein. Therefore, I seek

9

the leave of court to provide a separate and confidential reports in this regard. Also, since these horrid events, the community, the media and even the state of California's own appointed attorney-investigators have written and reported about these outrageous and heartless atrocities by those brutal elements and tort-feasors, a non-exclusive summary of the defendants' brutal and despicable acts are provided hereinafter below:

24.
### CAUSES OF ACTION
### AGAINST ERIK J. VIZCAINO AND HIS SUPERVISORS, ET AL.

1. For unexpected and possibly premeditated assault, to cause for a totally unexpected, unwanted and undesired altercation, to be used by the hostile SFPD, to stage its December 7, 2006 raid on the plaintiffs' home.

2. For reporting and filing false and dishonest charges against plaintiff.

3. For expunging of files, documents and records in Senator Boxer's office.

4. For participating in SFPD or other state defendants' deep rooted bias, prejudice and hostility towards plaintiff, benting to injure him and his rights.

5. For slander and libel and defamation. And, for violating the rules of conduct while an employee of a Senator's office.

25.
### CAUSES OF ACTION
### AGAINST THE DEFENDANT THE CITY OF SAN FRANCISCO POLICE DEPARTMENT PETER WALSH, AL PEREZ, SAM WILLIAMS, JERRY EVERETT, AND THEIR SUPERVISORS, ET AL.

1. For conspiracy and concerted action (negligent and intentional), to injure plaintiffs, their rights and their legal actions, from 1977 to 2008,

10

2. For consistent and ongoing acts of harassment, intimidation and threats of repercussion, imprisonment, deportation or other harms,

3. For interference with plaintiffs' suits or legal actions against various other state defendants including UCSF, California Board of Dental Examiners, and the SFPD itself, in the forms of continued harassing and threatening calls and, for illegal and unwarranted apprehension and forced interrogations,

4. For several and separate acts of illegal, unlawful and unwarranted invasions of home and privacy, assault and battery and use of excessive force and infliction of severe bodily and emotional injuries,

5. For interfering with and actual abuse of plaintiffs' witnesses and attorneys.

6. For preventing media from ever publishing their investigative reports.

7. For filing false, dishonest, unfounded and frivolous charges against plaintiffs,

8. For subverting process, by remaining in contempt of a court discovery order.

9. For preventing Federal Court Calendared Trial, from ever reaching trial.

10. For preventing 9th Circuit Court of Appeals' **setting aside a dismissal with prejudice and remanded for trial, to reach trial again by fraud.**

11. For possibly conspiring with defendant Erik J. Vizcaino, to prevent the community petitions, from being brought to Senator Boxer's attention.

12. For using Erik Vizcaino's false and hostile report, to stage a new invasion on plaintiffs' home, on December 7, 2006. This court must take legal notice that the raid on plaintiffs' home occured **80 days** after the alleged incident.

(*) Plaintiffs affirmatively allege that neither on the day of invasion and nor prior to said date, plaintiff had any knowledge or information about any

11

such raid by SFPD or by their counterparts in Newark NPD. Therefore, any such assertion or statement by defendants, their counsels or, by the plaintiffs' own attorney James P. Swanseen in complaints filed by the latter, dated 1/29/08 (**page 3, line 13**) stating that "plaintiff was later informed and believed that the officers were executing an arrest warrant, that was issued out of San Francisco," All such assertion is **TOTALLY FALSE.** Affirmatively, plaintiffs re-allege that neither on the day of the invasion nor prior to that did plaintiffs were without information or knowledge about any such raid by SFPD or its own accomplices at Newark Police Department or, of the existance of such warrant. Hence, plaintiffs will and do hereby move this court for **order to Strike**, all such assertion insinuated by the counsels, in its entirety, as **false**.

26.

## CAUSES OF ACTION
### AGAINST THE DEFENDANTS CITY OF NEWARK ROBERT DOUGLAS, RICHARD LOPEZ, WILLIAM SHAFFER AND THEIR SUPERVISORS, ET AL.

1. For conspiracy and a concerted action with the defendants SFPD Peter Walsh and Erik J. Vizcaino (above), to invade plaintiffs' residence in Newark, on Thursday December 7, 2006, without a warrant, without any sincere cause and absolutely without due process and equal protection of law.

2. For intrusion and occupation of plaintiffs home, without a proper warrant and without permission of the occupants. As stated earlier, at the time of entry, the property owner Mr. Bastan was talking to inspector Walsh who asked asked him to tell the officers "not to enter the building but talk to him (Walsh).

3. For failing toproperly identify plaintiff and to remind him of his Miranda rights.

4. For assault and battery and use of excessive force; for using choke hold and baton, in an attempt to suffocate plaintiff; for infliction of severe physical and emotional injuries and, for certain other gruesome acts, painful to disclose.

5. For knocking plaintiff to the ground and battering him repeatedly and then dragging him out of the building to the street, without letting him walk.

6. For staging a brutal, inhuman and truly dastardly assault and battery on the plaintiff's daughter (16), who was witnessing the onslaught by the assailants on her father, by grabbing her hair from behind and throwing her down on the deck and pummeling her body and, for repeatedly touching her breast and the private parts, under the guise of a body search.

7. For false arrest and false detention, for hand cuffing, transporting and committing him to the Santa Rita Jail, in the most dehumanizing and indignified manner (that compel further and confidential description).

8. For filing unfounded and fabricated charges against plaintiffs, despite the City of Newark Police Chief Ray Samules and three police agents' own Repeated apology regarding said police defendants own outrageous acts.

9. For attempting to further defile the court and subvert the judicial process by dragging and sabotaging the case and the due administration of justice, in four different courts in four cities (San Francisco, Fremont, San Leaandro and San Rafael),so far 44 imes of appearances during the past 19 months.

10. For enticing plaintiffs' counsel **James P. Swanseen** to withdraw from the case compelling plaintiffs to fend for themselves. Also, for moving these actions filed in the state court, unilaterally to federal court.

13

27.
## CAUSES OF ACTION
## AGAINST THE SANTA RITA JAIL AND THEIR SUPERVISORS

1. For participating in defendants SFPD and NPD (Newark) concerted and conspiratorial action, and by aiding and abetting said criminal defendants' own multiple conspiracies and malice, fraud and oppression.

2. For detaining plaintiff without due process and equal protection of law,

3. For placing him in solitary confinement with no food and water for 3 days.

4. For failure or refusal to provide medical care or medication to plaintiff.

   (*) One guard pointing to his genitals said "you need tablets, come
   and have it. Another guard saying "do you have money, I will
   go to your bag and take the money and then bring you some tablets"
   Only to steal the money in my walet without bringing me anything.

5. For repeatedly manhandling me. And, for continously abusing, teasing, vexing and ridiculing me and, threatening me for example, of never seeing my children no more,

6. For moving me to various crowded, stuffy and unhygienic cells and forcing me to sit and/or stand among loud, filthy, dangerous and abusive mates, actually threatening and jeopardizing my health and life.

7. For lining me up and walking me with prisoners to and from various cells, buildings, corridors and yards and, forcing me to stand up next to the walls alone for extended time,

8. For transporting me in guarded vehicles in tight hand cuffs and restrains to distant locations through towns and streets.

9. For detaining in violation of a court order releasing me on bail. And, Detaining me for nearly 30 more hours.

14

10. For finally letting me go at about 9:p.m., in a severely stormy, cold and rainy night, without any help or transportation. Soon after I realized that Several of my personal belongings such as my cell phone, my booklets, my children pictures plus a $60.00 dollars cash were missing. The facility initially promising to find and return these items to me but never did.

28. Plaintiff affirmatively alleges and proves that the aforementioned acts or in-actions perpetrated by the named and identified defendant **Erik J. Vizcaino** (accuser), et al., of the office of the Senator Barbara Boxer. And the defendants the **City of San Francisco Police Department Peter Walsh** and, those agents in the plaintiffs prior law suits **Al Perez, Sam Williams and Jerry Everett**, et al., And defendants the **City of Newark Police Department Robert Douglas, Richard Lopez, William (Bill) Shaffer**, et al., And the "**unknown**" defendants in **Santa Rita Jail**, et al., was the cause of multiple injuries to plaintiffs of a severe and lasting type, actually emanating from the wrong act by defendants.

29. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants, including all defendants under their real names and/or "fictitious" names, at the time of committing the acts or in-actions complained of, was the agent(s) of each of the remaining defendants, i.e., the office of Senator Barbara Boxer, the San Francisco Police Department, et al, City of Newark, Police Department, et al., and the Santa Rita Jail, et al., and in doing the things, acts or in-actions herein alleged or previously claimed in the plaintiffs' own prior law suits, was

15

acting within the course and scope of these agencies and/or employment. Therefore, each, any and all defendants is/are responsible, accountable, liable and sueable, in their capacities and/or in their private person(s), individually, severally and vicariously, for any and all damages, losses and injuries caused to plaintiffs.

3o  Plaintiffs allege and prove that, as a direct and proximate result(s) of wrong acts or in-actions by defendants and each of them plaintiffs suffered severe physical, emotional and psychological injuries; and to their persons, names, and characters, well being and lives.Plaintiffs have incurred, is incurring, and will continue to incur further such injuries and related costs, losses and expenditure in future. The full amounts of which damages, costs and losses are not known to plaintiffs and to be determined by the fact finders in a jury trial.

31. Plaintiffs further allege and prove by preponderance of proven and indisputable evidence including various court files and records (State and Federal and the Ninth Circuit Court of Appeals). And, massive public and the media investigations, reports and/or Petitions to the Government (state and federal), and the U.S. Department of Justice, unanimously condemning the nefarious and wanton atrocities committed by said state defendants, intentionally and with reckless indifference and callous disregard for the plaintiffs' federally protected rights,

32. Plaintiffs further allege, that defendants have actual knowledge of such facts but knowingly, designedly and with a guilty conscience denying such

16

facts (**scienter**). By doing so, defendants are once again trying to convince this court into believing that they did nothing wrong. Plaintiffs allege and prove that defendants, during the past three decades, have been successful in subverting the courts, and presently once again doing all they can to this court with their intentional misrepresentation, falsification and expungement and concealment of material facts, issues, laws and evidence, constituting "crimen falsi" and "acri mala in se".

33. Plaintiffs further allege that by doing so defendants are perpetrating fraud upon this court, mandating an 18 USC S. 1651 indictment against defendants, in the form of an Extra Ordinary Writ, For Order For a Grand Jury Investigation by the prosecutors and the U. S. Justice Department against said defendants and their viciously influential accomplices, lobbyists and judicial junta (crime compounders).

34.

### PRAYOR FOR RELIEF

**Based upon the foregoing facts,** plaintiffs prays for judgement against the defendants identified or to be identified, and each of them jointly, severally and vicariously, in the above causes of action(s), as hereinafter prayed below:

1. For general and compensatory damages according to proof.
2. For actual, demonstrative, special and prospective damages.
3. For Exemplary punitive and preventive damages.
4. For Medical and professional costs and related expenses.
5. For loss of earnings or expectation of earning past and future.

6. For Costs of suit incurred in these actions, past and future.

7. For injuries to name, character and reputation (defamation)

8. For reasonable attorney's fees pursuant to 42 USC S. 1988.

9. For Costs of suit and the interests as allowed by law.

10. For pain and suffering, and for any other and further relief as the court deems fair, equitable and just.

35.

## VERIFICATION

I, AMIR H. SHERVIN, herein declare:

That, I am the principle plaintiff in pro per, in the above entitled action. That, I have read the foregoing Complaint for Damages and know the contents Thereof. That, on my own behalf and on my daughter Shirin N. Shervin' behalf, I herein verify that the same is true and correct of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. This document was executed at the City of Novato, County of Marin, on July 18, 2008. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted:

Plaintiffs in pro per, pro se,

Dr. Amir H. Shervin                    Shirin N. Shervin