1    GREGG A. THORNTON (SBN 146282)
     DANIELLE K. LEWIS (SBN 218274)
2    SELMAN BREITMAN LLP
     33 New Montgomery, Sixth Floor
3    San Francisco, CA  94105
     Telephone: (415) 979-0400
4    Facsimile: (415) 979-2099

5    Attorneys for Defendants
     City of Newark; City of Newark
6    Police Department; Robert
     Douglas; Richard Lopez; and
7    William Shaffer

8

9                    UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

11

12

13   AMIR SHERVIN,                    CASE NO.  CV 08 01631 VRW

14           Plaintiff,

15       v.                           **DEFENDANT NEWARK'S NOTICE OF**
                                      **MOTION AND MOTION TO DISMISS**
16   CITY OF NEWARK; CITY OF NEWARK   **PLAINTIFFS' FIRST AMENDED**
     POLICE DEPARTMENT; ROBERT        **COMPLAINT PURSUANT TO FRCP**
17   DOUGLAS; RICHARD LOPEZ; WILLIAM  **12(b)(6); MEMORANDUM OF POINTS**
     SHAFFER, ET AL. AND THEIR        **AND AUTHORITIES**
18   SUPERVISORS, CITY OF SAN
     FRANCISCO AND SAN FRANCISCO      **FRCP 12(b)(6)**
19   POLICE DEPARTMENT, PETER WALSH,
     ET AL. AND THEIR SUPERVISORS,
20   THE SANTA RITA CITY JAIL, ET AL. Date : October 9, 2008
     AND THEIR SUPERVISORS, THE CITY  Time : 2:30 p.m.
21   OF SAN FRANCISCO OFFICE OF       Ctrm : 6
     SENATOR BARBARA BOXER, ERIK J.   Judge: Hon. Vaughn R. Walker
22   VIZCAINO, ET AL., AND THEIR
     SUPERVISORS, CONSPIRATORS AND
23   COCONSPIRATORS, DOES A TO Z (1
     TO 100)and DOES 1 to 100,
24   inclusive,

25           Defendants.

26                                    RELATED CASE NO. CV 08 01632 VRW
27   SHIRIN NATALIE SHERVIN,

28           Plaintiff,

                                      1

*Selman Breitman LLP*
*ATTORNEYS AT LAW*

1    v.

2    CITY OF NEWARK, CALIFORNIA;
     ROBERT DOUGLAS; RICHARD LOPEZ;
3    WILLIAM SHAFFER; and DOES 1 to
     100, inclusive,
4
             Defendants.
5

6

7    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

8        NOTICE IS HEREBY GIVEN that on October 9, 2008, in Courtroom

9    6, at 2:30 p.m., or as soon thereafter as the matter may be

10   heard, in the above-entitled court, located at 450 Golden Gate

11   Avenue, San Francisco, California, 94102, defendants CITY OF

12   NEWARK; CITY OF NEWARK POLICE DEPARTMENT; ROBERT DOUGLAS; RICHARD

13   LOPEZ; and WILLIAM SHAFFER (hereafter referred to collectively as

14   "NEWARK" or "defendants")[1], will hereby move the court to dismiss

15   the causes of action alleged by plaintiffs in their First Amended

16   Complaint.  This motion is brought pursuant to Federal Rule of

17   Civil Procedure 12(b)(6) on the following grounds:

18       1.   Plaintiffs have failed to state a claim against CITY OF

19   NEWARK and CITY OF NEWARK POLICE DEPARTMENT;

20       2.   Plaintiffs' claims asserted in the first cause of

21   action for equal protection and conspiracy are barred as

22   plaintiffs have failed to state a claim;

23       3.   Plaintiffs' claims asserted in the eighth, ninth and

24   tenth causes of action are barred as plaintiffs have failed to

25   state a claim under these causes of action.

26   _____

27   [1] Plaintiffs also allege causes of action against unspecified and unnamed "SUPERVISORS." (First Amended
     Complaint at p.12)  However, plaintiffs have provided no information regarding the identity of these
28   "SUPERVISORS" or the affiliation of these "SUPERVISORS."  As such, defendants are unable to appear or respond
     to the First Amended Complaint on behalf of these unspecified and unnamed defendants.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

Selman Breitman LLP
ATTORNEYS AT LAW

1    This motion to dismiss is based on this Notice of Motion,

2  the accompanying Memorandum of Points and Authorities, the

3  pleadings and papers filed in this action thus far, and on any

4  and all further evidence that may be presented at or before the

5  hearing on this motion.

6

7  DATED: August 8 , 2008    SELMAN BREITMAN LLP

8

9                            By:    _____

10                                  GREGG A. THORNTON
                                    DANIELLE K. LEWIS
11                                  Attorneys for Defendants
                                    CITY OF NEWARK; CITY OF NEWARK
12                                  POLICE DEPARTMENT; ROBERT
                                    DOUGLAS; RICHARD LOPEZ; WILLIAM
13                                  SHAFFER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Selman Breitman** LLP
ATTORNEYS AT LAW

155307.1  555.24827

3

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................ 1
II.   PLAINTIFFS FACTUAL ALLEGATIONS ............................ 2
III.  POINTS AND AUTHORITIES .................................... 7
      A.   LEGAL STANDARDS ..................................... 7
      B.   PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS
           TO SUPPORT THEIR CLAIMS AGAINST CITY OF NEWARK AND
           CITY OF NEWARK POLICE DEPARTMENT .................... 7
           1.   Plaintiffs' Common Law Claims Alleged Against
                CITY OF NEWARK and CITY OF NEWARK POLICE
                DEPARTMENT Are Barred Under Government Code
                section 815 ................................... 7
           2.   Plaintiffs Have Failed to Allege Sufficient
                Facts to Establish Liability Against Either
                CITY OF NEWARK or CITY OF NEWARK POLICE
                DEPARTMENT Under 42 U.S.C. §1983 .............. 9
      C.   PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS
           TO SUPPORT THEIR CLAIMS FOR VIOLATION OF THEIR
           RIGHTS UNDER THE EQUAL PROTECTION CLAUSE ........... 12
      D.   PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS
           TO SUPPORT THEIR CLAIM FOR CONSPIRACY .............. 13
      E.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FILING
           UNFOUNDED AND FABRICATED CHARGES, DEFILING THE
           COURT AND SUBVERTING THE JUDICIAL PROCESS,
           ENTICING PLAINTIFFS' COUNSEL TO WITHDRAW, AND
           MOVING ACTIONS TO FEDERAL COURT .................... 14
IV.   CONCLUSION ................................................ 16

Selman Breitman LLP
ATTORNEYS AT LAW

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Allen v. City of Portland*
    73 F.3d 232 (9th Cir. 1996) ..............................9

*Armster v. City of Riverside*
    611 F.Supp. 103 (1985) .................................13

*Balistreri v. Pacifica Police Department*
    901 F.2d 696 (9th Cir. 1990) ...........................7

*Barren v. Harrington*
    152 F.3d 1993 (9th Cir. 1998), cert. denied, 525 U.S.
    1154 (1999) ............................................12

*Bell Atlantic Corp. v. Twombly*
    127 S.Ct. 1955 (2007) .................................7

*City of Cleburne v. Cleburne Living Ctr.*
    473 U.S. 432 (1985) ...................................12

*Galen v. County of Los Angeles*
    477 F.3d 652 (9th Cir. 2007) ..........................10

*Griffin v. Breckenridge*
    403 U.S. 88 (1971) ....................................13

*Johnson v. Duffy*
    588 F.2d 740 (9th Cir. 1978) ...........................9

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ..........................12

*McDade v. West*
    223 F.3d 1135 (9th Cir. 2000) .........................11

*Monell v. Department of Social Services*
    436 U.S. 658 (1978) .................................9, 10

*Nadell v. Las Vegas Metropolitan Police Department*
    268 F.3d 924 (9th Cir. 2001) .........................11

*Plyler v. Doe*
    457 U.S. 202 (1982) ...................................12

*Robertson v. Dean Witter Reynolds, Inc.*
    749 F.2d 530 (9th Cir. 1984) ...........................7

*Spears v. City and County of San Francisco*
    2008 WL 2812022 (N.D.Cal. 2008) ..................10, 11

155307.1 555.24827

**TABLE OF AUTHORITIES**
(Continued)

Page

*Thompson v. City of Los Angeles*
    885 F.2d 1439 (9th Cir. 1989) ...........................11

*Trerice v. Pedersen*
    769 F.2d 1398 (9th Cir. 1985) ......................13, 14

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) ...........................11

*United Brotherhood of Carpenters and Joiners v. Scott*
    463 U.S. 825 (1983) ...................................13

*Whitaker v. Garcetti*
    486 F.3d 572 (9th Cir. 2007) ..........................10

*Wood v. City of El Cajon*
    2007 WL 2462117, 2007 U.S. Dist. LEXIS 63373 (S.D.Cal
    2007) ..................................................7

**STATE CASES**

*Lopez v. So. Cal. Rapid Transit District*
    40 Cal.3d 708 (1985) ...................................9

*Rodriguez v. Inglewood Unified School District*
    186 Cal.App.3d 707 (1986) ..............................9

*Tolan v. State of California ex rel. Department of
    Transportation*
    100 Cal.App.3d 980 (1979) ..............................9

*Williams v. Horvath*
    16 Cal.3d 834 (1976) ...................................8

**FEDERAL STATUTES**

28 U.S.C. §1441 ..........................................16

42 U.S.C. §1983 ......................................9, 12

42 U.S.C. §1985(3) ......................................13

Federal Rule of Civil Procedure 12(b)(6) .............2, 6, 7

U.S. Const. Amend. XIV ..................................12

**STATE STATUTES**

Government Code §815 ...................................7, 8

Selman Breitman LLP
ATTORNEYS AT LAW

iii

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

Selman Breitman LLP
ATTORNEYS AT LAW

1    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**

2    **DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

3    **I.    INTRODUCTION**

4        Defendants CITY OF NEWARK; CITY OF NEWARK POLICE DEPARTMENT;

5    ROBERT DOUGLAS (hereafter "DOUGLAS"); RICHARD LOPEZ (hereafter

6    "LOPEZ"); and WILLIAM SHAFFER (hereafter "SHAFFER") (hereafter

7    referred to collectively as "NEWARK" or "defendants")[2] bring this

8    motion to dismiss plaintiffs' First Amended Complaint with

9    prejudice for failure to state a claim upon which relief can be

10   granted.

11       This motion is brought on the grounds that the causes of

12   action brought by plaintiffs against CITY OF NEWARK and CITY OF

13   NEWARK POLICE DEPARTMENT are barred as the First Amended

14   Complaint alleges common law causes of action and does not allege

15   that the unlawful action was part of a policy or custom

16   implemented by CITY OF NEWARK or CITY OF NEWARK POLICE

17   DEPARTMENT.

18       Further, the first cause of action is barred, in part, as

19   the First Amended Complaint does not allege that plaintiffs are

20   members of a protected class or that defendants acted with a

21   discriminatory purpose.

22       Further, the first cause of action is barred, in part, as

23   the First Amended Complaint does not allege that defendants acted

24   of racial or otherwise class-based invidiously discriminatory

25   animus.

26   ///

27

28   _____

[2] Plaintiffs also allege causes of action against unspecified and unnamed "SUPERVISORS." (First Amended Complaint at p.12) However, as set forth above, defendants are unable to appear or respond to the First Amended Complaint on behalf of these unspecified and unnamed defendants.

1

1    Further, the eighth, ninth and tenth causes of action are

2    barred, as the First Amended Complaint fails to state a claim

3    under the eight, ninth and tenth causes of action.

4    As plaintiffs cannot state a claim against CITY OF NEWARK or

5    CITY OF NEWARK POLICE DEPARTMENT, the court should dismiss all

6    causes of action alleged by plaintiffs against CITY OF NEWARK and

7    CITY OF NEWARK POLICE DEPARTMENT.

8    As plaintiffs cannot state a claim based on the Equal

9    Protection Clause, the court should dismiss the first cause of

10   action as to the claims based on violations of the Equal

11   Protection Clause.

12   As plaintiffs cannot state a claim based on a theory of

13   conspiracy, the court should dismiss the first cause of action as

14   to the claims based on a theory of conspiracy.

15   As plaintiffs cannot state a claim under the eighth, ninth

16   and tenth causes of action, the court should dismiss the eighth,

17   ninth and tenth causes of action.

18   **II.    PLAINTIFFS FACTUAL ALLEGATIONS**

19   On January 31, 2008, plaintiff Amir Shervin filed a

20   complaint against defendants CITY OF NEWARK, DOUGLAS, LOPEZ,

21   SHAFFER, and Does 1 to 100, inclusive.  The matter was removed to

22   this Court by defendants on March 26, 2008.  On July 29, 2008, a

23   First Amended Complaint was filed against defendants CITY OF

24   NEWARK, DOUGLAS, LOPEZ and SHAFFER.  Plaintiffs also named as

25   defendants: NEWARK CITY POLICE DEPARTMENT, THEIR SUPERVISORS,

26   CITY OF SAN FRANCISCO AND SAN FRANCISCO POLICE DEPARTMENT, PETER

27   WALSH, ET AL. AND THEIR SUPERVISORS, THE SANTA RITA CITY JAIL, ET

28   AL. AND THEIR SUPERVISORS, THE CITY OF SAN FRANCISCO OFFICE OF

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

1  SENATOR BARBARA BOXER, ERIK J. VIZCAINO, ET AL., AND THEIR

2  SUPERVISORS, CONSPIRATORS AND COCONSPIRATORS, DOES A TO Z (1 TO

3  100).  The First Amended Complaint filed in the instant case

4  (CASE NO. 3:08-CV-01631 VRW) appears to be brought by Amir H.

5  Shervin and Shirin N. Shervin.[3]  See First Amended Complaint

6  (hereafter "FAC") p.1.

7       Plaintiffs allege that on September 20, 2006, accompanied by

8  Mr. Hooshang Bastan and Mr. Mehrdad Baharloo, plaintiffs visited

9  the offices of Congressman Pete Stark, Senators Diane Feinstine

10 (sic) and Barbara Boxer. (FAC p.6, ¶15)  Plaintiffs allege they

11 arrived at the office of Senator Boxer, where an aide told

12 plaintiffs "the office could not do anything in this case." (FAC

13 p.6, ¶16)  Plaintiffs allege they were sitting quietly when an

14 inner door opened and a person burst out "very agitated." (FAC

15 p.6, ¶16-17)  Plaintiff alleges the person rushed straight toward

16 him and plaintiff felt he was about to physically attack him, and

17 plaintiff stood up "perhaps to protect [him]self." (FAC p.6, ¶17)

18 Plaintiff alleges the individual was irate and shouting.

19 Plaintiff alleges the individual screamed, "get out of here, get

20 out of here. Call the cops, call the cops!" (FAC p.6, ¶17)

21      Next, plaintiff alleges that on October 5, 2006, he received

22 a call from Peter Walsh, who claimed to be a police inspector.

23 (FAC p.7, ¶20)  Plaintiff alleges Mr. Walsh stated he was

24 investigating a complaint from Erik Vizcaino.  (FAC p.7, ¶20)

25 Plaintiff alleges he asked Mr. Walsh to write to plaintiff

26 regarding the identity of the accuser and the nature of his

27

---

[3] The First Amended Complaint has not been filed in the related case, Shirin Natalie Shervin v. City of Newark,
28 California, et al. (Case No. CV 08 01632 VRW).  NEWARK currently has a Motion to Dismiss the complaint pending
in the related matter.

3

1   accusation and he would respond. (FAC p.7, ¶20)  Plaintiff

2   alleges Mr. Walsh told him ". . . There is no need of writing.

3   Just tell me why you went there and what happened next?"  (FAC

4   p.7, ¶20)  Plaintiff alleges he told Mr. Walsh everything but,

5   when he attempted to give him some background of the case, Mr.

6   Walsh stopped plaintiff by saying "you don't need to tell me, I

7   know well about you and your struggle." (FAC p.7-8, ¶20)

8   Plaintiff alleges Mr. Walsh then said "O.k. sir, no problem," and

9   hung up. (FAC p.8, ¶20)

10      Next, plaintiff alleges that on December 7, 2006, at about

11  10:20 a.m., he was at home attending his daughter, who was sick

12  and did not go to school that day.  (FAC p.8, ¶21)  Plaintiff

13  alleges that at the time, he, his daughter and his son were

14  guests at Mr. Hooshang Bastan's home in Newark. (FAC p.8, ¶21)

15  Plaintiff alleges he told his daughter to sit on the deck in the

16  sun.  (FAC p.8, ¶21)

17      Next, plaintiff alleges he heard the phone ringing and went

18  to the kitchen to take the call, which turned out to be from Mr.

19  Walsh. (FAC p.8, ¶21)  Plaintiff alleges he said "Good morning

20  officer Walsh, Merry Christmas." (FAC p.8, ¶21)  Plaintiff

21  alleges Mr. Walsh told him he had to come by his office "tomorrow

22  at 9 am." (FAC p.8, ¶21)  Plaintiff alleges he inquired regarding

23  the urgency and asked that he be given until after the New Year.

24  (FAC p.8, ¶21)  Mr. Walsh allegedly responsed, "No no, you must

25  come tomorrow, because I do not wish to send men to take you in

26  front of your children or neighbors." (FAC p.8, ¶21)  Plaintiff

27  alleges he told Mr. Walsh surely this was not an emergency

28  situation, and stated he needed time to get ready. (FAC p.8, ¶21)

4

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

Selman Breitman LLP
ATTORNEYS AT LAW

1  Plaintiff alleges he requested 10 days. (FAC p.8, ¶21)  Plaintiff

2  alleges Mr. Walsh responded, "No, I can't do that, that is too

3  long."  Plaintiff alleges he asked, "How about 3 days?"

4  Plaintiff alleges Mr. Walsh agreed and the conversation ended.

5  (FAC p.9, ¶21)

6      Next, plaintiff alleges he called his host Mr. Bastan, who

7  was out of the house at the time and told him about the call.

8  (FAC p.9, ¶22)  Plaintiff alleges Mr. Bastan returned to the

9  house and called Mr. Walsh. (FAC p.9, ¶22)  Plaintiff alleges he

10  rushed to his daughter's side on the deck, and tried to give her

11  medication. (FAC p.9, ¶23)

12      Next, plaintiffs allege they heard some loud noises in the

13  house and, all of a sudden several policemen (at least three),

14  rushed on to the deck. (FAC p.9, ¶23)  Plaintiff alleges he stood

15  up gently and said "Good morning officers, Merry Christmas." (FAC

16  p.9, ¶23)  Plaintiff alleges the officers appeared extremely

17  hostile, and one office said "Are you Amir?" (FAC p.9, ¶23)

18  Plaintiff alleges he responded "yes," and then two officers

19  rushed towards him, grabbed both of his wrists and twisted his

20  arms behind my back, while another officer kicked his legs out

21  from under him throwing him to the deck. (FAC p.9, ¶23)

22  Plaintiff alleges this occurred in front of his daughter who was

23  frightened and crying. (FAC p.9, ¶23)  Plaintiff alleges that

24  while he was on the ground, the officers kicked and pounded his

25  body and hit and mauled his head and face to the hard ceck (sic)

26  while pressing a baton on his neck. (FAC p.9, ¶23)  Plaintiff

27  alleges it was "...as if [they were] trying to suffocate me," and

28  that he "sensed the feeling of impending death." (FAC p.9, ¶23)

Selman Breitman LLP
ATTORNEYS AT LAW

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

1   Plaintiff alleges he heard his daughter moaning, screaming
2   and crying for help. (FAC p.9, ¶23)  Plaintiff also alleges that
3   officers were grabbing his daughter's "...hair from behind and
4   throwing her down on the deck and pummeling her body..." (FAC
5   p.13, ¶6)  Plaintiff also alleges the officers repeatedly touched
6   his daughter's breast and private parts under the guise of a body
7   search. (FAC p.13, ¶6)

8   Plaintiffs assert ten causes of action against NEWARK: (1)
9   For conspiracy and a concerted action with defendants SFPD Peter
10  Walsh and Erik J. Vizcaino, to invade plaintiffs' residence
11  without a warrant, without cause and without due process and
12  equal protection; and (2) For intrusion and occupation of
13  plaintiffs' home without a warrant and without permission; (3)
14  For failing to identify plaintiff and remind plaintiff of his
15  Miranda rights; (4), (5) and (6) For assault and battery, use of
16  excessive force, and infliction of severe physical and emotional
17  injuries; (7) For false arrest and false detention; (8) For
18  filing unfounded and fabricated charges; (9) For attempting to
19  defile the court and subvert judicial process; (10) For enticing
20  plaintiffs' counsel to withdraw and for removing actions to
21  federal court. (FAC p.12-13, ¶1-10)

22  The First, Second, Eighth, Ninth and Tenth causes of action
23  appear to be asserted by plaintiffs Amir Shervin and Shirin
24  Shervin.  The Third, Fourth, and Fifth causes of action appear to
25  be asserted by plaintiff Amir Shervin.  The Sixth cause of action
26  appears to be asserted by plaintiff Shirin Shervin. (FAC p.12-13,
27  ¶1-10)

28

Selman Breitman LLP
ATTORNEYS AT LAW

155307.1 555.24827

6

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**
**CV 08 01631 VRW**

Selman Breitman LLP
ATTORNEYS AT LAW

## III. POINTS AND AUTHORITIES

### A.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), this court has the authority to dismiss a cause of action if it fails to state a claim upon which relief can be granted.  Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).  "A motion to dismiss should be granted if the plaintiff is unable to delineate 'enough facts to state a claim of relief that is plausible on its face.'"  Wood v. City of El Cajon, 2007 WL 2462117, 2007 U.S. Dist. LEXIS 63373 (S.D.Cal. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).

### B.  PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT THEIR CLAIMS AGAINST CITY OF NEWARK AND CITY OF NEWARK POLICE DEPARTMENT

#### 1.  Plaintiffs' Common Law Claims Alleged Against CITY OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT Are Barred Under Government Code section 815

Plaintiffs assert common law causes of action against CITY OF NEWARK, CITY OF NEWARK POLICE DEPARTMENT, and defendant officers.[4]  (FAC p.12-13, ¶1-10).  Namely, plaintiffs assert causes of action for assault and battery; infliction of severe physical

---

[4] Plaintiffs' First Amended Complaint indicates causes of action being asserted against CITY OF NEWARK, ROBERT DOUGLAS, RICHARD LOPEZ, WILLIAM SHAFFER AND THEIR SUPERVISORS, ET AL. (FAC p.12) In an abundance of caution, this Motion to Dismiss assumes these same causes of action were also intended to be asserted against CITY OF NEWARK POLICE DEPARTMENT, named as a defendant.  As set forth above, defendants are unable to appear or respond to the First Amended Complaint on behalf of unspecified and unnamed SUPERVISORS.

MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

155307.1  555.24827

1  and emotional injuries; filing unfounded and fabricated charges;

2  attempting to defile the court and subvert judicial process;

3  enticing plaintiffs' counsel to withdraw; and for removing

4  actions to federal court.[5] (FAC p.13, ¶4-6, 8-10)  However,

5  plaintiffs have failed to allege sufficient facts to support

6  these claims against CITY OF NEWARK and CITY OF NEWARK POLICE

7  DEPARTMENT.

8      CITY OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT, as

9  public entities, are immune from liability under all common law

10  theories, for any injury that that results, regardless of whether

11  such injury arises out of an act or omission of the public

12  entity, a public employee or any other person.  Government Code

13  section 815(a) sets forth in pertinent part:

>           . . . a public entity is not liable for any
>     injury, whether such injury arises out of an
>     act or omission of the public entity or a
>     public employee or any other person.

The California Supreme Court has explained the effect of
section 815 as follows:

>     Government Code section 815 restores sovereign
>     immunity in California except as provided in
>     the Tort Claims Act or other statute.  Thus
>     the intent of the act is not to expand the
>     rights of plaintiffs in suits against
>     governmental entities, but to confine
>     potential governmental liability to rigidly
>     delineated circumstances . . .

23  Williams v. Horvath, 16 Cal.3d 834, 838 (1976).  Government Code

24  section 815, et seq., which is part of the California Tort Claims

25  Act, abolished all common law tort liability for public entities

26  and limited such liability to that specifically imposed by

27  _____

28  [5] Defendants contend plaintiffs' first, second, third and seventh causes of action similarly fail to identify a statutory basis.  However, defendants recognize these causes of action, while not specifically pled, appear to assert violations of constitutional rights.

Selman Breitman LLP
ATTORNEYS AT LAW

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

1  statute.  Gov. Code § 815; see also, corresponding Legislative

2  Comm. Comment; Tolan v. State of California ex rel. Dept. of

3  Transportation, 100 Cal.App.3d 980, 986 (1979).  As such, ". . .

4  in California, all government tort liability must be based on

5  statute." Rodriguez v. Inglewood Unified School Dist., 186

6  Cal.App.3d 707, 716 (1986) (citations omitted); Lopez v. So. Cal.

7  Rapid Transit Dist., 40 Cal.3d 708, 795 (1985).

8      Plaintiffs' fourth, fifth, sixth, eighth, ninth and tenth

9  causes of action are not based upon any statute, and do not state

10 a proper cause of action against CITY OF NEWARK or CITY OF NEWARK

11 POLICE DEPARTMENT.  As such, these causes of action alleged

12 against CITY OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT are

13 barred.

14      **2.   Plaintiffs Have Failed to Allege Sufficient Facts
            to Establish Liability Against Either CITY OF**
15          **NEWARK or CITY OF NEWARK POLICE DEPARTMENT Under**
            **42 U.S.C. §1983**
16

17      Plaintiffs' first, second, third and seventh causes of

18 action appear to allege constitutional violations. (FAC p.12-13,

19 ¶1-10)  42 U.S.C. section 1983 allows a party to bring a civil

20 action for constitutional deprivations against persons acting

21 under color of state law.  42 U.S.C. §1983; Allen v. City of

22 Portland, 73 F.3d 232, 235 (9th Cir. 1996).  "A person deprives

23 another of a constitutional right, within the meaning of §1983,

24 if he commits an affirmative act or omits to perform an act that

25 causes a plaintiff to be deprived of [his] rights." Johnson v.

26 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27      A local government entity "may not be sued under § 1983 for

28 an injury inflicted solely by its employees or agents." Monell

Selman Breitman LLP
ATTORNEYS AT LAW

1    v. Dept. of Social Services, 436 U.S. 658, 694 (1978).  Rather,

2    when an individual sues a municipality for violation of a

3    constitutional right, the municipality is liable only if the

4    individual can establish that the municipality "had a deliberate

5    policy, custom, or practice that was the 'moving force' behind

6    the constitutional violation he suffered."  Monell, 436 U.S. at

7    694-695; Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007);

8    Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.

9    2007).  As such, in order to hold a public entity liable,

10   plaintiffs must demonstrate that the unlawful governmental action

11   was part of the public entity's policy or custom.  Monell, 436

12   U.S. at 694-695.

13       In the instant case, plaintiffs have failed to set forth a

14   single allegation regarding any policy, custom or practice of

15   either CITY OF NEWARK or CITY OF NEWARK POLICE DEPARTMENT,

16   including any supporting the alleged constitutional violation.[6]

17   Plaintiffs' failure to establish that the alleged unlawful

18   government action was part of CITY OF NEWARK's policy, custom or

19   practice is fatal to plaintiffs' first, second, third and seventh

20   causes of action.

21       Further, plaintiffs' First Amended Complaint alleges only a

22   single incident of misconduct on the part of the defendant

23   officers.  "Random acts or isolated incidents of unconstitutional

24   action by a non-policymaking employee are insufficient to

25   establish the existence of a municipal policy or custom."  Spears

26

27   [6] In fact, the only allegation specific to CITY OF NEWARK is that defendants DOUGLAS, LOPEZ and SHAFFER
     were acting within the scope of their employment with defendant CITY OF NEWARK at the time of the incident.

28   (FAC p.2-3, 3)  However, the law is clear that "a municipality cannot be held liable under [42 U.S.C.] §1983 on a
     respondeat superior theory."  Monell, 436 U.S. at 691; Whitaker, 486 F.3d at 581.

                                                          10

155307.1 555.24827

Selman Breitman LLP
ATTORNEYS AT LAW

1   <u>v. City and County of San Francisco</u>, 2008 WL 2812022, 1, 7, __

2   U.S.Dist. LEXIS __ (N.D.Cal. 2008); <u>see</u> <u>Nadell v. Las Vegas</u>

3   <u>Metro. Police Dept.</u>, 268 F.3d 924, 930 (9th Cir. 2001) (finding

4   no municipal liability because there was no evidence at trial

5   establishing that the use of excessive force was a formal policy,

6   that there was a widespread practice of the police department or

7   that previous constitutional violations had occurred for which

8   there was no reprimand or discharge); <u>McDade v. West</u>, 223 F.3d

9   1135, 1142 (9th Cir. 2000); <u>Trevino v. Gates</u>, 99 F.3d 911, 918

10   (9th Cir. 1996); <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439,

11   1444 (9th Cir. 1989)

12       Plaintiffs' First Amended Complaint fails to establish that

13   the alleged unconstitutional action was anything other than a

14   single, isolated incident, which occurred in the absence of any

15   unconstitutional municipal policy. As such, plaintiffs' claims

16   against CITY OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT

17   cannot survive.

18       Further, plaintiffs' First Amended Complaint fails to allege

19   any facts demonstrating that any unlawful governmental action was

20   part of the public entity's policy, custom or practice. Absent

21   these allegations, plaintiffs are unable to state a claim for

22   relief against CITY OF NEWARK and CITY OF NEWARK POLICE

23   DEPARTMENT. Thus, plaintiffs' first, second, third and seventh

24   causes of action alleged against CITY OF NEWARK and CITY OF

25   NEWARK POLICE DEPARTMENT are barred.

26       Defendants filed a motion to dismiss plaintiff's original

27   complaint on identical grounds as set forth above, and plaintiffs

28   have failed to cure the defects. These defects in the First

Selman Breitman LLP
ATTORNEYS AT LAW

1   Amended Complaint cannot be cured, and this Motion to Dismiss

2   each of the causes of action brought by plaintiffs against CITY

3   OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT should be granted

4   with prejudice.

5   **C.   PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS TO
       SUPPORT THEIR CLAIMS FOR VIOLATION OF THEIR RIGHTS**

6   **UNDER THE EQUAL PROTECTION CLAUSE**

7   Plaintiffs' first cause of action against NEWARK alleges, in

8   part, a violation of equal protection of law. (FAC p.12, ¶1)

9   However, plaintiffs have failed to state a claim under 42 U.S.C.

10  §1983 for violation of their rights provided by the Equal

11  Protection Clause.  "The Equal Protection Clause of the

12  Fourteenth Amendment commands that no State shall 'deny to any

13  person within its jurisdiction the equal protection of the laws,'

14  which is essentially a direction that all persons similarly

15  situated should be treated alike."  City of Cleburne v. Cleburne

16  Living Ctr., 473 U.S. 432, 439 (1985) (quoting U.S. Const. Amend.

17  XIV; citing Plyler v. Doe 457 U.S. 202, 216 (1982)); Lee v. City

18  of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  "To state a

19  claim under 42 U.S.C. §1983 for a violation of the Equal

20  Protection Clause of the Fourteenth Amendment, a plaintiff must

21  show that the defendants acted with an intent or purpose to

22  discriminate against the plaintiff based upon membership in a

23  protected class."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th

24  Cir. 1998), cert. denied, 525 U.S. 1154 (1999); Lee, supra, 250

25  F.3d at 686.

26  Plaintiffs' First Amended Complaint does not allege that

27  plaintiffs are members of a protected class.  Further, the First

28  Amended Complaint does not set forth a single allegation that

12

Selman Breitman LLP
ATTORNEYS AT LAW

1   would indicate that defendants acted with a discriminatory intent

2   or purpose.  As such, plaintiffs have failed to state a claim

3   alleging a violation of the Equal Protection Clause.  Thus,

4   plaintiffs' claims for violation of the Equal Protection Clause

5   are barred.  These defects in the First Amended Complaint cannot

6   be cured, and this Motion to Dismiss the first cause of action as

7   to allegations regarding violation of the Equal Protection Clause

8   should be granted with prejudice.

9       **D.   PLAINTIFFS HAVE FAILED TO ALLEGE SUFFICIENT FACTS TO**
         **SUPPORT THEIR CLAIM FOR CONSPIRACY**

10

11      Plaintiffs first cause of action against NEWARK alleges, in

12  part, conspiracy with defendants SFPD Peter Walsh and Erik J.

13  Vizcaino. (FAC p.12, ¶1)  42 U.S.C. §1985(3) provides a cause of

14  action against persons who "conspire . . ., for the purpose of

15  depriving, either directly or indirectly, any person of or class

16  of persons of the "the equal protection of the laws, or of equal

17  privileges and immunities under the laws." 42 U.S.C. §1985(3).

18  However, plaintiffs have failed to state a claim for conspiracy.

19      It is well-established that section 1985(3) applies only

20  when there is "some racial, or perhaps otherwise class-based,

21  invidiously discriminatory animus behind the conspirators'

22  action."  Griffin v. Breckenridge, 403 U.S. 88, 101 (1971);

23  Armster v. City of Riverside, 611 F.Supp. 103, 105 (1985).  The

24  conspiracy alleged ". . . must be motivated by some invidious,

25  class-based discrimination and must aim at the deprivation of

26  equal enjoyment of rights secured to all." United Brotherhood of

27  Carpenters and Joiners v. Scott, 463 U.S. 825, 835-36 (1983).  "A

28  party must show purposeful discrimination to establish a claim

Selman Breitman LLP
ATTORNEYS AT LAW

13

1    under section 1985(3)."  Trerice v. Pedersen, 769 F.2d 1398, 1402

2    (9th Cir. 1985).  The allegation of such animus "constitutes an

3    essential element of a cause of action under section 1985(3)."

4    Id.

5         In the instant case, plaintiffs' First Amended Complaint is

6    devoid of any allegation that NEWARK defendants acted out of

7    racial, or otherwise class-based invidiously discriminatory

8    animus.  Further, there is no evidence set forth which would

9    support any potential allegations.  As such, plaintiffs' claims

10   based on a theory of conspiracy are barred.

11        These defects in the First Amended Complaint cannot be

12   cured, and this Motion to Dismiss the first cause of action as to

13   allegations regarding conspiracy should be granted with

14   prejudice.

15        E.    **PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FILING
16              UNFOUNDED AND FABRICATED CHARGES, DEFILING THE COURT
                AND SUBVERTING THE JUDICIAL PROCESS, ENTICING
17              PLAINTIFFS' COUNSEL TO WITHDRAW, AND MOVING ACTIONS TO
                FEDERAL COURT**

18

19        Plaintiffs' First Amended Complaint alleges an eighth cause

20   of action against NEWARK for "filing unfounded and fabricated

21   charges against plaintiffs."  (FAC p.13, ¶8)  No further

22   information or clarification is provided as to plaintiffs'

23   authority for the cause of action.  The First Amended Complaint

24   is devoid of any factual allegations establishing what charges

25   were brought against plaintiffs, whom the charges were brought

26   by, and the disposition of such charges.  The First Amended

27   Complaint is devoid of any factual allegations supporting

28

Selman Breitman LLP
ATTORNEYS AT LAW

155307.1 555.24827

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

1    plaintiffs' contentions.  Plaintiffs have failed to state any

2    cognizable cause of action.  As such, no liability can attach for

3    the eighth cause of action against NEWARK.

4         Plaintiffs' First Amended Complaint alleges a ninth cause of

5    action against NEWARK for "attempting to further defile the court

6    and subvert the judicial process by dragging and sabotaging the

7    case and the due administration of justice, in four different

8    courts in four different cities." (FAC p.13, ¶9)  No further

9    information or clarification is provided as to plaintiffs'

10   authority for the cause of action.  The First Amended Complaint

11   is devoid of any factual allegations which establish any prior

12   involvement of defendants NEWARK in any prior action involving

13   plaintiffs.  Plaintiffs have failed to state any cognizable cause

14   of action.  As such, no liability can attach for the ninth cause

15   of action against NEWARK.

16        Plaintiffs' First Amended Complaint alleges a tenth cause of

17   action against NEWARK for "For enticing plaintiffs' counsel James

18   P. Swanseen to withdraw from the case compelling plaintiffs to

19   fend for themselves." (FAC p.13, ¶10)  No further information or

20   clarification is provided as to plaintiffs' authority for such an

21   allegation.  The First Amended Complaint is devoid of any factual

22   allegations which establish any support for plaintiffs'

23   conclusory allegations, and plaintiffs have failed to state any

24   cognizable cause of action.

25        Further, plaintiffs' tenth cause of action also alleges a

26   cause of action "for moving these actions filed in the state

27   court, unilaterally to federal court."  Plaintiffs have failed to

28   state a claim as removal to federal court is permitted in

Selman Breitman LLP
ATTORNEYS AT LAW

155307.1 555.24827

15

1
2
3

> "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States..." 28 U.S.C. 1441(b).

4  Plaintiffs' First Amended Complaint clearly demonstrates that

5  this court has jurisdiction over this matter. (FAC p.1-2)  And,

6  plaintiffs' recourse, if any exists, regarding removal of the

7  original complaint to federal court does not lie in allegations

8  asserted in a first amended complaint.  Plaintiffs have failed to

9  state any cognizable cause of action in connection with the

10  removal of the action to federal court.  As such, no liability

11  can attach for the tenth cause of action against NEWARK.

12      The defects in the First Amended Complaint cannot be cured

13  through amendment, and this Motion to Dismiss the eight, ninth

14  and tenth causes of action alleged against NEWARK should granted

15  with prejudice.

16  **IV.  CONCLUSION**

17      For the reasons set forth above, defendants respectfully

18  request that this motion to dismiss plaintiffs' First Amended

19  Complaint be granted and that the first, second, third and

20  seventh causes of action brought by plaintiffs against CITY OF

21  NEWARK and CITY OF NEWARK POLICE DEPARTMENT be dismissed, with

22  prejudice.

23      Defendants further respectfully request that this motion to

24  dismiss plaintiffs' First Amended Complaint be granted and that

25  the fourth, fifth, sixth, eighth, ninth and tenth causes of

26  action brought by plaintiffs against CITY OF NEWARK and CITY OF

27  NEWARK POLICE DEPARTMENT be dismissed, with prejudice.

28  ///

Selman Breitman LLP
ATTORNEYS AT LAW

1    Defendants further respectfully request that this motion to

2  dismiss plaintiffs' First Amended Complaint be granted and that

3  the first cause of action as to the allegations of violations of

4  the Equal Protection Clause, be dismissed, with prejudice.

5    Defendants further respectfully request that this motion to

6  dismiss plaintiffs' First Amended Complaint be granted and that

7  the first cause of action as to the allegations of conspiracy, be

8  dismissed, with prejudice.

9    Defendants further respectfully request that this motion to

10  dismiss plaintiffs' First Amended Complaint be granted and that

11  the eighth cause of action be dismissed, with prejudice.

12    Defendants further respectfully request that this motion to

13  dismiss plaintiffs' First Amended Complaint be granted and that

14  the ninth cause of action be dismissed, with prejudice.

15    Defendants further respectfully request that this motion to

16  dismiss plaintiffs' First Amended Complaint be granted and that

17  the tenth cause of action be dismissed, with prejudice.

18

19  DATED: August 8 , 2008    SELMAN BREITMAN LLP

20

21                    By:  _____

22                         GREGG A. THORNTON
                         DANIELLE K. LEWIS
23                         Attorneys for Defendants
                         CITY OF NEWARK; CITY OF NEWARK
                         POLICE DEPARTMENT; ROBERT
24                         DOUGLAS; RICHARD LOPEZ; WILLIAM
                         SHAFFER
25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

**Selman Breitman LLP**
ATTORNEYS AT LAW

1

## PROOF OF SERVICE

2

Amir Shervin v. City of Newark, et al.

3

United States District Court Northern District of California Case No. 3:08-CV-01631 VRW

(Related Case No. 3:08-CV-01632 VRW)

4

5

6

7

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **August 8, 2008**, I served the following document(s) described as **DEFENDANT NEWARK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12 (b) (6); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

8

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

9

10

11

Dr. Amir H. Shervin                    Plaintiffs *Pro Se*
Shirin Natalie Shervin
1 Muroc Lake Drive, #125
Novato, CA 94949
Tel: (415) 234-6367
Fax: (415) 883-2488

12

13

14

15

16

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

19

☐ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

20

21

☒ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

22

23

☐ **BY PERSONAL SERVICE:** I caused a copy of the foregoing document(s) to be delivered by hand to the offices of the addressee(s).

24

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

Executed on **August 8, 2008**, at San Francisco, California.

26

27

*Laura Talesnik*
LAURA TALESNIK

28

148674.1  555.24827