1 GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
2 SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
3 San Francisco, CA 94105
Telephone: (415) 979-0400
4 Facsimile: (415) 979-2099

5 Attorneys for Defendants
City of Newark; City of Newark
6 Police Department; Robert
Douglas; Richard Lopez; and
7 William Shaffer

8

9                    UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

11

12

13 AMIR SHERVIN,                          CASE NO.  CV 08 01631 VRW

            Plaintiff,
14
        v.                              **DEFENDANT NEWARK'S NOTICE OF**
15                                      **MOTION AND MOTION TO STRIKE**
CITY OF NEWARK; CITY OF NEWARK          **PORTION OF ALLEGATIONS AND PRAYER**
16 POLICE DEPARTMENT; ROBERT            **FOR RELIEF FROM PLAINTIFFS' FIRST**
DOUGLAS; RICHARD LOPEZ; WILLIAM         **AMENDED  COMPLAINT; MEMORANDUM OF**
17 SHAFFER, ET AL. AND THEIR            **POINTS AND AUTHORITIES**
SUPERVISORS, CITY OF SAN
18 FRANCISCO AND SAN FRANCISCO          **FRCP 12(f)**
POLICE DEPARTMENT, PETER WALSH,
19 ET AL. AND THEIR SUPERVISORS,        Date : October 9, 2008
THE SANTA RITA CITY JAIL, ET AL.        Time : 2:30 p.m.
20 AND THEIR SUPERVISORS, THE CITY      Ctrm : 6
OF SAN FRANCISCO OFFICE OF              Judge : Hon. Vaughn R. Walker
21 SENATOR BARBARA BOXER, ERIK J.
VIZCAINO, ET AL., AND THEIR
22 SUPERVISORS, CONSPIRATORS AND
COCONSPIRATORS, DOES A TO Z (1
23 TO 100)and DOES 1 to 100,
inclusive,
24
            Defendants.
25

26 _____   RELATED CASE NO. CV 08 01632 VRW

SHIRIN NATALIE SHERVIN,
27
            Plaintiff,
28
                                1

Selman Breitman LLP
ATTORNEYS AT LAW

155393.1 555.24827

Selman Breitman LLP
ATTORNEYS AT LAW

1        v.

2   CITY OF NEWARK, CALIFORNIA;
    ROBERT DOUGLAS; RICHARD LOPEZ;
3   WILLIAM SHAFFER; and DOES 1 to
    100, inclusive,
4
              Defendants.
5

6

7   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

8        NOTICE IS HEREBY GIVEN that on October 9, 2008, in Courtroom

9   6, at 2:30 p.m., or as soon thereafter as the matter may be

10  heard, in the above-entitled court, located at 450 Golden Gate

11  Avenue, San Francisco, California, 94102, CITY OF NEWARK; CITY OF

12  NEWARK POLICE DEPARTMENT; ROBERT DOUGLAS; RICHARD LOPEZ; and

13  WILLIAM SHAFFER (hereafter referred to collectively as "NEWARK"

14  or "defendants")[1] will move the court to strike the following

15  portions of the First Amended Complaint pursuant to Federal Rule

16  of Civil Procedure 12(f):

17

18            "For   exemplary   punitive   and   preventative

19            damages.   "   (See   First   Amended   Complaint,

20            Prayer for Relief, p.17, ¶3)

21

22            "For   reasonable   attorney's   fees   pursuant   to

23            42   USC   S.   1988."   (See   First   Amended

24            Complaint, Prayer for Relief, p. 18, ¶8)

25

26

27  [1] Plaintiffs also allege causes of action against unspecified and unnamed "SUPERVISORS." (First Amended
    Complaint at p.12)  However, plaintiffs have provided no information regarding the identity of these
28  "SUPERVISORS" or the affiliation of these "SUPERVISORS."  As such, defendants are unable to appear on behalf
    of these unspecified and unnamed defendants.

                                          2

155393.1 555.24827

1    ".  .  .  incorporating  all  claims  in  the

2    original complaint, except (page 3, line 13)

3    filed 'erroneously' by their former counsel

4    James P. Swanseen . . ."  (First Amended

5    Complaint p.2, ln.14-17)

6

7    The motion to strike is based on the grounds that

8  plaintiffs' claim for punitive damages is inadequately pled as

9  plaintiffs are barred from seeking punitive damages against CITY

10  OF NEWARK and CITY OF NEWARK POLICE DEPARTMENT.

11    Further, this motion to strike is based on the grounds that

12  plaintiffs' are barred from seeking attorneys' fees pursuant to

13  42 U.S.C. section 1988.

14    Further, this motion to strike is based on the grounds that

15  plaintiffs are barred from incorporating the original complaint

16  into the First Amended Complaint.

17    The motion is based on this Notice of Motion, the

18  accompanying Memorandum of Points and Authorities, the pleadings

19  and papers filed in this action thus far, and on any and all

20  further evidence that may be presented at or before the hearing

21  on this motion.

22  DATED: August 8, 2008    SELMAN BREITMAN LLP

23

24                    By: _____

25                    GREGG A. THORNTON
                      DANIELLE K. LEWIS
26                    Attorneys for Defendants
                      CITY OF NEWARK; CITY OF NEWARK
                      POLICE DEPARTMENT; ROBERT
27                    DOUGLAS; RICHARD LOPEZ; WILLIAM
                      SHAFFER
28

MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

Selman Breitman LLP
ATTORNEYS AT LAW

1

**TABLE OF CONTENTS**

2

Page

3    I.    INTRODUCTION ................................................. 1

4    II.   PLAINTIFFS FACTUAL ALLEGATIONS ......................... 2

     III.  POINTS AND AUTHORITIES ................................... 6

5          A.    LEGAL STANDARDS ................................... 6

6          B.    PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES AGAINST
                 CITY OF NEWARK AND CITY OF NEWARK POLICE
7                DEPARTMENT SHOULD BE STRICKEN BECAUSE IT IS BARRED
                 BY STATE AND FEDERAL LAW ......................... 7

8          C.    PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES SHOULD BE
                 STRICKEN AS ATTORNEYS' FEES UNDER 42 U.S.C.
9                SECTION 1988 ARE NOT RECOVERABLE BY PRO SE
                 LITIGANTS ........................................ 8
10
           D.    PLAINTIFFS' INCORPORATION OF ALL CLAIMS IN THE
11               ORIGINAL COMPLAINT SHOULD BE STRICKEN AS
                 INCORPORATION IS BARRED BY THE RULES OF THIS COURT ... 9
12
     IV.   CONCLUSION .................................................. 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

155393.1  555.24827

i

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

1

**TABLE OF AUTHORITIES**

2

<u>Page</u>

3

**FEDERAL CASES**

4    *Arcilla v. Adidas Promotional Retail Operations, Inc.*
       488 F.Supp.2d 965 (C.D.Cal.2007) ........................7, 8

5

6    *Brosnan v. Avildsen*
       2008 WL 2357248 (C.D. Cal. 2008) ..........................9

7    *City of Newport v. Fact Concerts, Inc.*
       453 U.S. 247 (1981) .......................................8

8

9    *Cofield v. City of Atlanta*
       648 F.2d 986 (5th Cir. 1981) ..............................9

10   *Fantasy, Inc. v. Fogerty*
       984 F.2d 1524 (9th Cir. 1993) .............................7

11

12   *Gonzalez v. Kangas*
       814 F.2d 1411 (9th Cir. 1987) .............................9

13   *Kipkirwa v. Santa Clara County Department of Probation*
       1995 WL 429207 (N.D. Cal. 1995) ...........................9

14

15   *Mitchell v. Dupnik* (9th  Cir. 1996)
       75 F.3d 517 ...............................................8

16   *Podesta v. City of San Leandro*
       2005 WL 2333802, 2005 U.S.Dist. LEXIS 45772 (N.D.Cal.
17     2005) .....................................................7

18   *Sidney-Vinstein v. A.H. Robins Co.*  (9th Cir. 1983)
     697 F.2d 880 ..............................................7
19

20   *Tapley v. Lockwood Green Engineers*  (8th Cir. 1974)
     *Inc.*, 502 F.2d 559 ......................................7, 8

21   *Turman v. Tuttle*
       711 F.2d 148 (10th Cir. 1983) .............................9
22

**FEDERAL STATUTES**

23   42 U.S.C. §1983 ...............................................7

24   42 U.S.C. §1988 .........................................3, 8, 9

25   Federal Rule of Civil Procedure 12(f) ......................2, 6

26

27

**STATE STATUTES**

28   California Gov't Code §818 ....................................7

ii

Selman Breitman LLP
ATTORNEYS AT LAW

1  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**

2  **STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

3  **I.    INTRODUCTION**

4      Defendants CITY OF NEWARK; CITY OF NEWARK POLICE DEPARTMENT;

5  ROBERT DOUGLAS (hereafter "DOUGLAS"); RICHARD LOPEZ (hereafter

6  "LOPEZ"); and WILLIAM SHAFFER (hereafter "SHAFFER") (hereafter

7  referred to collectively as "NEWARK" or "defendants")[2] bring this

8  motion to strike portions of the complaint which are not drawn in

9  conformity with the laws of this court or the statutes upon which

10 they rely.

11     Notwithstanding defendants' belief that each of the causes

12 of action alleged by plaintiffs are without merit and barred by

13 law as set forth in the Motion to Dismiss filed herewith,

14 plaintiffs' claim for punitive damages is inadequately pled and

15 plaintiffs are prohibited from incorporating the original

16 complaint into the First Amended Complaint.  By way of this

17 Motion, therefore, defendants seek an order striking the

18 following portions of plaintiffs' First Amended Complaint:

19

20          "For exemplary punitive and preventative

21          damages. " (See First Amended Complaint,

22          Prayer for Relief, p.17, ¶3)

23

24          "For reasonable attorney's fees pursuant to

25          42 USC S. 1988." (See First Amended

26          Complaint, Prayer for Relief, p. 18, ¶8)

27

28  [2] Plaintiffs also allege causes of action against unspecified and unnamed "SUPERVISORS." (First Amended Complaint at p.12) However, as set forth above, defendants are unable to appear on behalf of these unspecified and unnamed defendants.

155393.1 555.24827

1    ". . . incorporating all claims in the

2    original complaint, except (page 3, line 13)

3    filed 'erroneously' by their former counsel

4    James P. Swanseen . . ."  (First Amended

5    Complaint p.2, ln.14-17)

6

7    II.  **PLAINTIFFS FACTUAL ALLEGATIONS**

8         On January 31, 2008, plaintiff Amir Shervin filed a

9    complaint against defendants CITY OF NEWARK, DOUGLAS, LOPEZ,

10   SHAFFER, and Does 1 to 100, inclusive.  The matter was removed to

11   this Court by defendants on March 26, 2008.  On July 29, 2008, a

12   First Amended Complaint was filed against defendants CITY OF

13   NEWARK, DOUGLAS, LOPEZ and SHAFFER.  Plaintiffs also named as

14   defendants: NEWARK CITY POLICE DEPARTMENT, "THEIR SUPERVISORS,"

15   CITY OF SAN FRANCISCO AND SAN FRANCISCO POLICE DEPARTMENT, PETER

16   WALSH, ET AL. AND THEIR SUPERVISORS, THE SANTA RITA CITY JAIL, ET

17   AL. AND THEIR SUPERVISORS, THE CITY OF SAN FRANCISCO OFFICE OF

18   SENATOR BARBARA BOXER, ERIK J. VIZCAINO, ET AL., AND THEIR

19   SUPERVISORS, CONSPIRATORS AND COCONSPIRATORS, DOES A TO Z (1 TO

20   100).  The First Amended Complaint filed in the instant case

21   (CASE NO. 3:08-CV-01631 VRW) appears to be brought by Amir H.

22   Shervin and Shirin N. Shervin.[3]  See First Amended Complaint

23   (hereafter "FAC") p.1.

24        Plaintiffs allege that on September 20, 2006, accompanied by

25   Mr. Hooshang Bastan and Mr. Mehrdad Baharloo, plaintiffs visited

26   the offices of Congressman Pete Stark, Senators Diane Feinstine

27

28

---

[3] The First Amended Complaint has not been filed in the related case, <u>Shirin Natalie Shervin v. City of Newark, California, et al.</u> (Case No. CV 08 01632 VRW).  NEWARK currently has a Motion to Dismiss the complaint pending in the related matter.

Selman Breitman LLP
ATTORNEYS AT LAW

2

**MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

Selman Breitman LLP
ATTORNEYS AT LAW

1    (sic) and Barbara Boxer. (FAC p.6, ¶15)  Plaintiffs allege they

2    arrived at the office of Senator Boxer, where an aide told

3    plaintiffs "the office could not do anything in this case."  FAC

4    p.6, ¶16)  Plaintiffs allege they were sitting quietly when an

5    inner door opened and a person burst out "very agitated." (FAC

6    p.6, ¶16-17)  Plaintiff alleges the person rushed straight toward

7    him and plaintiff felt he was about to physically attack him, and

8    plaintiff stood up "perhaps to protect [him]self." (FAC p.6, ¶17)

9    Plaintiff alleges the individual was irate and shouting.

10   Plaintiff alleges the individual screamed, "get out of here, get

11   out of here. Call the cops, call the cops!" (FAC p.6, ¶17)

12       Next, plaintiff alleges that on October 5, 2006, he received

13   a call from Peter Walsh, who claimed to be a police inspector.

14   (FAC p.7, ¶20)  Plaintiff alleges Mr. Walsh stated he was

15   investigating a complaint from Erik Vizcaino.  (FAC p.7, ¶20)

16   Plaintiff alleges he asked Mr. Walsh to write to plaintiff

17   regarding the identity of the accuser and the nature of his

18   accusation and he would respond. (FAC p.7, ¶20)  Plaintiff

19   alleges Mr. Walsh told him ". . . There is no need of writing.

20   Just tell me why you went there and what happened next?"  (FAC

21   p.7, ¶20)  Plaintiff alleges he told Mr. Walsh everything but,

22   when he attempted to give him some background of the case, Mr.

23   Walsh stopped plaintiff by saying "you don't need to tell me, I

24   know well about you and your struggle." (FAC p.7-8, ¶20)

25   Plaintiff alleges Mr. Walsh then said "O.k. sir, no problem," and

26   hung up. (FAC p.8, ¶20)

27       Next, plaintiff alleges that on December 7, 2006, at about

28   10:20 a.m., he was at home attending his daughter, who was sick

3

1  and did not go to school that day.  (FAC p.8, ¶21)  Plaintiff

2  alleges that at the time, he, his daughter and his son were

3  guests at Mr. Hooshang Bastan's home in Newark. (FAC p.8, ¶21)

4  Plaintiff alleges he told his daughter to sit on the deck in the

5  sun.  (FAC p.8, ¶21)

6      Next, plaintiff alleges he heard the phone ringing and went

7  to the kitchen to take the call, which turned out to be from Mr.

8  Walsh. (FAC p.8, ¶21)  Plaintiff alleges he said "Good morning

9  officer Walsh, Merry Christmas." (FAC p.8, ¶21)  Plaintiff

10 alleges Mr. Walsh told him he had to come by his office "tomorrow

11 at 9 am." (FAC p.8, ¶21)  Plaintiff alleges he inquired regarding

12 the urgency and asked that he be given until after the New Year.

13 (FAC p.8, ¶21)  Mr. Walsh allegedly responded, "No no, you must

14 come tomorrow, because I do not wish to send men to take you in

15 front of your children or neighbors." (FAC p.8, ¶21)  Plaintiff

16 alleges he told Mr. Walsh surely this was not an emergency

17 situation, and stated he needed time to get ready. (FAC p.8, ¶21)

18 Plaintiff alleges he requested 10 days. (FAC p.8, ¶21)  Plaintiff

19 alleges Mr. Walsh responded, "No, I can't do that, that is too

20 long."  Plaintiff alleges he asked, "How about 3 days?"

21 Plaintiff alleges Mr. Walsh agreed and the conversation ended.

22 (FAC p.9, ¶21)

23      Next, plaintiff alleges he called his host Mr. Bastan, who

24 was out of the house at the time and told him about the call.

25 (FAC p.9, ¶22)  Plaintiff alleges Mr. Bastan returned to the

26 house and called Mr. Walsh. (FAC p.9, ¶22)  Plaintiff alleges he

27 rushed to his daughter's side on the deck, and tried to give her

28 medication. (FAC p.9, ¶23)

Selman Breitman LLP
ATTORNEYS AT LAW

MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW

155393.1 555.24827

Selman Breitman LLP
ATTORNEYS AT LAW

1    Next, plaintiffs allege they heard some loud noises in the

2    house and, all of a sudden several policemen (at least three),

3    rushed on to the deck. (FAC p.9, ¶23)  Plaintiff alleges he stood

4    up gently and said "Good morning officers, Merry Christmas." (FAC

5    p.9, ¶23)  Plaintiff alleges the officers appeared extremely

6    hostile, and one office said "Are you Amir?" (FAC p.9, ¶23)

7    Plaintiff alleges he responded "yes," and then two officers

8    rushed towards him, grabbed both of his wrists and twisted his

9    arms behind my back, while another officer kicked his legs out

10   from under him throwing him to the deck. (FAC p.9, ¶23)

11   Plaintiff alleges this occurred in front of his daughter who was

12   frightened and crying. (FAC p.9, ¶23)  Plaintiff alleges that

13   while he was on the ground, the officers kicked and pounded his

14   body and hit and mauled his head and face to the hard ceck (sic)

15   while pressing a baton on his neck. (FAC p.9, ¶23)  Plaintiff

16   alleges it was ". . .as if [they were] trying to suffocate me,"

17   and that he "sensed the feeling of impending death." (FAC p.9,

18   ¶23)

19       Plaintiff alleges he heard his daughter moaning, screaming

20   and crying for help. (FAC p.9, ¶23)  Plaintiff also alleges that

21   officers were grabbing his daughter's ". . .hair from behind and

22   throwing her down on the deck and pummeling her body. . ."  (FAC

23   p.13, ¶6)  Plaintiff also alleges the officers repeatedly touched

24   his daughter's breast and private parts under the guise of a body

25   search. (FAC p.13, ¶6)

26       Plaintiffs assert ten causes of action against NEWARK: (1)

27   For conspiracy and a concerted action with defendants SFPD Peter

28   Walsh and Erik J. Vizcaino, to invade plaintiffs' residence

155393.1 555.24827

**MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT
CV 08 01631 VRW**

1    without a warrant, without cause and without due process and

2    equal protection; and (2) For intrusion and occupation of

3    plaintiffs' home without a warrant and without permission; (3)

4    For failing to identify plaintiff and remind plaintiff of his

5    Miranda rights; (4), (5) and (6) For assault and battery, use of

6    excessive force, and infliction of severe physical and emotional

7    injuries; (7) For false arrest and false detention; (8) For

8    filing unfounded and fabricated charges; (9) For attempting to

9    defile the court and subvert judicial process; (10) For enticing

10   plaintiffs' counsel to withdraw and for removing actions to

11   federal court. (FAC p.12-13, ¶1-10)

12       The First, Second, Eighth, Ninth and Tenth causes of action

13   appear to be asserted by plaintiffs Amir Shervin and Shirin

14   Shervin.  The Third, Fourth, and Fifth causes of action appear to

15   be asserted by plaintiff Amir Shervin.  The Sixth cause of action

16   appears to be asserted by plaintiff Shirin Shervin. (FAC p.12-13,

17   ¶1-10)

18   **III. POINTS AND AUTHORITIES**

19       **A.    LEGAL STANDARDS**

20       Pursuant to Federal Rule of Civil Procedure 12(f) provides:

21           "Upon   motion   made   by   a   party   before

22           responding to a pleading . . . the court may

23           order   stricken   from   any   pleading   any

24           insufficient   defense   or   any   redundant,

25           immaterial,   impertinent,   or   scandalous

26           matter."

27       "'Immaterial matter' is that which has no essential or

28   important relationship to the claim for relief or the defenses

6

155393.1 555.24827

Selman Breitman LLP
ATTORNEYS AT LAW

1  being pleaded...'Impertinent' matter consists of statements that

2  do not pertain, and are not necessary, to the issues in

3  question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th

4  Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)

5  (citations omitted).  Under this Rule, courts have authority to

6  strike a prayer for relief seeking damages that are not

7  recoverable as a matter of law.  See Tapley v. Lockwood Green

8  Engineers, Inc., 502 F.2d 559, 560 (8th Cir.1974); Arcilla v.

9  Adidas Promotional Retail Operations, Inc., 488 F.Supp.2d 965,

10  968 (C.D.Cal. 2007).

11       "[T]he function of a 12(f) motion to strike is to avoid the

12  expenditure of time and money that must arise from litigating

13  spurious issues by dispensing with those issues prior to trial."

14  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.

15  1983).

16     B.    **PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES AGAINST CITY OF
            NEWARK AND CITY OF NEWARK POLICE DEPARTMENT SHOULD BE**

17          **STRICKEN BECAUSE IT IS BARRED BY STATE AND FEDERAL LAW**

18       The recovery of punitive damages against a public entity is

19  prohibited under California Gov't Code §818 and 42 U.S.C. §1983.

20  California Gov't Code §818 sets forth as follows:

21          Notwithstanding any other provision of law, a

22          public entity is not liable for damages

23          awarded under Section 3294 of the Civil Code

24          or other damages imposed primarily for the

25          sake of example and by way of punishing the

26          defendant.

27  As such, California Gov't Code §818 bars the recovery of punitive

28  damages from a public entity.  Podesta v. City of San Leandro

155393.1 555.24827

7

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

1   2005 WL 2333802, 2005 U.S.Dist. LEXIS 45772 (N.D. Cal. 2005)

2   (holding that plaintiff was prohibited from seeking punitive

3   damages from the City of San Leandro).  Further, "[a]lthough a

4   municipality may be liable for compensatory damages in §1983

5   actions, it is immune from punitive damages under the statute."

6   Mitchell v. Dupnik 75 F.3d 517 (9th Cir. 1996) (citing City of

7   Newport v. Fact Concerts, Inc. 453 U.S. 247, 271 (1981).  As set

8   forth above, courts have authority to strike a prayer for relief

9   seeking damages that are not recoverable as a matter of law. See

10  Tapley, 502 F.2d at 560; Arcilla, 488 F.Supp.2d at 968.

11      Plaintiffs' ten causes of action are alleged against all

12  NEWARK defendants.[4]  (FAC p.12-13, ¶1-10)  In connection with all

13  causes of action alleged, plaintiffs asserts they are entitled to

14  an award of "[e]xemplary punitive and preventative damages." (FAC

15  p.17, ¶3)).  However, as clearly set forth above, plaintiffs are

16  not entitled to recovery of punitive damages from CITY OF NEWARK

17  or CITY OF NEWARK POLICE DEPARTMENT, as each are public entities.

18      Therefore, defendants request that the prayer for punitive

19  and preventative damages, as to CITY OF NEWARK and NEWARK POLICE

20  DEPARTMENT be stricken without leave to amend.

21  C.   **PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES SHOULD BE
        STRICKEN AS ATTORNEYS' FEES UNDER 42 U.S.C. SECTION**
22      **1988 ARE NOT RECOVERABLE BY PRO SE LITIGANTS**

23

24      Plaintiffs seek to recover attorneys' fees pursuant to 42

25  [4] Plaintiffs' FAC alleges causes of action against CITY OF NEWARK, ROBERT DOUGLAS, RICHARD LOPEZ,
    AND WILLIAM SHAFFER (FAC p.12)  In an abundance of caution, this Motion to Dismiss assumes these same
26  causes of action were also intended to be asserted against CITY OF NEWARK POLICE DEPARTMENT.

27  As set forth above, plaintiffs also allege causes of action are brought against unspecified and unnamed
    "SUPERVISORS." (FAC p.12)  However, due to the insufficiency of plaintiffs' pleading, defendants are unable to
28  appear or respond on behalf of these unspecified and unnamed defendants.

155393.1  555.24827

1  U.S.C. section 1988. (FAC p.18, ¶8)  42 U.S.C. section 1988 does

2  allow for the prevailing party in actions asserting civil rights

3  violations to recover reasonable attorneys' fees.  42 U.S.C.

4  §1988.  However, plaintiffs are proceeding in this matter pro se

5  and have made no contention that they are attorneys.  (FAC p.18)

6  It is well-established that a pro se litigant may not recover

7  attorneys' fees under 42 U.S.C. section 1988.  Brosnan v.

8  Avildsen, 2008 WL 2357248, 1, 7, __ U.S.Dist. LEXIS __ (N.D.Cal.

9  2008); Kipkirwa v. Santa Clara County Dept. of Probation, 1995 WL

10  429207, 1, 2, __ U.S.Dist. LEXIS __ (N.D.Cal. 1995); Gonzalez v.

11  Kangas, 814 F.2d 1411, 1411-1412 (9th Cir. 1987); Turman v.

12  Tuttle, 711 F.2d 148, 149 (10th Cir. 1983); Cofield v. City of

13  Atlanta, 648 F.2d 986, 987-88 (5th Cir. 1981).  As such,

14  plaintiffs are barred from recovering attorneys' fees under 42

15  U.S.C. section 1988.

16        Therefore, defendants request that the prayer for attorneys

17  fees pursuant to 42 U.S.C. section 1988 be stricken without leave

18  to amend.

19    **D.    PLAINTIFFS' INCORPORATION OF ALL CLAIMS IN THE ORIGINAL
          COMPLAINT SHOULD BE STRICKEN AS INCORPORATION IS BARRED**
20        **BY THE RULES OF THIS COURT**

21

22        Northern District Civil Local Rule 10-1 sets forth as

23  follows:

24              Any party filing or moving to file an amended

25              pleading must reproduce the entire proposed

26              pleading and may not incorporate any part of

27              a prior pleading by reference.

28

Selman Breitman LLP
ATTORNEYS AT LAW

1    In the First Amended Complaint, plaintiffs contend they are
2    ". . . incorporating all claims in the original complaint, except
3    (page 3, line 13) filed 'erroneously' by their former counsel
4    James P. Swanseen." (FAC p.2, ln.14-17)  Plaintiffs' attempt to
5    incorporate the prior complaint are prejudicial to defendants.
6    Plaintiffs' attempt in this regard interferes with defendants'
7    efforts to respond to plaintiffs' First Amended Complaint,
8    particularly since two operative complaints were initially filed,
9    and plaintiffs' allegations in the First Amended Complaint
10   contradict the allegations contained in the original complaint.
11   Defendants should not be made to speculate as to which version of
12   events plaintiffs now rely.  Plaintiffs should not be permitted
13   to circumvent the stated rules of this Court.

14        Therefore, defendants request that plaintiffs' statement
15   incorporating all claims from the original complaint, be stricken
16   without leave to amend.

17   **IV.    CONCLUSION**

18        For the reasons set forth above, defendants respectfully
19   request that this motion to strike be granted, with prejudice.

22   DATED: August *D*, 2008      SELMAN BREITMAN LLP

24                      By:    _Danielle K Lewis_
25                             GREGG A. THORNTON
                               DANIELLE K. LEWIS
26                             Attorneys for Defendants
                               CITY OF NEWARK; CITY OF NEWARK
                               POLICE DEPARTMENT; ROBERT
27                             DOUGLAS; RICHARD LOPEZ; WILLIAM
                               SHAFFER
28

10

Selman Breitman LLP
ATTORNEYS AT LAW

155393.1 555.24827

**PROOF OF SERVICE**

Amir Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. 3:08-CV-01631 VRW

(Related Case No. 3:08-CV-01632 VRW)

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **August 8, 2008**, I served the following document(s) described as **DEFENDANT NEWARK'S NOTICE OF MOTION AND MOTION TO STRIKE PORTION OF ALLEGATIONS AND PRAYER FOR RELIEF FROM PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Dr. Amir H. Shervin                    Plaintiffs *Pro Se*
Shirin Natalie Shervin
1 Muroc Lake Drive, #125
Novato, CA 94949
Tel: (415) 234-6367
Fax: (415) 883-2488

☒  **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐  **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐  **BY PERSONAL SERVICE:** I caused a copy of the foregoing document(s) to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 8, 2008**, at San Francisco, California.

_____
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW

148674.1  555.24827

1