```
1  Dr. Amir H. Shervin
2  1 Muroc Lake Dr., #125
   Novato, CA. 94949
3  Tel: (415) 234-6367
```

E-filing

FILED
08 AUG 20 AM 9: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
**For the Northern District of California**

| | |
|---|---|
| Amir H. Shervin. And<br>Shirin N. Shervin, et al.,<br>    Plaintiffs, in pro per,<br><br>v.<br><br>The City of Newark and the Newark Police Department Robert Douglas, Richard Lopez, William Shaffer, et al, The City of San Francisco and the San Francisco Police Department Peter Walsh, et al., the Santa Rita Jail and its supervisors, et al., The office of the U.S. Senator Barbara Boxer Erik J. Vizcaino and its supervizors, et al., Conspirators and coconspirator Does A to Z (1 to 100).<br><br>    Defendants<br>_____/ | Case No: 308-CV-01631-VRW<br>Full Bench and JuryTrial Demand<br><br>Plaintiffs' Denial, Objection and Oppositions To Defendants' New N. and M. To Dismiss Plaintiffs' Claims And, Their Memorandum of Points and Authorities in Supp. Thereof & Proposed Order Form.<br><br>FRCP 12 (b) (6).<br><br>Date: August 21, 2008<br>Time: 2: 30 PM.<br>Court.Room: 6<br>Chief Judge: Hon. V.R. Walker |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS;

Notice is hereby given, that on August 21, 2008 in Courtroom 6, at 2: 30 PM., or as soon thereafter as the matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102. plaintiffs in pro per, pro se, will and do hereby move the court to grant the Plaintiffs' Opposition to Defendants' Notice and Motion to Dismiss the Plaintiffs' Complaints and the Defendants' N. of M. and Motion To Strike the Plaintiffs' Prayer For Punitive Damages, Points & Authorities and Proposed Order Forms.

1

1   Plaintiffs' Motion of opposition to defendants' Motion to Dismiss, is based
On: (1) Plaintiffs' First (Original) Denial, Objection and Oppositions Dated July
25, 2008,To Defendants' First N. & M. and Motion To Dismiss, (2) Defendant
Newark's Notice of Withdrawl of Defendants' Motion to Dismiss, in Case No.
3:08-CV-01631-VRW Only and, (3) The Instant Plaintiffs' (new and second) N
and M and Motion of Denial, Objection and Oppositions to Defendants' a (new
and second) N and M and Motion To Dismiss the Plaintiffs' First Amended
Complaint (above), and also the original N of M and Motion filed by the plaintiffs'
former counsel James P.Swanseen, and the accompanying Memorandum of
Points and Authorities, the pleadings and papers filed in this action thus far, and
on any futher evidences that may be presented at or before the ensuing hearing.

    The State Defense Attorneys wholly devoid and deplete of a good faith defense, resort to hyperbole and columny, by xeroxing and zipping in a few pages of legal "abra-cadabra" as defense, in an effort to dismiss plaintiffs' complaints and plaintiffs' demands for exemplary punitive damages.

**Affidavit of Plaintiff Amir H. Shervin in Opposition to Defendants'
N of M and Motion to Dismiss the Plaintiff's Complaint and the
Points and Authorities in Support Thereof.**

Plaintiff Amir Shervin, being dully sworn, deposes and says:

I am the principle plaintiff, in pro per pro se, in this action.

1. On January 29, 2008, by my former attorney James P. Swanseen, I filed an original complaint for monetary damages against the Defendants, in the state Superior Court, City of Hayward, County of Alameda, California. Also, a separate suit was filed in the same Court on behalf of my daughter.

2. On 22nd day of March 2008, defendants moved this action, unilaterally from the State Court to this Federal Court.

3. On 26th day of March 2008, Defendants' filed a Clerk's Notice Scheduling Initial Case Management Conference on Reassignment

4. On April 3, 2008, defendants filed a Declaration to Proceed Before A Magistrate Judge and Request for Reassignment to a U.S. District Judge.

5. On April 7, 2008, defendants filed a Stipulation to Extend Time to Answer or Respond to the Complaint.

6. On April 22, 2008. Defendants filed and scheduled defendants' Motion and Memorandum of Points and Authorities in Support of Defendant NPD Motion to Dismiss, scheduled to be heard on June 5, 2008. Also, Defendants' Motion to Strike the Plaintiffs' Prayer For Punitive Damages.

7. On **August 4, 2008**, <u>defendants filed **Notice of Withdrawl of**</u> Defendant NPD **Motion to Dismiss** Plaintiff Complaint in Case No.3:08-CV-01631-VRW Only (**Exhibit One**). Simultaneously, defendants filed **Notice of Withdrawl of NPD Motion to Strike** <u>Portions of Allegations and Prayer For Punitive Damages in Plaintiff Amir Shervin's Complaint, in the case (above), only (**Exhibit Two**)</u>.

8. On August 8, 2008 only 4 days after withdrawing their N and Motion to Dismiss Plaintiffs' Complaint, and the Plaintiffs' Motion for Punitive Damages, defendant receiving the **Plaintiffs' First Amended Complaint**, and, the **Plaintiffs' Opposition to Defendants' Motion to Dismiss**, defendants filed a <u>new</u> Notice of M. and Motion to Dismiss Plaintiffs' First Amended Complaint, and to Strike Portion of Allegations and for Punitive Damages.

1  As the entire written arguements by defense, both in their Original Motion to
2  Dismiss or to Strike, and in their new and second such motions, are a mirror
3  image identical therefore, considering the in pro se plaintiffs' overall limitation
4  and hardship, in preparing such legal papers, plaintiffs will and do herfeby
5  
6  incorporate **the plaintiffs' Original Opposition** by their former counsel and,
7  the one filed by the in pro se plaintiffs to defendants' original Motion to
8  Dismiss, and the defendants a <u>renewed</u> N. of M. and Motion to Dismiss and,
9  Motion to Strike the Plaintiffs' Demand for Punitive Damages.

## Introduction:

Plaintiffs' claims and causes of action(s) against the defendants the City of Newark, the Newark Police Department, et al., Robert Douglas, Richard Lopez, William Shaffer, et al.; the City of San Francisco, the San .Francisco Police Department Peter Walsh, et al., the Santa Rita City Jail, et al., Erik J. Vizcaino, the office of US Senator Barbara Boxer, et al., conspirators and co-conspirators Does A to Z (1 to 100), arising, among other things, under the laws of the United States and the laws of the State of Caliofrnia., specifically, under the Statutes: 42 USC Sections 1981, 1982, 1983 and 1985; 28 USC S.1346 (Federal Tort Claims Act) and (Continuing Violations Rule), 18 USC S.1651 (A Family Tree of Conspiracy) demanding An Extra Ordinary Writ For A Grand Jury Investigation; 18 USC S. 1201 (Kidnapping),18 USC S. 1962 Racketeering and Influential Corrupt Organization Act (RICO); 18 USC S. 1503 (doctrine of "ejustes generis"), Politically and Racially Motivated Conspiracy, actuated by personal and political animous and underlying other ulterior corrupt motive, also under 42 USC S. 1981

4

1  (Unroe Act), Raising vendatta against plaintiffs, retributary and retaliatory acts,

2  resulting in a pattern of consistent and ongoing persecution, by filing sundry

3  accusation, allegation and charges by **hostile witnesses**, in violations of 18 USC

4  S. 3500 (Jencks Act), 28 USC S. 2070 and 2027 to injure plaintiffs, in a clear,

5

6  convincing and preposterous scheme (scam), to violate plaintiffs'constitutionally

7  protected rights and legal actions, depriving plaintiffs from this District Court's

8  own Calendared Jury Trial, in order to Flee From Justice (felony rescuing guilty

9  state felons) and C.C. S. 1706 (lobbying a felony). Also, in evident violations of

10 28 USC S. 1946 (b), FRCP Rule 8(a)(1), Under C.C. Section 945 (malicious

11

12 mischief and violent act, sufficiently harmful to society and public welfare). Also in

13 clear and evident violations of the plaintiffs' constitutional rights, Amendments 1

14 through 14 and, Amendments IV and XIV (privacy and jury rights) in particular.

15     II.     <u>Plaintiffs' Denial, Objection and Opposition to Defendants'</u>
<u>N. And M. To Dismiss, Points and Authorities and Proposed Orders.</u>
16

17     This Court must take legal notice that defendants and their counsels,once

18 again, are insinuating certain assertions as defense, knowingly to be false. See

19 Defendants' N. of M. and Motion and Memorandum of Points and Authorities

20 (page 1, line 28 and page 2, lines1 and 2), stating <u>"plaintiff alleges that he was</u>

21 <u>"later" informed that the officers were executing an arrest warrant, that was</u>

22 <u>issued out of San Francisco.</u> Affirmatively, plaintiff(s) allege under oath, that at no

23 given time prior, during or after the raid complained of, did plaintiffs have any

24

25 such information or knowledge of any such fact. To the contrary, hardly 30

26 minutes prior to such raid, plaintiff Dr. Amir Shervin received a telephone call,

27 unexpectedly) from defendant Peter Walsh (inspector), who initially asked

28

1  plaintiff to see him at SFPD the following morning at 9: a.m., however agreed to a
2  3 days time for plaintiff to appear.
3
4  Furthermore, this court must take legal notice, that the December 7, 2006
5  raid on the plaintiffs' home occured **80 days after the alleged incident in**
6  **Senator Barbara Boxer's office, on September 20, 2006**. The defendant
7  SFPD had time to obtain a "warrant" for their act however, apparently were not
8  "successful" to "procure" such warrant. Yet, they decided to go ahead with the
9  premeditated raid without probable cause, without a valid warrant and absulutely,
10 without due process of the law. Therefore, they were not executing a legal arrest
11 but commiting a criminal act of kidnapping and hostage taking under the law. It is
12 amply clear, that in the face of any evident violation, defendants police would not
13
14 wait for about 80 days to get a warrant. Rather, they plotted to go ahead with the
15 raid and then worry about it later.
16   Once again, defendants and their representing counsels instigating and
17 insinuating such false, dishonest and sham statement, in a court of law and while
18 under oath, that "<u>plaintiffs did know that a raid was in progress and the police</u>
19 <u>agents were coming to serve a warrant on plaintiff.</u>
20
21   Based on court files and records of this District Court, defendant SFPD
22 committed the same and similar invasions on the plaintiffs homes in the past,
23 each time claiming in bad faith that they carried a warrant, which proven to be
24 "false". The docket of this court shows that defendants police officers did not
25 carry a valid warrant or any warrant for that matter, yet committed numerous tort
26 acts, as reflected in suits filed by the plaintiffs against SFPD in the past.
27
28

6

1   Plaintiffs, particularly allege that when all insincere efforts by defendants,
2   in pandering a warrant failed, defendants plotted to go ahead anyway with their
3   nefarious plan, raiding the plaintiffs' home. Defendants and their representing
4   counsels, then approached, importuned and enticed plaintiffs' former counsel
5   
6   James Swanseen, to include the false and fabricated statement aforestated, that
7   is **"plaintiffs' knowledge of a warrant and related "raid" in the plaintiffs'**
8   **two separate original complaints (page 2, line 13),** by malice, fraud and
9   oppression, and with a guilty conscience to injure plaintiffs, their rights and their
10  legal actions.
11  
    Therefore, plaintiffs will and do hereby once again move this court:
12  
13  (1) For order to subject the defendants police agents, to a polygraph or Lie
14  Detector Test, and (2) For order that the statement in question (above) be
15  stricken from the records.
16      Additionally, a cursory review of the rest of the defendants' arguements in
17  their N and M to dismiss (original and the new or second), shows that defendants
18  have asked this court, that the plaintiffs claims be dismissed, purportedly on only
19  two grounds: (1) That plaintiffs complaints did not state a claim upon which relief
20  
21  can be granted and, (2) That the defendants are immune from suit, no matter
22  what they have done. Plaintiffs affirmatively allege and prove, that defendants
23  are accused and guilty of a wide range of intentional torts, improprities, atrocities,
24  violations and misconduct, as alleged in the plaintiffs' original complaints (except
25  p. 2, line 13), and, as alleged in the plaintiffs' First Amended Complaint.
26  Constitution does not provide immunity when the defendants violated the
27  
28

plaintiffs' rights (intentionally and/or negligently), by (a) Entering plaintiffs home without a warrant, (b) Violating and bypassing the plaintiffs' Miranda rights, (c) Assaulting and battering and injuring plaintiffs with no slightest justification, (d) Committing false arrest without a valid warrant, (e) Kidnapping plaintiff Dr. Amir Shervin and his then 16 year old daughter from their home, (f) Illegally committing plaintiff Dr. Amir Shervin to Santa Rita Jail, based on personal and political annimus or underlying corrupt other motive, and clearly for the purpose of retaliation and defamation or character assassination, (g) Conspiring to bring false, fabricated and dishonest charges against plaintiffs (father and daughter), in order to coverup their unlawful act, by initiating process for further abusing and persecuting plaintiffs, in four courts, in four cities including, so far forty five appearances, during a 19 month period. Yet defendants have audacity to move to entice this court to exonerate them, purortedly because defendants think that they are immune.

Defense arguments is based on two grounds only:

1) That plaintiffs did not state a claim upon which a relief could be granted. And,
2) That no matter if the defendants police officers did not have a warrant; That, if they entered plaintiffs' home without the consents of the occupants or the owner of the property; That, if they did not properly identified the plaintiffs; That if they did not read out the plaintiffs' Miranda rights: That, if they assaulted, battered and injured plaintiffs;That, if they committed an actually plotted and planned act of kidnapping and, That if they executed a false search and seisure, false arrest and detention and specifically, That if they

8

concerted and conspired, to cause for the plaintiffs to be prosecuted (persecutted), during the past twenty months, 45 times in four different courts, in four different cities, on such false and dishonest allegations or charges, yet the court must exonerate them because defendants think that were immune.

Defendants and counsels better learn and know, that constitution do not give defendants a license to violate constitutionally protected rights. No where in the U.S. and/or California constitutions there is any immunity for such actions. Defendants are not immune. Defendants and their own counsels have only learned, how to bypass the constitution and get around the law. I challange the constitutionality of defendants' immunity defense.

**The Defense of Sovereign Immunity by the Defendants is used as a "Red Herring". Defendants are Transforming and Trans-Planting the Constitution. Memorandum of Points and Authorities: "memo est supra"**

Privilages and Immunities – California State Constitution Section 21:

1 -   "...No special privileges or immunities shall be granted which may not be altered, revoked or repealed, nor shall any person or class of persons be granted any privileges or immunities, which upon the same terms, shall not be granted to all inhabitants of United States."

2-   "...The 11th amendment does not accord the state soverign immunity to suit both by the sister state or by the United States and, relief is available in federal courts in which state officials are nominal defendants."

3-   "...Under the Federal Tort Claims Act 28 USC S. 1346(b)(S. 2.2740), the district courts are given "exclusionary jurisdiction" over the claims for money damges based upon negligent or intentional acts of government employees, as a private person would be liable under the same circumstances. The Act in substances is a broad waiver of sovereign immunity defense."

4-   "...In 13, 14 and 15 amendments to constitution, the courts have relied upon the Enabling Clauses to sustain federal statutes authorizing civil damages judgements or, criminal convictions against state agencies or officials, who misuse their authority, so as to violate rights protected by such amendments (S. 456)".

5-   ...Under Amendment 13 S. 458, where private parties collaborating with governmen officials and wilfully engage in a joint activity, to infringe the civil rights of others, the private individuals and the public officals are subject to sanctions under federal law." The supreme court has opened up the 13th amendment for broadening use in fighting discrimination. US v. Price (1966), US v. Quest (1966), Burton v. Willmington (1961) and Jones v. Mayer (1968)".

| | |
|---|---|
| 1 | 6- "...The 11th amendment and the principle of soverign immunity which it embodies are necessarily limited by section 5 of the 14th amendment in protection of state officials and, damage remedy can be effective redress for infringement of constitutional rights. Also, 11th amendment does not invalidate 1972 amendment to Title VII of Civil rights Acts of 1964 and 65, which authorizes money damages and attorneys' fees against state government and its officials, found to have subjected individuals to discrimination." |

6- "...The 11th amendment and the principle of soverign immunity which it embodies are necessarily limited by section 5 of the 14th amendment in protection of state officials and, damage remedy can be effective redress for infringement of constitutional rights. Also, 11th amendment does not invalidate 1972 amendment to Title VII of Civil rights Acts of 1964 and 65, which authorizes money damages and attorneys' fees against state government and its officials, found to have subjected individuals to discrimination."

7- "...Both federal and state laws provide substantial protection and remedy against various forms of official misconduct. Sections 2.2 of the Civil Rights Act, 42 USC S. 1983 and its jurisdictional counterpart 28 USC S. 1343(3), authorizes damage awards and injunctive relief, for Police misconduct and, for any infirngement upon any federally guaranteed and protected rights."

8- "...Congress enacted statutes, effective December 29, 1979, to allow suits in federal court against any p[erson or class of persons, acting under color of law, to deny and deprive anyone from his constitutionally protected rights. As a result of these amendments, any state agencies or governmental body and their employee or officials are "persons" in both their official or individual capacities and as such "sueable under above statutes, for damages and prospective relief. As a matter of legislative intent, all such governmental body or state agencies shall fall within the ambit of "Monnel Case", as "sueable persons".

9. "...Legislation has no power to limit the right of any person whose rights have been violated, to seek remedies, nor a state must abandon its responsibility by either ignoring them or merely failing to discharge them <u>Peels v. Fl. Dept. Of Transporation (1979)</u> and <u>Shelby v. Oakdale Irrig. Dist. (1934).</u>

10. "...The potential of litigation under the Civil Rights Acts, to challange abuse of state power, was suggested by the supreme court in <u>Owen v. City of Independance (1990).</u> Resolving the question left in Monel, the supreme court held that the governmental bodies are not protected by immunity but "sueable" persons for 1983 purposes. In <u>Denis v. Sparks (1980)</u> the supreme court agreeing with the 5th circuit, that there was no good reason in law, logic or policy for conferring immunity on private parties, who pursuaded an immune judge to excercise his jurisdiction corruptly. <u>We provide no licese to lawless conduct, court emphasized".</u>

11. "...In <u>Griffin v. Breckenridge (USSC 1971),</u> the court overruled <u>Collins v. Hardyman,</u> holding that Section 1985(3) was applicable to private conspiracies and a statutary cause of action, where defendants were depriving others of basic rights that the law secures to all men. Court maintained that defendants imposing the badges and incidents of slavery. And, any implementing the 14th amendment rights shall "**override**" state's 11th amendment immunity <u>Maher v. Cagne (1979)".</u> See annotations of state or federal officials, as affecting governmet immunity from suit to enjoin agency or officials from taking actions beyond their legal power".

12. "...The central aim of the civil rights acts, was to provide protection to those persons who had been wronged by the misuse of power possessed by the virtue of state law and made possible only because the wrongdoers were clothed with the authority of the state, which state never supports <u>Monroe v. Pape.</u> A damage remedy against the offending party is a vital componant of any scheme, for vindicating cherished constitutional rights, and the importance of assuring is the institution which had been established to protect the very rights it has violated or transgressed." See, <u>Sommers v. Tice (1948)(en band).</u> Court stated county or city are not entitled to immunity and as long as controversy exists between the parties, federal courts are empowered to grant relief under the Federal Declaratory Judgement Act <u>Mount Healthy City v. Frye (1980)</u> and,<u>Capital Indust. V. Bernnett (1982),</u> to challange acts of officials performed pursuant to "unconstitutional" statutes".

13. "...The government immunity doctrine and notice of claim laws do not operate in 1983 and 1985 suits, nor the law limits the awards of plaintiffs' recovery. Federal constitutional laws have been amended in recent years, as to provide measures for curbing local government or local bureaucrats. In this scheme the 4th amendment will serve to limit the extent to which the agencieys or

10

officials could defend the State Tort Claims Suits, by asserting that their act was valid excercise of authority". No <u>absolute immunity</u> for defendants unconstitutional act and, no <u>qulaified immunity</u> for their malicious, fraudulant and oppressive conduct".

14.   "...Under Amendment IV to U.S. Constitution, the right of the people to be secure in their persons, homes, papers and effects against unreasonable searches and seizures shall not be violated and no "warrant" shall be issued but upon probable cause supported by oath or affirmation and, particularly describing the place to be searched and the persons or things to be seized. California constitution, Art. I, S.1 (1974) favoring the protection of the Privacy Right, and any state authorizing invasion of such area of privacy must be subjected to strict scrutiny <u>Division of Medical Quality v. Gergardine (1979)</u>".

15.   "...If the police may violate section 844 and thereby affect an arrest, in a temptation to ignore the privacy right that it is in part design to protect, all such acts are held "unlawful" <u>People v. Hersh (1977)</u> and <u>U.S. v. Echeglan (9th cir. 1986)</u>. The 4th amendment has drawn a Firm Line at the entrance of the home and, absent "**exigency circumstances**" the threshold may not reasonably be crossed without a "warrant" (supreme court cases of 1980). The Supreme Court held that searches and seizures conducted outside judicial process, without a prior approval by a judge or magistrate are per se "unreasonable" under 14th amendment. An intrusion in way of search and seizure is an "**evil**" and no intrusion is justified without a careful prior determination of necessity, and searches and seizures deemed necessary must be as limited as possible. As illegal search and seizure reduces the 4th and 14th amendments to a "nullity" and, leaves the peoples' home secured only in the descretion of police and not by a judicial officer. In this case, the zelous defendants and counsels do not grasp the point of the 14th amendment <u>Payton v. U.S.</u> unconstitutional search and seizures without a warrant".

16.   "...Under the standard articulated in <u>Gravened v. City of Rockford (1972)</u>, the USCA held that section 876, gives a person of ordinary intelligence fair notice of the conduct it forbids and does not encourage **"erratic" arrests and convictions**. Congress provides specially for the excercise of <u>Equitable Remedial Power</u> by federal courts in such cases. Wright Law of Federal Courts 257, 2nd edition 1970".

17.   "...Absolute or qulaified immunity may apply <u>only on "non constitutional" conduct</u>. This to include President Nixon but not the president's aids or cabinet members or officials <u>Nixon v. Fitzgerald (1982), McKonny v. Whitfield (1984)</u> and <u>Bond v. Stanton (1984)</u>. Court held, that no official is under duty to enforce law or do act that violate federal constitution and in attempting to do so, he is not fulfilling the official duty or acting for state <u>Southern Pacific v. Conway (1984)</u>".

18.   "...Eleventh amendment does not preclude suit against wrongdoer merely because he asserts that his acts are <u>within official capacity, which state does not confer</u>. Any discriminatory intention to violate any statutary rights is adequate basis for such a claim <u>U.S. v. Board of School Commission, Vercester County Trust Co. V. Rieley and, Bonnans v. Thomas</u>".

19.   "...<u>Malice negativate the Qualified Immunity Deffense</u>. Litigation of the good faith defense after **Harlow** has revolved around the term **Clearly Established Law**. In <u>Wood v. Strickland</u> the court held, that defendants could not avoid liability where the rights were clearly established. An act violating a person's constitutional rights, can no more justified by ignorance or disregard of **settled indisputable law** and the plaintiff should prevail where the law is settled".

20-   "...According to Ninth Circuit, suit against state or county officials is permissible not only for violation of rights by negligent acts by officials but, by setting in motion a series of acts by others, with the actual knowledge for others to cause the constitutional injuries (**proximate cause and cause in effect**). According to majority of circuits including the Ninth Circuit, violations of certain constitutional rights are **redressable by substantial compensatory awards** independant of actual injury. The court stated, once a defendant is shown to have acted with intent to discriminate based on racial, ethnic and/or other hostility, such intent constitute the malicious intention to cause a

1  deprivation of constitutional rights, that is inconsistent with the **Subjective State of Mind** required for the defense of good faith immunity Morrison v. Jones (9th cir 1979), Donnald v. Musick (9th cir 1970), Flores v. Pierce (9th cir 1980) and Gomez v. Tolido (1980) The Ninth Circuit affirmed a jury's award of damages and attorneys' fees against city officials. Court stated the **Qualified Immunity Test** is an affirmative defense, which the defendants have the Burden of Pleading and Proving. **Correspondingly, a 1983 plaintiff need not allege bad faith in order to state a cause of action".**

21   "...In Pierce v. Moody (1982), the prosecutor was not immune of preparing applications for warrants. In Guerro v. Mulhearn (1974), the court held that the defendants were not protected when they had cooperated with police officers to obtain a search warrant based on **perjured testimony** or baseless charges. In Rayland v. Shapiro (1983), defendants denied immunity, for participating in a "coverup" of illegal activities. Hence, **prove of some constitutional violations preclude any qulaified immunity defense**, when defendants intentionally discriminated under the 4th amendment or, has been indifferent to the needs of an accused under the 8th amendment Bates v. Jones (9th cir 1984) and Haygood v. Young (9th cir 1985)".

22.   "...In police misconduct litigations, majority of courts concurred that, to mechanically apply the general "good faith" defense to all aspects of police work, has led to confusion and "doctrinally" incorrect decisions in the lower federal courts. However, Harlow v. Fitzgerald (supra) makes it clear that a threshold determination in all cases in which defendants plead Qualified Immunity, is whether governmental officers were performing a **discretionary function?** Police officers <u>do not as a rule excercise the kind of discretionary judgement excercised for example by presidential assisstants</u> (Harlow) or governors Scheuer v. Rhodes, Briggs v. Malley (1984) and O'Conner v. Donalson, the supreme court indicated that an official defendant would be charged with the knowledge of **plainly foreseeable constitutional developments** Lewis v. McMaster (9th cir 1981).

23-   "...<u>Proof of some constitutional violations should preclude any qualified immunity defens</u>

The only issue is whether the conduct was violative of the plaintiffs' rights Haygood v.Younger (9th cir 1983). The probable cause is the question of law and facts. Not the facts that the police thought but whether court and jury think it did, and the court submit the evidence of it to jury. In Harlow (supra) court held <u>that if the law was clearly established,the immunity defense shall fail"</u>.

Plaintiffs affirmatively allege and prove that defendants did not and could not pass the subjective part of the QIT. Defendants are accused and guilty of:

1) Negligent and intentional violation of the plaintiffs' right to privacy, to be free from unwarranted intrusion upon their persons, property and effects and, the enjoyment of the peace and tranquility of their home under the 3rd and 4th amendments to the constitution.

2) Forcible and aggravated trespass and crimes against inhabitants <u>Landgrigan v. City of Warwick (1980)</u>(a constitutional tort).**Violation of privacy is construed as violations of first, fourth, fifth, ninth and fourteenth amendments.**

3) Intentional violations of the plaintiffs' rights to be free from unwarranted and

12

false charges and dishonest allegations Hutchinson v. Grant (1986), Parrat v. Taylor (1981), Briggs v. Malley (1984), Deery v. Three unknown police intruders (9th cir 1984). **Exclusionary Rule applies to any official illegality (fruit of the poisonous tree).**

4)   Intentional violations of plaintiffs' right to be free from concerted and **aggravated assault and battery** and **use of excessive force** and **infliction of bodily injury** with its continued symptoms and physical and psychological manifestations, and violation of the plaintiffs' **integrity and charactor**. See Pressor, Tort section 9 (4th cir 1971) and Greagory v. Thompson (9th cir 1974).

5)   Intentional violations of plaintiffs right to be free from vindictive, punitive and **political kidnapping and hostage taking**, for black mail and strereotyping and defamation (**character assassination**) under 18 USC S. 1201 (Lindberg Law). Intentional violation of the plaintiffs right to be free from repressive and persecutorial prosecution, for the purpose of **derailing plaintiffs** to assert and to legally bring action in courts against massive breach, infringement, abridgement and deprivation of their constitutionally protected rights.

6)   Intentional violation of the plaintiffs' rights to medical care, to food, water and a sanitary environment, after being abducted, detained andor incarcerated. Also, plaintiffs' right to security of their persons against multiple and repeated insult, assault and battery by their assailants and guards Wheeler v. Nisbith.

7)   Intentional violation of the plaintiffs' right to speedy trial against their accusors, and for plotting to set up plaintiffs by a premeditated and procreated plan of action, to entrapt and to charge them with false and fabricated accusation of assault and battery by defendant Erik J. Vizcaino, and the most dishonest charge of resisting arrest by the criminal defendants SFPD and NPD (Newark),

13

for retributary, retaliatory and persecutorial and corrupt purposes.

8) Intentional violation of the plaintiffs' right to be free from false and unfounded charges by hostile and unendorsed witnesses, i.e., accomplices and accessories to police defendants' crime (Tainted and irrevocably invalid statements, by hostile witnesses and informers unsupported by valid evidence. All such assertions against plaintiffs is adulterated, fabricated and confounding, to say the least.

9) Defendants' concocted charges of assalt and battery or even accusation of "**spitting**", arguendo even if taken to be true, it was insufficient to establish a probable cause. Specifically, if the time of the alleged probable cause is too long, it is considered "**stale**" under law and probable cause no longer exists. This court should again take notice, that defendants police agents **invaded plaintiffs' home eighty days after the incident in the Boxer's office, on September 20, 2006**. Undoubtedly, during that time defendant police agents and supervisors (**aiders and abettors**) were trying hard to use a Judge or Magistrate, as a "**rubber stamp**" to obtain a warrant. But, when all such efforts failed, said **defendants still decided to go ahead with their nefarious plan anyway** by staging a new and another raid on plaintiffs' dwelling on **December 7, 2006**, about the **holy season of Christmas.**

10. Plaintiffs allege and prove that defendants did all those things <u>knowingly, understandingly, designedly and with a guilty conscience (scienter). Also, they did so while not in sleep, and defendants have actual information and knowledge of these facts however, once again attempting to perpetrate fraud upon court, in order to "Flee From Justice"</u>. Defendants subjected plaintiffs to many long years of a systematic, consistant, continued and perpetual campaign of harassment, abuse and torture and, a personally, racially and politically motivated hostility and

14

discrimination and, a whole host of other and further tort act, controvening several Amendments, Statuary Codes or Enabling Clauses of the 4th to 14th Amendments to Constitution. In each instance, the state of the law at the time of each alleged violation was clearly established and the defendants' each wrongful act or inaction was violative of such statutes, codes or clauses. Therefore, any immunity defense (absolute or qualified) by defendants must fail. Since a competent official shall know the law governing his or her conduct <u>State Capital Indust. Ins.v. Bernnett (1982), Certiorary denied.</u>

**Supreme Court stated "persons who change the 4th Amendment must be the one against whom it in fact operates, which makes the award of damages both necessary and applicable, to the vindication of the rights and interests asserted <u>Brown v. Bullard Ind. St. District (1981).</u>**

Plaintiffs in pro se affirmatively allege and prove that each of their claims and causes of action or substantial constitutional grievances against defendants SFPD, et al., NPD (Newark), et al., the Santa Rita Jail, et al., Erik J. Vizcaino, of the office of U.S. Senator Barbara Boxer, et al., is a prima facie viable and meritorious claim and, a judiciable cause of actionable type. Plaintiffs have sufficient stake in the outcome of each of their litigation. Defendants denying of these claims will not make them any less accountable but, make their guilt and liability under the law that much higher.

Specifically, plaintiffs allege that it is for the fact finder to determine whether defendants acted only negligently or manifested such callous disregard and reckless indifference to negate **good faith subjective criteria** under the

15

**viable cause of action rule**, as only a jury or fact finder can determine the issues, and whether defendants statisfied or not the **Subjective Conscious Indiference Test** <u>Vasquez v. Show (9 cir 1980), Benningni v. Hemett (9th cir 1988)</u> and <u>Ashelman v. Pope (9th cir 1986)(en banc).</u>

Each of the several and separate complaints, legal actions or suits (past or present) by plaintiffs against various state of California defendants, including the defendants SFPD and NPD, raised **substantial constitutional issues** and **federal questions** against defendants, which shall remain in controversy until a full, fair and meaningful settlement of these claims, in a court trial by jury. Defendants are in clear and evident violations of numerous United States Code Statutes and the Statutary rights of plaintiffs. Defendants are also charged with a wide range of negligent and/or intentional torts, prejudicial misconduct and ethical improprieties against plaintiffs (an entire campaign of harassments, abuse and violations) based on personal, racial and political annimus and underlying other corrupt motive. Plaintiffs particularly allege and prove that **defendants had a state of mind bent on injuring plaintiffs**, their rights and their legal actions brought against various state defendants and said SFPD itself, during the past three decades, from 1979 to the present <u>Main v. Tibutal (1980) Barbsdale v. King (1983)</u> and <u>Benningi v. Hemmet (supra).</u>

Furthermore, each of several actions or suits by the plaintiffs, present enough evidence for the fact finder to conclude: 1) That, the alleged conspiracy charged against defendants actually existed, 2) That defendants and each of them had at least a slight connection with it, 3) That defendants conspiracy was

16

1  organized and perpetual in intent and nature and shown a **pattern of continuity**
2  under the **Federal Tort Claims Act and Continuing Violation Rule,** 4) That
3  defendants conspiracy (**A Family Tree of Conspiracies**) targeted plaintiffs and
4  aimed at denying and depriving plaintiffs of their substantial and at the time **well**
5  **settled and established constitutionally protected rights**, 5) That at all times
6  herein related in these action(s), defendants were motivated and actuated by
7  malice, fraud and oppression. 6) That defendants conspiracy was of a continued,
8  unceasing and perpetual type (extont), with the last covert act engendering a
9  new and most damaging calamity caused and orchestrated by defendants,
10 pursuant to an incident in Senator Boxer's office on September 20, 2006, and
11 7) That as a direct and proximate results of the defendants negligent or
12 intentional act or inactions plaintiffs incurred injuries of a severe and lasting type.
13 For which damages, losses and injuries defendants are accountable and liable,
14 for the full extent of the plaintiffs such damage, loss and injuries.
15
16         According to the public and media openion, and even according to the
17 **state of California's own two appointed attorney investigators,** during the
18 long course of this litigation(s), in the past **over three decades**, said defendants
19 and their representing state counsels did repeatedly **perpetrate fraud upon**
20 **courts and thwarted court and justice (continued conspiracy, trespass and**
21 **travesty of justice)** KKK v. FBRP (1984), Morrison v. Jones (9th cir 1978),
22 Johnson v. Duffy (9th cir 1978) and, Florez v. Pierce (9th cir 1980). Defendants
23 and counsels procured (pandered) numerous decisions, rulings and orders, with
24 actual knowledge that all such decisions, rulings and orders were fraudulant and
25 illegal (**scienter**) Rankin v. Howard (9th cir 1980), Smith v. Vasquez (9th cir 1981),

17

1  Beard v. O'Dall (9th cir 1983), Toeler v. First Wyoming Bank (9th cir 1983),
2  Harweston v. Gabico (9th cir 1983) and Nelson v. Neeley (9th cir 1988).
3
4  Plaintiffs reallege that defendants and their state defense counsels, once
5  again are trying to subvert judicial process from their own timing, **foreclosing the**
6  **need for a jury trial** of the aggrieved plaintiffs' claims and their **long neglected**
7  **substantial constitutional grievances**, from reaching a jury trial (outrageous
8  and reprehensible conduct) Phiffer v. Pairmount Motor Home (9th cir 1980),
9  Speckman v. Good (9th cir 1966), Peace v. Andrews (9th cir 1978). Also see
10  Norton v. Little (9th cir 1980) and, Pacific Legal Foundation v. Energy Resources
11  (9th cir 1981).
12
13  Plaintiffs further allege that defendants and their own viciously influential
14  state counsels, pursuant to over three continued decades of mockery, columney
15  and obstruction of justice, once again are trying, to approach, to importune and to
16  defile this court, in order to tamper with the adminstration of justice in a manner
17  indisputably sham. The type of conduct engaged by defendants was not and is
18  not and never will be protected by the executive immunity or qualified immunity
19  or any statute or immunity for that matter U.S. v. Wilson (1986). Specifically,
20  defendants police officers reports are replete with misrepresentaion, falsification
21
22  and concealment of material facts, issues, law and evidence, proven to be
23  retaliatory and utterly hostile, and saturated with malice, fraud and oppression.
24  However, defendants once again are trying to force this court into believing that
25  no matter what they did in this case and no matter how serious those crimes are,
26  they somehow are entitled to some invented immunity for their tortuous act. But,
27  defendants can not anymore construct a fortress of soverign immunity to retreat
28

18

1  in or hide behind its' walls, as there is no such immunity for defendants' own
2  **massive unconstitutional acts. Also, under the law, malice negativates**
3  **any qualified immunity defense**. Defendants did not and cannot pass the **post**
4  **Harlow Qulaified Immunity Test**. Moreover, defendants saying that they did not
5  
6  commit the alleged crimes, is not enough. Both the defendants and the plaintiffs
7  must be given the opportunity to present their claims and/or defenses for
8  determination to the fact finder. The **VII Amendment to constitution states that**
9  **"the jury right of individuals must be preserved and to remain inviolate."**
10 See, the Common Nucleous of Operative Facts under Sommers v. Tice (1983).
11
12                                **Conclusion**
13    Plaintiffs in pro per, pro se allege that they have both **legal and statutary**
14 **rights**, as well as an "**equitable**" **right** and **substantial interest and stake** in
15 the outcome of these litigation, therefore plaintiffs pray for relief as stated below:
16
17  1.  For order granting the plaintiffs' opposition, and denying the defendants' notice of motion and motion and their related points and authorities and their order form to dismis plaintiffs actions (two separate actions).
18
19  2.  For order denying the defendants' motion to strike the plaintiffs' **demands** among other things, **for exemplary punitive and preventive damages** against defendants. The Congressional provisions and the language of the constitution, is this regard is clear and the pro se plaintiffs are fully entitled to such remedies.
20
21
22
23  3.  For order that defendant Erik J. Vizcaino and, the defendants SFPD Peter Walsh, and NPD Robert Douglas, Richard Lopez and William Shaffer be subjected to a lie detector (**polygraph**) tests, for their deliberate and evidently unlawful misrepresentation and falsification (columny).
24
25  4.  For order **barring defendants** and the state defense counsels, from ever Introducing any defense under soverign or qualified immunity or any immunity for tht matter, in this case in this court in future.
26
27
28

5.     For order that counsels fully cooperate in the **discovery matters** and, to comply with any **discovery order** issued by this court (past or present). And, for order to **compel compliance** with any such discovery order, and for <u>imposition of disciplinary and moneytary sanctions</u> against defendants and their counsel(s) found to have become **contemptuous** of any such discovery rules, laws and orders.

    Finally, the plaintiffs' First Amended Complaint, the original and their instant Opposition to Defendants' Notice and Motion to Dismiss and, to Strike both have been prepared by the unrepresented plaintiffs, without the assistance of a competent counsel and, under the most dire, untoward and indescribable conditions and hardship. Therefore, the plaintiffs do hereby seek the leave of Court, to further amend, to correct or to change the plaintiffs' First Amended Complaint and their instant Motion of Opposition to defendants' N. and M. and Motion to strike plaintiffs' request for order for exemplary punitive and preventive damages, as the information become available or ascertainable.

### VERIFICATION

The undersigned plaintiffs hereby declare under penalty of perjury under the laws of the State of Caliofrnia, that the foregoing is true and correct and, that Plaintiffs' Notice and Motion of Opposition was executed on the 5th day of August, 2008, in the City and County of Marin, State of California.

Respectfully Submitted:
Plaintiffs in pro per, pro se:

_/s/ Amir H. Shervin_                                        _/s/ Shirin N. Shervin_
Amir H. Shervin                                                  Shirin N. Shervin