1  Clyde A. Thompson, SBN 72920
   Benjamin A. Thompson, SBN 236590
2  HAAPALA, THOMPSON & ABERN, LLP
   1939 Harrison Street, Suite 800
3  Oakland, California 94612
   Tel:    510-763-2324
4  Fax:    510-273-8570

5  Attorneys For Defendant
   COUNTY OF ALAMEDA
6  (sued erroneously as "SANTA RITA CITY JAIL")

7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

10 AMIR H. SHERVIN and SHIRIN N.      ) Case No.:  C08-1631 VRW
   SHERVIN, et al.,                   )
11                                    ) **DEFENDANT COUNTY OF ALAMEDA'S**
                  Plaintiffs,         ) **NOTICE OF MOTION AND MOTION TO**
12                                    ) **DISMISS PLAINTIFFS' FIRST**
          vs.                         ) **AMENDED COMPLAINT**
13                                    )
   CITY OF NEWARK AND NEWARK CITY )
14 POLICE DEPARTMENT, ROBERT          ) **Date:          October 9, 2008**
   DOUGLAS, RICHARD LOPEZ, WILLIAM )   **Time:          2:30 p.m.**
15 SHAFFER, ET AL., AND THEIR         ) **Courtroom:     6, 17th Floor**
   SUPERVISORS; CITY OF SAN           )
16 FRANCISCO POLICE DEPARTMENT        )
   PETER WALSH, ET AL, AND THEIR      )
17 SUPERVISORS, THE SANTA RITA CITY )
   JAIL, ET AL., AND THEIR SUPERVISORS, )
18 THE CITY OF SAN FRANCISCO OFFICE )
   OF SENATOR BARBARA BOXER, ERIK J. )
19 VIZCAINO, ET AL., AND THEIR        )
   SUPERVISORS CONSPIRATORS AND       )
20 COCONSPIRATORS, DOES A TO Z (1 TO )
   100),                              )
21                                    )
                  Defendants.         )
22 _____ )

23        PLEASE TAKE NOTICE THAT on **October 9, 2008, at 2:30 p.m.,** in Courtroom 6,

24 17th Floor, of the United States District Court, 450 Golden Gate Avenue, San Francisco,

25 California, 94102, Defendant COUNTY OF ALAMEDA (hereinafter Alameda County)

26 [erroneously sued herein as "SANTA RITA JAIL"] will and hereby does move the Court for an

27 order granting dismissal of plaintiffs' First Amended Complaint pursuant to Federal Rule of

28

                                      1

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

1  Civil Procedure 12(b)(6). Alternatively, Defendant Alameda County moves the Court to require

2  a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

3  Plaintiffs' First Amended Complaint seeks to cast a wide net over many diverse

4  defendants by alleging violations of voluminous criminal and civil laws. Plaintiffs are

5  apparently seeking redress for perceived wrongs that took place over a timeframe of "over three

6  decades." (FAC page 5 of 18, line 2) Plaintiffs filed their First Amended Complaint without

7  seeking leave of the Court, or written stipulation from Alameda County, in violation of Federal

8  Rule of Civil Procedure 15(a)(2).

9  Plaintiffs have neither standing, nor any other legal authority to prosecute many of their

10  claims. Defendant Alameda County moves the Court to strike impertinent claims pursuant to

11  Federal Rule of Civil Procedure 12(f). Of the claims plaintiffs theoretically have standing to

12  assert, their factual allegations are insufficient to support the respective claims. Accordingly,

13  Defendant Alameda County moves the Court to dismiss the Complaint pursuant to Federal Rule

14  of Civil Procedure 12(b)(6).

15  Said Motion will be based on this Notice, the Memorandum of Points and Authorities,

16  the allegations of plaintiffs' Complaint and First Amended Complaint, the papers and records on

17  file herein, and on such oral and documentary evidence as may be presented at the hearing of

18  the motion.

19  Dated: August 27, 2008

20  HAAPALA, THOMPSON & ABERN, LLP

21

22

23  By:___/s/ Benjamin A. Thompson_____
        Benjamin A. Thompson
24      Attorneys For Defendant
        COUNTY OF ALAMEDA

25

26

27

28

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

2

*Shervin, et al. v. City of Newark, et al./*Case #C08-01631 VRW
Defendant County Of Alameda's Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.  PROCEDURAL POSTURE**

3  **A.    Complaint Filed January 31, 2008**

4    A complaint was filed on behalf of Amir Shervin in the Superior Court of California in

5  the Alameda County on January 31, 2008.  The complaint presents two 42 U.S.C. §1983

6  excessive use of force claims for relief.

7    Named defendants included:   City of Newark, California; Robert Douglas; Richard

8  Lopez; and William Shaffer.  Plaintiff alleged defendants used excessive force during the course

9  of his arrest on December 7, 2006.

10    No mention of Santa Rita Jail, or any other Alameda County facility or representative is

11  made in the complaint.

12  **B.    First Amended Complaint Filed July 29, 2008**

13    Plaintiffs Amir and Shirin Shervin filed their First Amended Complaint on

14  July 29, 2008.  In violation of Federal Rule of Civil Procedure 15(a)(2), plaintiffs added

15  Defendant Alameda County without seeking leave of the Court or written stipulation.  As

16  addressed below, plaintiffs' First Amended Complaint has no legal effect on Alameda County.

17    The First Amended Complaint vaguely alleges violations of an array of civil and

18  criminal statutes.  Plaintiffs cite statutes predominantly articulated in the following United

19  States Code sections:  Title 18 – Crimes and Criminal Procedure, Title 28 – Judiciary and

20  Judicial Procedure, and Title 42 – The Public Health And Welfare.  The overwhelming majority

21  of the respective statutes do not contemplate civil relief.

22    With the exception of page 3, line 13, plaintiffs incorporate their original complaint by

23  reference.  Neither the original complaint, nor the newly pled facts covering a timeframe of

24  "over three decades," mentions Santa Rita Jail or any other Alameda County facility or

25  representative.  (FAC page 5 of 18, line 2)

26    Plaintiffs first mention "SANTA RITA JAIL AND THEIR SUPERVISORS" in

27  paragraph twenty-seven on page fourteen of their First Amended Complaint. (FAC page 14 of

28  18)  Plaintiffs allege Santa Rita Jail caused them harm: "For participating in defendants SFPD

3

1  and NPD (Newark) concerted and conspiratorial action, and by aiding and abetting said criminal

2  defendants' own multiple conspiracies and malice, fraud and oppression." Id.  Plaintiffs allege

3  Santa Rita Jail is liable for "detaining plaintiff without due process and equal protection of law."

4  (FAC page 14 of 18, line 7)

## II.  ARGUMENT

**A.    Plaintiffs Named Santa Rita Jail In Their First Amended Complaint In Violation Of Federal Rule of Civil Procedure 15(a)(2)**

8        Defendant Alameda County was first named, albeit erroneously, in plaintiffs' First

9  Amended Complaint.  Federal Rule of Civil Procedure 15(a)(2) requires leave of the Court, or

10  written stipulation from the opposing party, to add a new party via such an amendment.  For

11  want of compliance with Federal Rule of Civil Procedure 15(a)(2), plaintiffs' amended

12  complaint has no legal effect on Alameda County, which thereby has no duty to respond to

13  plaintiffs' allegations.

**B.    Impertinent Criminal And Civil Allegations Should Be Struck From Plaintiffs' Pleadings Pursuant To Federal Rule of Civil Procedure 12(f)**

16        Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an

17  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  In the

18  first paragraph of plaintiffs' First Amended Complaint, plaintiffs vaguely allege violations of an

19  array of criminal and civil statutes.  (See FAC paragraph 1, pages 1-2 of 18)  All of the

20  respective criminal statutes, and many of the respective civil statutes, do not contemplate either

21  private enforcement or claims for relief by private persons.

22        With the exception of 42 U.S.C. § 1983, Alameda County moves the Court to strike all

23  alleged bases of liability in plaintiffs' First Amended Complaint.  The standing inquiry requires

24  careful judicial examination of a complaint's allegations to ascertain whether the particular

25  plaintiff is entitled to an adjudication of the particular claims asserted.  Allen v. Wright, 468

26  U.S. 737, 752, 104 S.Ct. 3315, 3325 (1984).  Plaintiffs are without standing, or any appropriate

27  authority, to litigate matters raised in their First Amended Complaint.  Their allegations are

28  impertinent and confuse the issues to be litigated.

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

4

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1  **C.    Plaintiffs' First Amended Complaint Should Be Dismissed Because It Lacks
2     Sufficient Factual Allegations To Support A Claim For Conspiracy To Violate
       Civil Rights Pursuant To 42 U.S.C. § 1985 Against Alameda County.**

3  "To state a claim for a conspiracy to violate one's constitutional rights under section

4  1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."

5  See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).  In other words, the plaintiff

6  may not rely on conclusory allegations to plead the existence of a conspiracy among the

7  defendants; the plaintiff is required to allege specific facts supporting the existence of an

8  agreement between the defendants to deprive the plaintiff of his or her civil rights.  Id.  See also

9  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004).

10  Plaintiffs' conspiracy allegations rely exclusively on prohibited conclusory allegations.

11  In their First Amended Complaint plaintiffs allege Santa Rita Jail:  "participat[ed] in defendants

12  SFPD and NPD (Newark) concerted and conspiratorial action, and by aiding and abetting said

13  criminal defendants' own multiple conspiracies with malice, fraud and oppression."  (FAC page

14  14 of 18, lines 3-6)  Plaintiffs do not allege any facts supporting the existence of an agreement

15  to deprive plaintiffs of their civil rights.  Plaintiffs' allegations in this regard are entirely

16  conclusory.  As such, the First Amended Complaint does not state a claim for conspiracy to

17  violate civil rights pursuant to 42 U.S.C. § 1985, and should be dismissed pursuant to Federal

18  Rule of Civil Procedure 12(b)(6).

19  **D.    Plaintiff's Minimal And Conclusory Allegations Are Insufficient To State A
       Claim For Relief Against Alameda County Under 42 U.S.C. §1983.**
20

21  In order to state a claim for a violation of constitutional rights under 42 U.S.C. §1983,

22  the plaintiffs' First Amended Complaint must contain more than "minimal and conclusory

23  allegations."  See Dumas v. Kipp, 90 F.3d 386, 392-93 (9th Cir. 1996) (dismissing Section 1983

24  claim alleging deprivation of free speech rights and retaliatory discharge for failure to allege

25  sufficient facts to support the claims).  A plaintiff must allege the facts of his claim with enough

26  specificity to demonstrate that he has a legal claim for relief, and to place the defendants on

27  notice of that claim.  Id.  See also Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097

28  (9th Cir. 2008) ("the plaintiff must 'give the defendant fair notice of what the ... claim is and the

5

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1   grounds upon which it rests'") (quoting <u>Bell Atl. Corp. v. Twombly</u>, --- U.S. ----, 127 S.Ct.

2   1955, 1965, 167 L.Ed.2d 929 (2007).  While very detailed factual allegations are not required,

3   the alleged facts must be specific enough "to raise a right to relief above the speculative level."

4   <u>Bell</u> at 127 S.Ct. 1965.

5          Plaintiffs set forth no facts concerning municipal liability for Alameda County.  <u>See</u>

6   <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018

7   (1978).  As such, plaintiffs have not alleged facts sufficient to raise their right to relief above the

8   speculative level.  Without these very basic allegations, the Complaint does not state a claim for

9   relief under 42 U.S.C. § 1983.

10         In sum, plaintiffs' First Amended Complaint as currently pled is wholly inadequate to

11  place Alameda County on notice of the factual and legal basis underlying plaintiffs' claim for

12  relief.  As such, plaintiffs' First Amended Complaint should be dismissed pursuant to Federal

13  Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

14  Alternatively, plaintiffs should be ordered to file a more definite statement pursuant to Federal

15  Rule of Civil Procedure 12(e), as their claims are so vague and ambiguous as currently pled that

16  Alameda County can only speculate as to how to proceed with a defense of such claims.

17  **E.      Plaintiffs' Claims Are Barred By The Statute Of Limitations**

18         An additional ground for dismissal is that plaintiffs' claims are barred by the applicable

19  statute of limitations.  Plaintiffs are seeking redress for perceived wrongs that took place over a

20  timeframe of "over three decades."  (FAC page 5 of 18, line 2)  Plaintiffs do not specify when

21  during this timeframe they sustained perceived wrongs at Santa Rita Jail.

22         Because 42 U.S.C. § 1983 does not contain a statute of limitations, federal courts apply

23  the forum state's statute of limitations for personal injury claims.  <u>See</u> <u>Johnson v. State of</u>

24  <u>Cal.</u>, 207 F.3d 650, 653 (9th Cir. 2000).  The California Code of Civil Procedure § 335.1

25  provides a period of two years from the time of accrual for a civil action to be commenced.

26  Because plaintiffs cannot bring claims for relief occurring beyond the two year period permitted

27  by the California statute of limitations, their claims should be dismissed pursuant to Federal

28  Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

*Shervin, et al. v. City of Newark, et al./*Case #C08-01631 VRW
Defendant County Of Alameda's Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1      **III. CONCLUSION**

2      For all of the reasons expressed herein, Defendant Alameda County respectfully moves

3   the Court to strike plaintiffs' First Amended Complaint for failure to comply with Federal Rule

4   of Civil Procedure 15(a)(2).  Defendant moves the Court to dismiss plaintiffs' First Amended

5   Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule

6   of Civil Procedure 12(b)(6).  Alternatively, defendant moves the court to require a more definite

7   statement pursuant to Federal Rule of Civil Procedure 12(e).  Defendant Alameda County

8   moves the Court to strike impertinent claims from plaintiffs' First Amended Complaint pursuant

9   to Federal Rule of Civil Procedure 12(f).

10  Dated:  August 27, 2008

11                          HAAPALA, THOMPSON & ABERN, LLP

12

13

14                          By:    /s/ Benjamin A. Thompson
                                   Benjamin A. Thompson
15                                 Attorneys For Defendant
                                   COUNTY OF ALAMEDA
16

17

7

*Shervin, et al. v. City of Newark, et al./*Case #C08-01631 VRW
Defendant County Of Alameda's Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

**<u>PROOF OF SERVICE</u>**

Laura C. M. Dobbins certifies and declares as follows:

I am employed in the County of Alameda, State of California.  I am over the age of 18 years, and not a party to this action.  My business address is 1939 Harrison Street, Suite 800, Oakland, California, 94612-3527.

On August 27, 2008, I served the foregoing document described as **DEFENDANT COUNTY OF ALAMEDA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**  on pro per plaintiffs who are non-registered electronic filers, in the manner set forth below.

☐ **By Facsimile:**  By personally transmitting a true copy of the document(s) via an electronic facsimile machine maintained at 510-273-8570, at _____ a.m./p.m., to the numbers listed below.  The transmission was reported as complete and without error.  I caused said facsimile machine to print a transmission report, a copy of which is attached to the original of this proof of service.

☐ **By Electronic Mail:**  By personally transmitting a true copy of the document(s) via an electronic mail account maintained at the law firm of Haapala, Thompson & Abern, LLP, between the hours of 8:00 a.m. and 5:00 p.m., to the e-mail address listed below.  The transmission was reported as complete and without error.

☐ **By Messenger Service:**  By arranging for said document(s) to be picked up by an agent for One Hour Delivery to be delivered on the date set forth below, to the address set forth below.

☒ **By Mail:**  By placing the document(s) listed above in an envelope addressed as set forth below, with postage thereon fully prepaid, in the United States mail at Oakland, California.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business with postage fully prepaid.

☐ **Overnight Delivery:**  By placing the document(s) in an envelope designated by United Parcel Service ("UPS"), an express service carrier, for delivery by Next Day Service for which delivery fees were paid or provided, with said envelope addressed as set forth below.  I deposited the envelope in a box or other facility regularly maintained by UPS, or delivered to a courier or driver authorized by said express service carrier to receive documents.

Dr. Amir H. Shervin                                    Plaintiffs In Pro Per
And Shirin N. Shervin
1 Muroc Lake Dr., #125
Novato, CA 94949
Tel:    415-234-6367

/

Proof of Service/Pg. 1

*Shervin, et al. v. City of Newark, et al./*Case #C08-01631 VRW
Defendant County Of Alameda's Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint

1    I declare under penalty of perjury under the laws of the State of California that the above

2   is true and correct.  Executed on August 27, 2008, at Oakland, California.

3                                                     *Laura C. M. Dobbins*

4                                                     _____
                                                      Laura C. M. Dobbins

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

Proof of Service/Pg. 2

*Shervin, et al. v. City of Newark, et al./*Case #C08-01631 VRW
Defendant County Of Alameda's Notice Of Motion And Motion To Dismiss Plaintiffs' First Amended Complaint