1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  KIMBERLY A. BLISS, State Bar #207857
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3861
6  Facsimile:    (415) 554-3837
   E-Mail:       kimberly.bliss@sfgov.org
7
   Attorneys for Defendants CITY AND COUNTY OF
8  SAN FRANCISCO[1] AND PETER WALSH

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12 | AMIR H. SHERVIN AND SHIRIN N. SHERVIN, | Case No. 08-01631 VRW
13 |                                        |
14 |           Plaintiffs,                  | **DEFENDANTS PETER WALSH AND THE CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PROCESS AND SERVICE**
15 |    vs.                                 |
16 | CITY OF NEWARK AND NEWARK CITY POLICY DEPARTMENT, ROBERT DOUGLAS, RICHARD LOPEZ, WILLIAM SHAFFER ET AL., AND THEIR SUPERVISORS; CITY OF SAN FRANCISCO AND SAN FRANCISCO POLICE DEPARTMENT, PETER WALSH ET AL., AND THEIR SUPERVISORS, THE SANTA RITA CITY JAIL, ET AL., AND THEIR SUPERVISORS, THE CITY OF SAN FRANCISCO OFFICE OF SENATOR BARBARA BOXER, ERIK J. VIZCAINO, ET AL., AND THEIR SUPERVISORS, CONSPIRATORS AND COCONSPIRATORS, DOES A TO Z (1 TO 100), | Hearing Date:  January 22, 2009
   |                                        | Time:          2:30 p.m.
   |                                        | Place:         Courtroom 6
   |                                        |                17th Floor
   |                                        |
   |                                        | Trial Date:    None set
25 |           Defendants.                  |

26 ─────────────────────────────
27   [1] Erroneously sued herein as separate legal entities "City of San Francisco" and "San Francisco Police Department."
28

CCSF/WALSH MOT. TO DISMISS 1ST AM. COMPL.        1        n:\lit\li2008\090221\00506843.doc
CASE NO. C08-CV-01631 VRW

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS IN PRO PER:**

**PLEASE TAKE NOTICE** that on January 22, 2009, at 2:30 p.m. in the above-entitled court, defendants City and County of San Francisco and Peter Walsh will move pursuant to Federal Rule of Civil Procedure Rule 12(b)(4) & (5) for an order dismissing Plaintiffs' First Amended Complaint. Defendants base their motion on this Notice and the accompanying Memorandum of Points and Authorities, the Declaration of Kimberly Bliss, with attached exhibits, the pleadings and papers on file in this action, and on such argument as may be heard.

Defendants move the Court to enter an order dismissing the First Amended Complaint as to the City and County of San Francisco and City employee Peter Walsh on grounds that Plaintiff did not properly serve the City or Mr. Walsh with the Summons and First Amended Complaint in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

*Pro per* plaintiffs Amir H. Shervin and Shirin N. Shervin continue to complain to the Courts over their accumulated grievances of the last twenty years. Plaintiff Amir Shirvin has a long history of suing the City and its police officers without success.

Last month, Plaintiffs purportedly served a copy of their latest lawsuit by simply mailing a copy of the Summons (addressed to Defendant Peter Walsh), a Proof of Service and their (improperly filed) First Amended Complaint to the SFPD's Legal Division office. Because mailing a copy of the Summons and complaint to the SFPD does not constitute proof of service on either Defendant Walsh or the City and County of San Francisco, Defendants bring this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

## PROCEDURAL HISTORY

Plaintiffs filed their First Amended Complaint on July 29, 2008, apparently without leave of Court as required by F.R.C.P. 15(a)(2). *See* Declaration of Kimberly Bliss In Support Of Motion To Dismiss (Bliss Decl.) ¶1 & Ex. A ("Docket"), No. 27. Summonses were issued by the Clerk that same day. Docket Nos. 28-30. On or around August 12, 2008, the SFPD Legal Division received a copy of a Summons addressed to "Peter Walsh / SFPD / 850 Bryant St, Rm 575 / San Francisco, CA 94013" by mail. Bliss Decl. ¶ 2 & Ex. B. The summons does not list the City and County of San Francisco as a party to this action, and does not name any other individual SFPD employees. *Id.*, Ex. B at 1.

## ARGUMENT

The Court should dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to properly serve individual City employee Peter Walsh, and pursuant to FRCP 12(b)(4) and (b)(5) for insufficient process and service of process on the City.

**I. THE COURT MAY DISMISS, OR IN THE ALTERNATIVE, QUASH SERVICE BASED ON PLAINTIFF'S INSUFFICIENT SERVICE OF PROCESS.**

A defendant may move for dismissal for insufficient service of process. Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(5); *Lamm v. Bumbo et al.*, 2008 WL 2095770 (N.D.Cal. May 14, 2008). Plaintiff bears the burden of establishing that service was valid under FRCP Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "When granting a Rule 12(b)(5) motion, federal courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." *Lamm*, 200 WL 2095770 at *10 (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1354, 348).

**II. SERVICE ON INDIVIDUAL DEFENDANT PETER WALSH WAS NOT PROPER.**

Plaintiffs' Proof of Service purports to have served individual City employee Peter Walsh by mailing the Summons and Complaint an office within the SFPD at its headquarters at 850 Bryant Street. *See* Bliss Decl. Ex. B. To serve an individual defendant, however, FRCP 4(e) requires:

1) service in compliance with state law; 2) personal service; 3) leaving a copy of the summons and complaint at the individual's home with a someone of suitable age or discretion; or 4) delivering a copy to an agent authorized by appointment or law to receive service of process. *See* Fed. R. Civ. Proc. 4(e)(2); Cal. Code Civ. Proc. §415.10. *See also* Cal. Code Civ. Proc §415.20 (allowing other methods of service that do not include merely mailing the summons and complaint to an individual's place of employment). While C.C.P. section 415.20(a) provides for "substituted service" by which a summons and complaint may be left at a defendant's place of business, there are further requirements that the process server: 1) personally deliver and inform the individual receiving service of the contents of the papers; and 2) subsequently mail the same documents to the person to be served at the same address. Plaintiff's proof of service is devoid of any reference to these requirements. Consequently, service on Defendant Walsh was improper, and the Court should dismiss this action as to Defendant Walsh. (Alternatively, Defendant Walsh requests that the Court quash Plaintiff's purported service on him.)

### III. IN THE EVENT PLAINTIFFS CLAIM TO HAVE SERVED THE CITY (OR THE "SFPD"), SUCH SERVICE WAS ALSO IMPROPER.

It is unclear whether Plaintiffs purport to have also served the City and County of San Francisco or the "SFPD." To begin with, the SFPD is not a separate legal entity from the City, and so, the City is the only proper defendant. *See* City and County of San Francisco, Charter (1996), Article IV (Executive Branch—Boards, Commission and Departments), Section 4.100 and Section 4.127 (defining the SFPD as a department within the Executive Branch of the City and County of San Francisco); *see also Bauer v. County of Ventura*, 45 Cal. 2d 276, 288-289 (1955); *Hovd v. Hayward Unified School District,* 74 Cal. App. 3d 470 (1977).

Federal Rule 4(j) provides that a municipal corporation or any other state-created governmental organization must be served by: 1) serving its chief executive officer; or 2) serving the summons and complaint in accordance with state law. California Code of Civil Procedure section 416.50(a) specifically provides that service on a public entity may be effected "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." The City's Charter also provides that the City may be served by serving the

Office of the Mayor. *See* Charter of the City and County of San Francisco, Art. III, § 3.100 ("The Mayor shall enforce all laws relating to the City and County, and accept service of process on its behalf."). Thus, the City may be served by delivering the summons and complaint to the Office of the Mayor or to the Clerk of the Board of Supervisors. Here, Plaintiffs merely mailed a copy of the Summons and Amended Complaint to an the Legal Division of the SFPD.

Moreover, even if service on the City were proper, the case should be dismissed as to the City pursuant to F.R.C.P. 12(b)(4) for insufficient process. Federal Rule of Civil Procedure 4(a) requires that the summons name the parties to the action. Fed R. Civ. Proc. 4(a). In turn, Rule 4(c)(1) requires service of the summons and the complaint in order to effect service. Here, the summons served with the Complaint does not name the City and County of San Francisco as a defendant as mandated by the Federal Rules. Bliss Decl. ¶2 & Ex. B at 1 (Summons). It is defective on its face.

Accordingly, the City should be dismissed. (Alternatively, the City asks the Court to quash service.)

## CONCLUSION

The Court should dismiss the First Amended Complaint against Defendant Peter Walsh and the City and County of San Francisco for failure to properly serve those parties.

Dated:   September 3, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
KIMBERLY A. BLISS
Deputy City Attorney


By:        /s/  Kimberly A. Bliss
     KIMBERLY A. BLISS

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO AND PETER WALSH

# PROOF OF SERVICE

I, FOLASHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On September 3, 2008, I served the attached:

**DEFENDANTS PETER WALSH AND THE CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PROCESS AND SERVICE**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Dr. Amir H. Shervin<br>1 Muroc Lake Dr., #125<br>Novato, CA 94949<br><br>Tel: 415-234-6367<br>PRO SE PLAINTIFF | Shirin N. Shervin<br>1 Muroc Lake Dr., #125<br>Novato, CA 94949<br><br>Tel: 415-234-6367<br>PRO SE PLAINTIFF |

and served the named document in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 3, 2008, at San Francisco, California.

/s/ FOLASHADE ADESANWO
FOLASHADE ADESANWO