IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMIR SHERVIN and SHIRIN SHERVIN,          No   C 08-1631 VRW

    Plaintiffs,                             ORDER

    v

CITY OF NEWARK, et al,

    Defendants.

_____/

    On October 17, 2008, the court received a letter from the United States Attorney requesting clarification of a passage in the court's order denying plaintiffs' motion for default judgment against Erik J Vizcaino. Doc #72. In the order, the court wrote:

> because it appears that Vizcaino is a United States employee being sued in an individual capacity for an act occurring in connection with duties performed on behalf of the United States, Doc #27 at 3 ¶6, under FRCP 12(a)(3), he has sixty days after the time he and the United States Attorney are properly served in which to serve an answer or file a motion to dismiss.

Doc #70.

    The United States Attorney writes that "the use of the

phrase 'individual capacity' appears to have been an inadvertent error * * *." Doc #72. It was not an error. While plaintiffs' first amended complaint was not a model of clarity, its factual allegations involving Vizcaino, Doc #27 at 10, suggest that he is being sued not "only in an official capacity," and therefore that Vizcaino must respond to the complaint within the time set by FRCP 12(a)(3) rather than that set by FRCP 12(a)(2).

      Regardless, the court fails to see why the individual capacity/official capacity distinction matters at this point in the litigation. Plaintiffs' motion was denied because plaintiffs did not file valid proof of service of the first amended complaint. The language in the court's order regarding Rule 12 was intended merely to inform plaintiffs that government defendants have sixty days to respond once service is perfected.

      IT IS SO ORDERED.

VAUGHN R WALKER  
United States District Chief Judge